UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**NIGHT BOX FILED**

AUG 2 5 2006

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

MARK J. GAINOR,

    Plaintiff,

v.

CASE NO.: 06-21748-Civ-Martinez

SIDLEY, AUSTIN, BROWN & WOOD, LLP,

    Defendant.

_____/

## JOINT SCHEDULING REPORT

Pursuant to Local Rule 16.1.B of the Southern District of Florida, a meeting was held on via telephone conference[1] on August 3, 2006, and was attended by:

| Name | Counsel for: |
| --- | --- |
| Richard Benjamin Wilkes | Plaintiff |
| Jonathan Altman | Defendant |
| Aaron May | Defendant |
| Julie Cantor | Defendant |

1. The Parties agree that settlement is **likely**.

2. The Parties agree that the appearance of additional parties is **unlikely**.

3. Time limits:

   a. The Parties propose that the time to join other parties and to amend pleadings shall occur by or before **January 31, 2007**.

   b. The Parties propose that all summary judgment, *Daubert* and other dispositive motions shall be filed by **January 31, 2008**; and

   c. The Parties propose that discovery shall be completed by **October 31, 2007**.

4. Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment:

---

[1] In an Order dated August 7, 2006, the court agreed to allow the parties to meet telephonically – an exception to paragraph 4 of its July 21, 2006 Order, which required an in-person meeting.

>   **The parties have agreed and propose to simplify issues by having counsel for the Parties meet, either in person or by phone, within 6 months to attempt to draft a stipulation of undisputed facts and to specifically identify issues for trial. The Parties propose that the deadline for filing of motions for summary judgment/partial summary judgment be <u>January 31, 2008</u>.**

5.  The necessity or desirability of amendments to the pleadings:

    **Plaintiff sees no need at this time to amend the pleadings; however, the case is not yet at issue and the Defendant has filed a Motion to Dismiss attacking the sufficiency of the pleadings.**

6.  Possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof, stipulations regarding authenticity of documents and the need for advance rulings from the Court on admissibility of evidence:

    **The Parties do not anticipate any issues pertaining to the authenticity of documents.**

7.  Suggestions for the avoidance of unnecessary proof and of cumulative evidence:

    **The Parties do not anticipate any issues pertaining to unnecessary proof or cumulative evidence.**

8.  Suggestions on the advisability of referring matters to a magistrate judge or master:

    **The Parties do not anticipate the need for the appointment of a Master. The Parties have given their consent to allow some matters to be referred to a magistrate judge.**

9.  Preliminary estimate of the time required for trial:

    **The Parties anticipate the trial will take 13 days.**

10. Requested date or dates for conferences before trial, a final pretrial conference and trial:

    (a)  **The Parties do not anticipate the need for a case management conference before the Court at this time.**

    (b)  **The Parties agree to be ready for a final pre-trial conference by <u>August 1, 2008</u>.**

    (c)  **The Parties agree to be ready for trial on <u>September 1, 2008</u>.**

11. Other information helpful to Court in setting the case for status or pretrial conference:

**None at this time.**

12. The Parties agree that the trial of this matter shall be by:

    **The Plaintiff has demanded a jury trial.**

13. Outline of the legal elements of each claim and defense raised by the pleadings (modeled on applicable pattern substantive jury instructions):

    **Plaintiff contends that the legal elements of his claims further to the subject jury instructions are as follows:**

    **Count I – Professional Malpractice**

    "In a suit against an attorney for negligence, the plaintiff must prove three things in order to recover: (1) The attorney's employment; (2) his neglect of a reasonable duty; and (3) that such negligence resulted in and was the proximate cause of loss to the client."
    Weiner v. Moreno, 271 So. 2d 217, 219 (Fla 3d DCA 1973), cited in Mayo v. Engel, 733 F.2d 807 (11th Cir. 1984) and Federal Deposit Insurance Corporation v. Stahl, 840 F Supp 124 (So. Dist. Fla. 1993).

    **Count II – Breach of Contract**

    "The elements of a breach of contract action are: (1) a valid contract; (2) a material breach; and (3) damages." Abbott Laboratories, Inc v. General Electric Capital, 765 So.2d 737, 740 (Fla. 5th DCA 2000); see also Perry v. Cosgrove, 464 So.2d 664, 667 (Fla. 2d DCA 1985).

    **Count III – Breach of Contract Implied in Fact**

    The elements of a cause of action for breach of a contract implied in fact under Florida law are: (1) an enforceable contract that is inferred in whole or in part from the parties' conduct, not solely from their words; (2) a material breach; and (3) damages. CDS and Associates of the Palm Beaches, Inc. v. 1711 Donna Road Associates, Inc., 743 So.2d 1223 (Fla. 4th DCA 1999); Abbott Laboratories, Inc v. General Electric Capital, 765 So.2d 737, 740 (Fla. 5th DCA 2000); Commerce Partnership 8098 Limited Partnership v. Equity Contracting Company, Inc., 695 So.2d 383 (Fla. 4th DCA 1997); Gem Broadcasting, Inc. v. Minker, 762 So.2d 1149 (Fla. 4th DCA 2000).

    **Count IV – Breach of Contract Implied in Law**

    The elements of a cause of action for breach of a contract implied in law under Florida law are: (1) the plaintiff has conferred a benefit on the defendant (in this case payment of hundreds of thousands of dollars); (2) the defendant has knowledge of the benefit; (3)

the defendant has accepted or retained the benefit conferred and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it. Commerce Partnership 8098 Limited Partnership v. Equity Contracting Company, Inc., 695 So.2d 383 (Fla. 4th DCA1997); CDS and Associates of the Palm Beaches, Inc. v. 1711 Donna Road Associates, Inc., 743 So.2d 1223 (Fla. 4th DCA 1999).

**Count V – Negligent Misrepresentation**

The elements of a claim of negligent misrepresentation under Florida law are: (1) a misrepresentation of a material fact; (2) the representor either knew of misrepresentation, made the misrepresentation without knowledge of its truth or falsity, or should have known the representation was false; (3) intent to induce reliance; (4) reliance on the representation; and (5) injury. Baggett v. Electricians Local 915 Credit Union, 620 So. 2d 784, 786 (Fla. 2d DCA 1993); Wallerstein v. Hospital Corp. of America, 573 So. 2d 9, 10 (Fla. 4th DCA 1990).

**Count VI – Fraudulent Misrepresentation**

The elements of a cause of action for fraud under Florida law are: (1) a misrepresentation or concealment of a material fact; (2) that the defendant knew the misrepresentation was false or understood the omission made other statements misleading, or acted with reckless disregard for truth or falsity; (3) intent to induce reliance; (4) reliance by the plaintiff; and (5) damage resulting from the reliance. C & J Sapp Pub. Co. v. Tandy Corp., 585 So. 2d 290, 292 (Fla. 2d DCA 1991); Greatland Gold, Inc. v. Berger, 617 So. 2d 870 (Fla. 2d DCA 1993); Kish v. A.W. Chesterton Co., 930 So. 2d 704 (Fla. 3rd DCA 2006); Telesphere Intern., Inc. v. Scollin, 489 So. 2d 1152 (Fla. 3rd DCA 1986); Eleventh Circuit Pattern Jury Instructions, State Claims Instruction 3.1.

**Count VII – Breach of Fiduciary Duty**

The elements of a claim for breach of fiduciary duty under Florida law are: (1) the existence of a fiduciary duty; (2) a breach of that duty; (3) proximate causation; and (4) damages. Gracey v. Eaker, 837 So. 2d 348 (Fla. 2002); Eleventh Circuit Pattern Jury Instructions, State Claims Instruction 3.3.

**Count VIII – Tortious Interference with an Advantageous Business Relationship**

The elements of a claim for tortuous interference with a business relationship under Florida law are: (1) the existence of a business relationship; (2) the defendant had knowledge of the relationship; (3) the defendant intentionally and unjustifiably interfered with the relationship; and (4) the plaintiff suffered damage as a result. Tamiami Trail Tours, Inc. v. J.C. Cotton, 463 So.2d 1126, 1127 (Fla.1985); Gregg v. U.S. Indus., Inc., 887 F.2d 1462, 1473 (11th Cir.1989); Alphamed Pharmaceuticals Corp. v. Arriva Pharmaceuticals, Inc. 432 F. Supp. 2d 1319 (So. Dist. Fla. 2006)

**Count IX – Violation of Florida's Civil RICO Statute**

The elements of a claim for RICO are: (1) the defendant's association with an "enterprise"; (2) that the defendant "knowingly" committed at least two of the predicate acts; (3) that the predicate acts formed a pattern by having the same or similar purposes, results, participants, victims, or methods of commission, or were otherwise interrelated by distinguishing characteristics so that they were not isolated events; (4) that the predicate acts amounted to, or threatened the likelihood of, continued criminal activity posing a threat of continuity projecting into the future; (5) that through the commission of the two or more connected predicate acts, the defendant conducted or participated in the conduct of the affairs of the "enterprise"; (6) that the "enterprise" was engaged in, or that its activities affected, interstate commerce; and (7) that the plaintiff was injured in its business or property as a proximate result of the defendant's commission of the pattern of racketeering activity. Eleventh Circuit Pattern Jury Instructions, Instruction 5.1 Civil RICO (18 USC § 1964(c)) General Instruction.

**The outline of defenses is premature at this time as the case is not yet at issue and the Defendant has not yet filed an Answer and Defenses, but the Defendant anticipates filing its outline of defenses within 20 days of filing an answer.**

14. The good faith estimate of the specific dollar valuation of actual damages and other relief at issue: **$14,113,761, plus interest, costs and attorneys fees.**

15. Variance from the discovery limitations imposed by Local Rule and/or Federal Rules of Civil Procedure and grounds supporting requested variance:

**Plaintiff believes that more than 10 depositions will be required because of the extensive number of witnesses. Defendant believes that no more than 10 depositions will be required. For now, the parties agree to follow Federal Rules and limit the number of depositions to 10 per party. The parties agree to meet and confer about additional depositions if and when the need for such depositions arises. The party requesting the additional deposition will identify the potential deponent and the purpose of the deposition at that conference. The parties also agreed that, for the time being, the length of depositions of the parties and their representatives and agents will be limited to two days of seven hours per day, for a total of 14 hours on the record. However, because more time may be needed for the depositions of the parties and their representatives and agents, the parties agree to confer further, after deposition discovery commences, to attempt to resolve this matter between themselves if either party does, in fact, need additional deposition time. The parties agree that the above-referenced limitation on the time for taking depositions will remain in effect until either the parties agree otherwise or until the Court enters an Order granting either party's motion to extend the time for such depositions.**

Date: 8/25/06

*[signature]*

**JONATHAN E. ALTMAN**
E-Mail: altmanje@mto.com
**MUNGER, TOLLES & OLSON, LLP**
355 South Grand Avenue
35th Floor
Los Angeles, CA 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5136
Attorneys for Defendant

_____
RICHARD BENJAMIN WILKES
Florida Bar No. 267163
**RICHARD BENJAMIN WILKES, P.A.**
600 South Magnolia Avenue
Suite 200
Tampa, Florida 33606
Telephone:   (813) 254-6060
Facsimile:   (813) 254-6088
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by first class U.S. Mail this 25th day of August, 2006, to:

Katherine W. Ezell, Esq.
Podhurst Orseck, P.A.
25 West Flagler Street, Suite 800
Miami, FL 33130

Jonathan E. Altman, Esq.
Aaron M. May, Esq.
Munger, Tolles & Olson, LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071

_____
Attorney

**Attachments to Joint Scheduling Report:**

Attachment A: Pretrial Deadlines and Trial Date

Attachment B: Election to Jurisdiction by a United States Magistrate Judge for Final Disposition of Motions

## Pretrial Deadlines and Trial Date

**DATE**

| | |
|---|---|
| October 9, 2006 | Parties shall exchange preliminary witness lists containing the names and addresses of all witnesses who may be called to testify at trial. |
| October 9, 2006 | Parties shall exchange a preliminary exhibit list containing all documents which may be used at trial. The parties shall immediately make available for inspection any document requested by the other party. |
| January 31, 2007 | Joinder of Additional Parties. |
| July 31, 2007 | Plaintiff to provide expert witness summaries and reports as required by Local Rule 16.1.K. |
| August 30, 2007 | Defendant to provide rebuttal expert witness summaries and reports as required by Local Rule 16.1.K. |
| September 15, 2007 | Defendant to provide expert witness summaries and reports as required by Local Rule 16.1.K. |
| October 15, 2007 | Plaintiff to provide rebuttal expert witness summaries and reports as required by Local Rule 16.1.K. |
| October 31, 2007 | All discovery, including expert discovery, shall be completed. |
| January 31, 2008 | All summary judgment, *Daubert*, and other dispositive motions must be filed. A minimum of eight weeks is required for the Court to review dispositive motions prior to filing of the joint pretrial stipulation. **If no dispositive motions are to be filed, clearly note this fact in the Joint Scheduling Report.** |
| May 30, 2008 | All Pretrial Motions and Memoranda of Law must be filed. |
| June 15, 2008 | A mediator must be selected. |
| July 31, 2008 | Joint Pretrial Stipulation must be filed. |
| August 1, 2008 | Mediation shall be completed. |



| | |
|---|---|
| August 1, 2008 | Parties shall exchange and file final witness lists containing the names and addresses of all witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify. |
| August 1, 2008 | Parties shall exchange and file an appropriate identification of each document or other exhibit that the party expect to offer or may offer at trial. |
| August 15, 2008 | Deposition designations must be filed. |
| August 15, 2008 | Proposed jury instructions and/or proposed findings of fact and conclusions of law must be filed. |
| August 30, 2008 | Resolution of all pre-trial motions by the Court. |
| September 1, 2008 | Beginning of Trial Period. |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARK J. GAINOR,

    Plaintiff,

v.                                CASE NO.: 06-21748-Civ-Martinez

SIDLEY, AUSTIN, BROWN & WOOD, LLP,

    Defendant.
_____/

**ELECTION TO JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE
FOR FINAL DISPOSITION OF MOTIONS**

    In accordance with the provisions of 28 U.S.C. §636(c), the undersigned parties to the above-captioned civil matter hereby jointly and voluntarily elect to have a United States Magistrate Judge decide the following motions and issue a final order or judgment with respect thereto:

1. Motion for Costs                        Yes __X__        No ____

2. Motions for Attorney's Fees           Yes __X__        No ____

3. Motions for Sanctions                  Yes __X__        No ____

4. Motions to Dismiss                      Yes _____        No __X*__

5. Motions for Summary Judgment       Yes _____        No __X*__

6. Other (specify) _____

*The parties are not at this time in a position to agree to disposition of dispositive motions by a U.S. Magistrate Judge.

8/25/06
(Date)                              (Signature – Defendant's Counsel)

EXHIBIT B

_____
RICHARD BENJAMIN WILKES
Florida Bar No. 267163
**RICHARD BENJAMIN WILKES, P.A.**
600 South Magnolia Avenue
Suite 200
Tampa, Florida 33606
Telephone:  (813) 254-6060
Facsimile:   (813) 254-6088
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by first class U.S. Mail this 25 day of August, 2006, to:

Katherine W. Ezell, Esq.
Podhurst Orseck, P.A.
25 West Flagler Street, Suite 800
Miami, FL 33130

Jonathan E. Altman, Esq.
Aaron M. May, Esq.
Munger, Tolles & Olson, LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071

_____
Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARK J. GAINOR,

    Plaintiff,

v.                                 CASE NO.: 06-21748-Civ-Martinez

SIDLEY, AUSTIN, BROWN & WOOD, LLP,

    Defendant.
_____/

**ELECTION TO JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE
FOR FINAL DISPOSITION OF MOTIONS**

    In accordance with the provisions of 28 U.S.C. §636(c), the undersigned parties to the above-captioned civil matter hereby jointly and voluntarily elect to have a United States Magistrate Judge decide the following motions and issue a final order or judgment with respect thereto:

1. Motion for Costs                       Yes __X__         No ____

2. Motions for Attorney's Fees        Yes __X__         No ____

3. Motions for Sanctions              Yes __X__         No ____

4. Motions to Dismiss                Yes _____         No __X*__

5. Motions for Summary Judgment    Yes _____         No __X*__

6. Other (specify)                   _____

*The parties are not at this time in a position to agree to disposition of dispositive motions by a U.S. Magistrate Judge.

8/25/06
(Date)                                (Signature – Defendant's Counsel)

RICHARD BENJAMIN WILKES
Florida Bar No. 267163
**RICHARD BENJAMIN WILKES, P.A.**
600 South Magnolia Avenue
Suite 200
Tampa, Florida 33606
Telephone: (813) 254-6060
Facsimile: (813) 254-6088
Attorneys for Plaintiff

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by first class U.S. Mail this 25 day of August, 2006, to:

Katherine W. Ezell, Esq.
Podhurst Orseck, P.A.
25 West Flagler Street, Suite 800
Miami, FL 33130

Jonathan E. Altman, Esq.
Aaron M. May, Esq.
Munger, Tolles & Olson, LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071

Attorney

## Pretrial Deadlines and Trial Date

**DATE**

| | |
|---|---|
| October 9, 2006 | Parties shall exchange preliminary witness lists containing the names and addresses of all witnesses who may be called to testify at trial. |
| October 9, 2006 | Parties shall exchange a preliminary exhibit list containing all documents which may be used at trial. The parties shall immediately make available for inspection any document requested by the other party. |
| January 31, 2007 | Joinder of Additional Parties. |
| July 31, 2007 | Plaintiff to provide expert witness summaries and reports as required by Local Rule 16.1.K. |
| August 30, 2007 | Defendant to provide rebuttal expert witness summaries and reports as required by Local Rule 16.1.K. |
| September 15, 2007 | Defendant to provide expert witness summaries and reports as required by Local Rule 16.1.K. |
| October 15, 2007 | Plaintiff to provide rebuttal expert witness summaries and reports as required by Local Rule 16.1.K. |
| October 31, 2007 | All discovery, including expert discovery, shall be completed. |
| January 31, 2008 | All summary judgment, *Daubert*, and other dispositive motions must be filed. A minimum of eight weeks is required for the Court to review dispositive motions prior to filing of the joint pretrial stipulation. **If no dispositive motions are to be filed, clearly note this fact in the Joint Scheduling Report.** |
| May 30, 2008 | All Pretrial Motions and Memoranda of Law must be filed. |
| June 15, 2008 | A mediator must be selected. |
| July 31, 2008 | Joint Pretrial Stipulation must be filed. |
| August 1, 2008 | Mediation shall be completed. |

2

| | |
|---|---|
| August 1, 2008 | Parties shall exchange and file final witness lists containing the names and addresses of all witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify. |
| August 1, 2008 | Parties shall exchange and file an appropriate identification of each document or other exhibit that the party expect to offer or may offer at trial. |
| August 15, 2008 | Deposition designations must be filed. |
| August 15, 2008 | Proposed jury instructions and/or proposed findings of fact and conclusions of law must be filed. |
| August 30, 2008 | Resolution of all pre-trial motions by the Court. |
| September 1, 2008 | Beginning of Trial Period. |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARK J. GAINOR,

    Plaintiff,

v.                                            CASE NO.: 06-21748-Civ-Martinez

SIDLEY, AUSTIN, BROWN & WOOD, LLP,

    Defendant.
_____/

## SERVICE LIST

Richard Benjamin Wilkes, Esq.
*Richard Benjamin Wilkes, P.A.*
600 South Magnolia Avenue
Suite 200
Tampa, FL 33606
Telephone:   (813) 254-6060
Facsimile:   (813) 254-6088
**Counsel for Plaintiff**

Katherine W. Ezell, Esq.
*Podhurst Orseck, P.A.*
25 W. Flagler Street, Suite 800
Miami, FL 33130
Telephone:   (305) 358-2800
Facsimile:   (305) 358-2382
**Local Counsel for Defendant**

Brad D. Brian, Esq.
Richard Drooyan, Esq.
Jonathan E. Altman, Esq.
Lisa J. Demsky, Esq.
Aaron M. May, Esq.
Julie Cantor, Esq.
*Munger, Tolles & Olson LLP*
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
Telephone:   (213) 683-9100
Facsimile:   (213) 683-5136
**Counsel for Defendant**