UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-21748-CIV-MARTINEZ

MARK J. GAINOR,

    Plaintiff,

v.

SIDLEY AUSTIN BROWN & WOOD, LLP,

    Defendant.

### DEFENDANT SIDLEY AUSTIN LLP'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 9(b) AND 12(b)(6)

1212764.5



Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346   |   www.podhurst.com

## TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................................ 1

II. DISCUSSION ............................................................................................................. 1

    A. Plaintiff's Fraud-Based Claims Do Not Satisfy Rule 9(b)'s Heightened Standards ........................................................................................................ 1

    B. Plaintiff's Claims Fail For Lack of Reliance Or Causation Because He Had No Communication With Brown & Wood Before He Entered Into The Tax Shelter ............................................................................................ 2

        1. Conclusory Allegations Of Reliance Or Causation Are Insufficient ................................................................................... 3

        2. Hypothetical "Other" Communications With Brown & Wood Do Not Save Plaintiff's Claims .................................................... 4

        3. Conclusory Allegations Of Agency Are Unacceptable In This Circuit ......................................................................................... 4

        4. Andersen's Purported Promise Of Opinion Letters And The Fulfillment Of That Promise Is Not A Basis For Holding Brown & Wood Liable ............................................................... 6

        5. Allegations In His Opposition Brief That Were Not Pled In His Complaint Cannot Defeat A Motion to Dismiss ....................... 7

    C. The Breach Of Oral Contract Claims Should be Dismissed Because Plaintiff Failed To Allege Breach Of An Express Term of the Purported Contract and Because They Are Duplicative Of The Professional Malpractice Claim ......................................................................................... 8

    D. Plaintiff's Tortious Interference Claim Is Fatally Flawed ............................ 8

    E. Plaintiff's Failure To Identify The Purported RICO Enterprise Requires Repleading ..................................................................................................... 9

III. CONCLUSION ......................................................................................................... 10

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

## TABLE OF AUTHORITIES

Page

**Federal Cases**

*Aldana v. Del Monte Fresh Produce, N.A., Inc.,*
416 F.3d 1242 (11th Cir. 2005) ................................................................................................ 3

*Beck v. Prupis,*
162 F.3d 1090 (11th Cir. 1998) ), *aff'd*, 529 U.S. 494 (2000) ................................................ 3

*Bill Buck Chevrolet, Inc. v. GTE Florida, Inc.,*
54 F. Supp. 2d 1127 (M.D. Fla. 1999), *aff'd*, 216 F.3d 1092 (11th Cir. 2000) ...................... 10

*Brooks v. Blue Cross and Blue Shield of Florida, Inc.,*
116 F.3d 1364 (11th Cir. 1997) ............................................................................................... 2

*Davila v. Delta Air Lines, Inc.,*
326 F.3d 1183 (11th Cir. 2003) ............................................................................................... 5

*Day v. Taylor,*
400 F.3d 1272 (11th Cir. 2005) ............................................................................................... 5

*Filler v. Hanvit Bank,*
247 F. Supp. 2d 425 (S.D.N.Y. 2003) ..................................................................................... 2

*Harrison Enters., Inc. v. Moran,*
1999 WL 1211753 (S.D. Fla. Aug. 30, 1999) ......................................................................... 9

*Jackson v. BellSouth Telecommc'ns,*
372 F.3d 1250 (11th Cir. 2004) ........................................................................................... 3, 9

*Jennings v. Emry,*
910 F.2d 1434 (7th Cir. 1990) ................................................................................................. 9

*Napier v. Bruce,*
2004 WL 1194747 (N.D. Ill., 2004) ...................................................................................... 10

*Oxford Asset Mgmt., Ltd. v. Jaharis,*
297 F.3d 1182 (11th Cir. 2002) ............................................................................................... 3

*Pierce v. Ritter, Chusid, Bivonia & Cohen,*
133 F. Supp. 2d 1344 (S.D. Fla. 2001) .................................................................................... 9

*PortionPac Chem. Corp. v. Sanitech Systems, Inc.,*
210 F. Supp. 2d 1302 (M.D. Fla. 2002) ................................................................................ 10

*Richmond v. Nationwide Cassel L.P.,*
52 F.3d 640 (7th Cir. 1995) ................................................................................................... 10

*Richter v. Sudman,*
634 F.Supp. 234 (S.D.N.Y. 1986) ......................................................................................... 10

*Schneider v. Cal. Dept. of Corr.,*
151 F.3d 1194 (9th Cir. 1998) ................................................................................................. 7

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346   www.podhurst.com

## TABLE OF AUTHORITIES
(continued)

Page

*Shibata v. Lim*,
   133 F. Supp. 2d 1311 (M.D. Fla. 2000) .................................................................................. 8

*Snow v. DirecTV, Inc.*,
   450 F.3d 1314 (11th Cir. 2006) ............................................................................................. 3

*Spanish Broad. Sys. of Fla., Inc. v. Clear Channel Commc'ns, Inc.*,
   376 F.3d 1065 (11th Cir. 2004) .......................................................................................... 3, 9

*Stachon v. United Consumers Club, Inc.*,
   229 F.3d 673 (7th Cir. 2000) ............................................................................................... 10

*Trief v. American Gen. Life Ins. Co.*,
   __ F. Supp. 2d __, No. 06-60378 CIV, 2006 WL 2398696 (S.D. Fla. Aug. 10, 2006) .............. 8

*Ziemba v. Cascade Int'l, Inc.*,
   256 F.3d 1194 (11th Cir. 2001) ............................................................................................. 2

**State Cases**

*Amstar Ins. Co. v. Cadet*,
   862 So.2d 736 (Fla. 5th DCA 2003) .................................................................................. 5, 6

*Ilgen v. Henderson Props., Inc.*,
   683 So.2d 513 (Fla. 2nd DCA 1996) ..................................................................................... 5

*Schopler v. Smilovits*,
   689 So.2d 1189 (Fla. 4th DCA 1997) .................................................................................... 2

**Federal Rules**

Federal Rule of Civil Procedure 9(b) ................................................................................... 1, 2

**Treatise**

*Moore's Fed. Practice*, § 12.34[2] (Matthew Bender 3d ed) ..................................................... 7

1212764.5

-iii-

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

## I. INTRODUCTION

In its opening papers, Brown & Wood observed that Plaintiff failed to plead Arthur Andersen's alleged false statements with specificity, requiring dismissal of his fraud-based claims pursuant to Rule 9(b). In an effort to save those claims, Plaintiff now insists Arthur Andersen's statements are actually irrelevant because all of "the substantive allegations of fraud are statements (or omissions) *from [Brown & Wood] directly to Plaintiff in [Brown & Wood's] letters to Plaintiff*; Andersen is not a party to them." Opp. at 19 (emphasis added).

Exactly how this clarification saves Plaintiff's claims from dismissal under Rule 9(b) remains unclear: Plaintiff never identifies which statements in Brown & Wood's 50-page letters are false or how he relied upon those statements; therefore, his fraud-based claims still fail Rule 9(b)'s pleading standard.

Plaintiff, however, has a far more serious problem: because Brown & Wood's opinion letters were not delivered to Plaintiff until "[a]fter the transactions were finalized," Compl. ¶ 25, it is literally impossible for him to have *relied* on them when deciding whether to enter the transactions at issue, or for those letters to have *caused* him to enter the transactions. As all of his claims require reliance or causation as an element, they all fail and should be dismissed.

## II. DISCUSSION

### A. Plaintiff's Fraud-Based Claims Do Not Satisfy Rule 9(b)'s Heightened Standards.

Plaintiff's opposition argues that all of the alleged false statements and omissions of which he complains appeared in the Brown & Wood opinion letters, and that "Andersen is not a party to them." Opp. at 17, 19.[1] Therefore, according to Plaintiff, Rule 9(b)'s requirements have nothing to do with any allegations about Andersen's statements.

Based on Plaintiff's representations to the Court, we agree. Nevertheless, pursuant to Rule 9(b), Plaintiff must still plead with sufficient particularity the fraud that he *does* contend

---

[1] Plaintiff repeatedly states that the *only* alleged false statements and omissions were in the opinion letters. Opp. at 19; *see also id.* at 17 ("Plaintiff has alleged the precise misrepresentations in ¶ 28...[and that] the misrepresentations were made in or omitted from the opinion letters.").

- 1 -

occurred. This he utterly fails to do. He identifies neither the statements in Brown & Wood's opinion letters he contends are false, nor does he say "the manner in which [the statements and omissions] mislead" him. *See* Compl. ¶ 28; *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001). Further, his RICO claim does not identify the "accounting and financial firms" and "other financial institutions" who made up "The Marketers" with whom Brown & Wood allegedly schemed, *see* Compl. ¶ 84, nor does it identify the false statements and other pertinent circumstances underlying the alleged predicate fraudulent acts. *See Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997) (holding Rule 9(b)'s pleading standard applies to fraud based RICO claims). For these reasons, Plaintiff's fraud, negligent misrepresentation, and RICO claims must be dismissed pursuant to Rule 9(b).

**B.  Plaintiff's Claims Fail For Lack of Reliance Or Causation Because He Had No Communication With Brown & Wood Before He Entered Into The Tax Shelter.**

Plaintiff's theory of reliance is impossible. Plaintiff alleges that he "justifiably relied on [Brown & Wood's] misrepresentations and omissions of material fact by entering into the subject transactions...." Compl. ¶ 69. He has now made clear that the alleged misrepresentations and omissions "are from [Brown & Wood] directly to Plaintiff *in [Brown & Wood's] letters* to Plaintiff" and not from anywhere else. Opp. at 19 (emphasis added). Absent a time machine, however, Plaintiff could not have relied on Brown & Wood's letters in entering into the transaction because Plaintiff admits he never saw the letters until "[a]fter the transactions were finalized." Compl. ¶ 25. *See Schopler v. Smilovits*, 689 So.2d 1189, 1190 (Fla. 4th DCA 1997) (dismissing fraud claim for lack of reliance where the allegedly fraudulent "representation was made after the transaction had already taken place"); *Filler v. Hanvit Bank*, 247 F. Supp. 2d 425, 430 (S.D.N.Y. 2003) ("For the plaintiffs to allege reliance, as required for actionable fraud under both federal and common law, plaintiffs must allege with particularity that defendants made false statements *prior to* [the plaintiffs' act of detrimental reliance]"), *vacated on other grounds at* 2003 WL 21729978 (S.D.N.Y. July 25, 2003). As a result, Plaintiff's claims for fraud, negligent misrepresentation, and RICO must be dismissed as they all require reliance as an element.

1212764.5

- 2 -

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

Plaintiff's remaining claims all allege that the opinion letters *caused* him to enter the transaction. *See* ¶¶ 37-38; 44; 50; 74; 79; 97. As Plaintiff never saw these letters until after the transaction was complete, as a matter of law (and fact), these letters could not have caused him to enter that transaction. *See Beck v. Prupis*, 162 F.3d 1090, 1097 (11th Cir. 1998), *aff'd*, 529 U.S. 494 (2000) ("Beck has also failed to demonstrate proximate cause – he has presented no evidence that he actually saw, let alone relied upon, any false financial statements *prior* to making his financial decisions.") (emphasis added).

    1.    Conclusory Allegations Of Reliance Or Causation Are Insufficient.

Plaintiff appears to recognize that the facts as he pleads them bar his claims. He is therefore reduced to arguing that he can withstand a motion to dismiss simply because he alleges "I relied" or "you caused me harm." *See* Opp. at 6, 11 (citing Compl. ¶¶ 38, 44, 50, 61, 69, 74, 79 & 97). The law is to the contrary.

In the Eleventh Circuit, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal [for failure to state a claim]." *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006) (granting motion to dismiss for failure to adequately plead all material elements) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002); *see also Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1253 (11th Cir. 2005) (dismissing plaintiff's claim for physical torture where plaintiff alleged he was "tortured with physical violence" but did not state facts to support allegations). "To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; **they are required to allege some specific factual bases for those conclusions or face dismissal of their claims.**" *Jackson v. BellSouth Telecommc'ns*, 372 F.3d 1250, 1263 (11th Cir. 2004) (emphasis added); *see also Spanish Broad. Sys. of Fla., Inc. v. Clear Channel Commc'ns, Inc.*, 376 F.3d 1065, 1078 (11th Cir. 2004) ("Conclusory allegations that defendant violated the antitrust laws and plaintiff was injured thereby will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief.").

1212764.5

Podhurst Orseck, P.A.

- 3 -

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382 • Fort Lauderdale 954.463.4346 | www.podhurst.com

Plaintiff has done the exact opposite. Instead of "alleg[ing] some specific factual bases for [his] conclusions" of reliance and causation, Plaintiff has alleged specific facts unequivocally demonstrating he could *not* have relied, and that Brown & Wood could *not* have caused him harm. His claims therefore fail as a matter of law.

### 2. Hypothetical "Other" Communications With Brown & Wood Do Not Save Plaintiff's Claims.

Plaintiff next argues that perhaps he had additional communications with Brown & Wood in order to arrange for the letters' delivery. Opp. at 6, 7. Brown & Wood knows of no other communications with Plaintiff, and, more importantly, the Complaint does not allege any other communications. Further, even if additional communications occurred, no reason exists to suppose those communications happened before Plaintiff entered into the transaction. Nor is there reason to infer that Brown & Wood said anything false during these hypothetical communications. Indeed, Plaintiff explicitly states the only actionable false statements occurred in the two opinion letters. Opp. at 17, 19. Finally, Plaintiff actually seems to be arguing that Andersen (or someone else) must have conveyed information to Brown & Wood about Plaintiff for use in the letters – not that Brown & Wood conveyed information to Plaintiff. Andersen telling Brown & Wood something, however, provides no basis to find that Brown & Wood caused Plaintiff to enter the transaction.

### 3. Conclusory Allegations Of Agency Are Unacceptable In This Circuit.

Plaintiff argues that he had communications with Brown & Wood before the transaction through Brown & Wood's purported agent, Arthur Andersen. Plaintiff, however, goes out of his way to make clear that he does not contend that Andersen said anything fraudulent or otherwise wrongful, Opp. at 19; therefore nothing Andersen said can serve as the basis for a fraud claim.

This ends the matter for purposes of our motion to dismiss. Regardless, we observed that Plaintiff's agency allegations fail as a matter of law because they are wholly conclusory. *See Mot. at 6-8*; Compl. ¶¶ 40-41; *Ilgen v. Henderson Props., Inc.*, 683 So.2d 513, 515 (Fla. 2d DCA 1996) (dismissing cause of action for failure to plead all elements needed to establish an actual

1212764.5

- 4 -

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346   www.podhurst.com

agency relationship); *Amstar Ins. Co. v. Cadet*, 862 So.2d 736, 742 (Fla. 5th DCA 2003) (holding plaintiff must establish all elements of apparent agency for liability to be imposed).

Plaintiff does not dispute that the agency allegations are conclusory. Rather, he disputes the notion that conclusory allegations are insufficient. To support this argument, Plaintiff cites a 1931 Fifth Circuit case and a New York district court. Opp. at p. 9. Whatever rule the old Fifth Circuit may have followed 75 years ago, or New York district courts may or may not follow today, the Eleventh Circuit does not allow conclusory allegations in any context, see supra, and has expressly disallowed conclusory allegations regarding agency.

In *Day v. Taylor*, 400 F.3d 1272, 1277 (11th Cir. 2005), the plaintiff alleged the converse of what is alleged here, that there was *no* agency relationship amongst two parties – U-Haul and a local dealership. The Eleventh Circuit held that "[w]hether U-Haul's relationship with its independent dealers is a genuine agency is a question of law which depends on the nature of that relationship." *Id.* The Court then held, in stark contrast to Plaintiff's conception of the law, that "[w]e are not bound by the legal conclusions in the complaint that the relationship is not an agency or that the independent dealers do not have 'legal power' to act on behalf of U-Haul. **We must look instead at the pleaded facts to determine whether Appellants' claim can withstand a motion to dismiss.**" *Id.* (citing *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003) (emphasis added). After reviewing the pleaded facts, the Eleventh Circuit rejected the conclusory agency allegations. *Id.*

When the facts pleaded here are examined, nothing supports Plaintiff's bare assertion of an actual agency relationship. Gainor does not plead, as he must, that Brown & Wood controlled Anderson. *See Ilgen*, 683 So.2d at 515. To the contrary, the Complaint establishes that no such control existed. As alleged, Andersen, not Brown & Wood, identified Gainor for this tax strategy; Anderson, not Brown & Wood, chose which tax strategies to suggest; Andersen, not Brown & Wood, made the representations at issue; and Andersen, not Brown & Wood, received $1.7 million of the $2.1 million in fees. Compl. ¶¶ 12, 20, 40-41, 56-57, 64-65.

Finally, Plaintiff argues that he has properly pled apparent agency because (1) "Anderson

1212764.5

- 5 -

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

said Sidley would deliver opinion letters"; (2) "Anderson said Sidley's fee would be $400,000"; and (3) "Sidley could not have issued two 50-page opinion letters opining on the tax consequences of complex financial transactions without knowledge of the underlying facts, which vividly demonstrates that Anderson was a conduit of information." Opp. at 10-11. Plaintiff ignores the controlling law we cited that to establish apparent agency, there must be "a representation *by the principal*." *Amstar Ins. Co.*, 862 So.2d at 742 (emphasis added). That *Anderson* said Sidley would deliver opinion letters or be paid $400,000 are representations by the purported *agent*, not the purported *principal*. Further, that Sidley had the facts necessary to issue an opinion letter is not a *representation* at all, and Sidley could have learned those facts *after* Plaintiff entered the shelter and from someone other than Anderson.

    4. <u>Andersen's Purported Promise Of Opinion Letters And The Fulfillment Of That Promise Is Not A Basis For Holding Brown & Wood Liable.</u>

Plaintiff next argues that "[i]t was the *promise* of the letters that Plaintiff relied on in deciding to enter into the transactions." Opp. at 8. It is, frankly, next to impossible to understand what Plaintiff means to argue here. Having stated unequivocally that he relies on nothing Andersen said to allege his fraud claim, he now seems to be arguing that Andersen made some kind of false promise about the opinion letter, and that Andersen's false promise constitutes fraud. Aside from the logical incoherence of Plaintiff's position, or perhaps because of it, Plaintiff never explains what was false about Andersen's supposed promise. Obviously, the promise that the letters would be delivered was not false; they were delivered. Compl. ¶ 25.

If Plaintiff is trying to say that Andersen lied about what the letters would say, and that was fraud, then his entire argument against the application of Rule 9(b) to Andersen's statements fails. To avoid Rule 9(b), Plaintiff argues that "the substantive allegations of fraud are statements (or omissions) *from [Brown & Wood] directly to Plaintiff* in [Brown & Wood's] letters to Plaintiff; *Andersen is not a party to them*." Opp. at 19 (emphasis added). If he is claiming here that Andersen did make false statements in the form of a false promise, than he must plead that in his Complaint (not his Opposition brief) and do so with the requisite

1212764.5

- 6 -

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346   www.podhurst.com

particularity, including identifying *who* at Andersen made the promise, *what* that promise was, *when*, *where* and *how* it was made (oral or written), *why* it was false and *how* it was relied upon.

> 5. Allegations In His Opposition Brief That Were Not Pled In His Complaint Cannot Defeat A Motion to Dismiss.

Plaintiff's final argument is that even if he did not rely upon statements in the opinion letters when he entered into the transaction, he relied upon them when he claimed losses on his tax returns. He argues that because he claimed these losses, he has had to pay professional fees and other IRS-related expenses in connection with an IRS challenge. Opp. at 7. As Plaintiff never alleges in the Complaint that he relied upon the letters in claiming these losses on his returns (or that he even claimed losses), these allegations cannot defeat the motion to dismiss.[2]

Regardless, whatever costs Plaintiff may have incurred in dealing with the IRS were not caused by any alleged malfeasance by Brown & Wood. To the contrary, as Plaintiff himself alleges, Brown & Wood expressly warned him that the deductions could face an IRS challenge. *See* Compl. ¶ 26. Indeed, the core opinion expressed was that the deductions would have a 50.1% chance of surviving *an IRS challenge*, which necessarily implies that these deductions might be challenged (and require a defense). *Id.* Because Plaintiff cannot claim that he was induced by a non-existent promise of avoiding an IRS challenge, Plaintiff cannot claim that the opinion letter was the source of any costs incurred in responding to such a challenge.

C. **The Breach Of Oral Contract Claims Should be Dismissed Because Plaintiff Failed To Allege Breach Of An Express Term of the Purported Contract and Because They Are Duplicative Of The Professional Malpractice Claim.**

In Florida, "a cause of action for breach of [an] implied covenant cannot be maintained ... in the absence of breach of an express term of the underlying contract." *Shibata v. Lim*, 133 F. Supp. 2d 1311, 1318 (M.D. Fla. 2000) (*citing Burger King Corp. v. C.R. Weaver*, 169 F.3d

---

[2] *See Schneider v. Cal. Dept. of Corr.*, 151 F.3d 1194, 1197 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."); 2 *Moore's Fed. Practice*, § 12.34[2] (Matthew Bender 3d ed.) ("The court may not ... take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).").

1212764.5

- 7 -

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346   www.podhurst.com

1310, 1315 (11th Cir. 1999)). Here, Plaintiff alleges only breach of implied covenants. He claims that he contracted with Brown & Wood, "through its agent, Andersen," to provide him "legal services" (*i.e.*, the opinion letters). Compl. ¶ 41. He then states, "[a]lthough [Brown & Wood] delivered the legal opinion letters, it breached the contract by breaking both of the implied covenants set forth [above]." Compl. ¶ 43. Nowhere does he allege a breach of an *express* term as required.

Separately, Plaintiff's contract claims should be dismissed because they are duplicative of his professional malpractice claim. *See Trief v. American Gen. Life Ins. Co.*, __ F. Supp. 2d __, No. 06-60378 CIV, 2006 WL 2398696, at *2 (S.D. Fla. Aug. 10, 2006) (dismissing duplicative breach of implied covenant contract claim) (citing *Harrison v. Digital Health Plan*, 183 F.3d 1235 (11th Cir. 1999)). Plaintiff states that the breach of contract occurred because Brown & Wood allegedly failed "to exercise ordinary skill and knowledge in the rendition of professional legal services." Compl. ¶ 42. He alleges the exact same thing in his professional malpractice claim. *See* Compl. ¶ 36 (Brown and Wood failed "to represent Gainor with the reasonable care, skill, and diligence ordinarily possessed and exercised by attorneys").

For these two independent reasons, Plaintiff's contract claims should be dismissed.

**D.   Plaintiff's Tortious Interference Claim Is Fatally Flawed.**

Plaintiff's Opposition fails to address any of the four independent and fatal defects Brown & Wood identified in his Tortious Interference claim. In its moving papers, Brown & Wood cited over 20 cases that held, as a matter of law, that Plaintiff could not bring his tortious interference claim because: (1) his relationship with Andersen was never "terminated" or "breached"; (2) he did not allege facts showing his relationship with Andersen would have continued forward but-for Brown & Wood's interference; and (3) he did not allege that Brown & Wood knew of and targeted his *specific* business relationship with Andersen. Further, Brown & Wood noted that no court has ever allowed a tortious interference claim where a *client*, like Plaintiff, sued for interference with its relationship with a service provider.

Rather than respond to these arguments or attempt to distinguish any of the cited cases,

1212764.5

- 8 -

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  • Fort Lauderdale 954.463.4346    www.podhurst.com

Plaintiff falls back on his misguided notion that under federal rules, he need only say that a claim exists and it does. Opp. at 16. That is not the law. To survive a motion to dismiss, Plaintiff must plead *facts* that, if true, would establish all elements of his cause of action. *Spanish Broad. Sys. of Fla.*, 376 F.3d at 1078; *Jackson*, 372 F.3d at 1263. As set forth in our moving papers and never rebutted, the facts Plaintiff has pled, even if true, could never support his claim.

### E. Plaintiff's Failure To Identify The Purported RICO Enterprise Requires Repleading.

Nowhere in his Complaint or Opposition does Plaintiff identify the purported Florida RICO enterprise. Brown & Wood is literally left guessing. Is the enterprise Brown & Wood? Brown & Wood and Andersen? Brown & Wood, Andersen, and "the Marketers"? Someone else? All of these "enterprises" have fatal legal flaws, but without knowing which, if any, of these combinations Plaintiff contends the enterprise to be, Brown & Wood cannot adequately defend this claim.

Plaintiff's failure to follow Local Rule 12.1 and file a RICO Case Statement exacerbates the problem. Morever, that failure alone requires dismissal of his RICO claim. *See Pierce v. Ritter, Chusid, Bivonia & Cohen*, 133 F. Supp. 2d 1344, 1346 (S.D. Fla. 2001); *Harrison Enters., v. Moran*, No. 97-4362-CIV, 1999 WL 1211753, *4 (S.D. Fla. Aug. 30, 1999).

Plaintiff argues that he has no obligation to identify the RICO enterprise. Opp. at 16. He is wrong. "Regarding pleading, the first rule is that a plaintiff must identify the enterprise." *Jennings v. Emry*, 910 F.2d 1434, 1439-40 (7th Cir. 1990) (dismissing RICO count where "[t]he Appellants have lots of entities, legal or otherwise, floating about in their complaint, but nowhere do the Appellants adequately identify the enterprise upon which our attention should be directed"); *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000) ("[A] RICO complaint must identify the enterprise."); *PortionPac Chem. Corp. v. Sanitech Systems, Inc.*, 210 F. Supp. 2d 1302, 1308 (M.D. Fla. 2002) (dismissing RICO claim because complaint failed to adequately identify the enterprise); *Bill Buck Chevrolet, Inc. v. GTE Florida, Inc.*, 54 F.

1212764.5

- 9 -

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

Supp. 2d 1127, 1134-1135 (M.D. Fla. 1999) (same), *aff'd*, 216 F.3d 1092 (11th Cir. 2000).[3]

Plaintiff should be forced to replead his RICO claim to identify the RICO enterprise. Regardless, Plaintiff's RICO claims should also be dismissed for violating Local Rule 12.1 by not serving a RICO Case Statement within 30 days of the initiation of this case.

### III.   CONCLUSION

For the reasons set forth above, Plaintiff's Complaint should be dismissed.

DATED: September 25, 2006                    Respectfully submitted,

By: *Aaron May by ATR*
Jonathan E. Altman (Admitted *pro hac vice*)
Aaron M. May (Admitted *pro hac vice*)
Aaron.May@mto.com
MUNGER, TOLLES & OLSON LLP
355 S. Grand Ave., 35th Floor
Los Angeles, CA 90071
(213) 683-9100 / Fax (213)687-3702

Katherine W. Ezell (SBN 114771)
kezell@podhurst.com
PODHURST ORSECK, P.A.
25 West Flagler Street, Ste. 800
Miami, Florida 33130
Tel: (305) 358-2800/ Fax: (305) 358-2382

*Attorneys for Sidley Austin LLP*

---

[3] *See also Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 646 (7th Cir. 1995) (holding that failing to identify the RICO enterprise violates Rule 8's notice pleading requirements); *Richter v. Sudman*, 634 F.Supp. 234, 240 (S.D.N.Y. 1986) (the "complaint does not actually specify the RICO enterprise. Such vague and unclear allegations are unacceptable and provide an independent basis for dismissing the RICO claims"); *Napier v. Bruce*, No. 02 C 8319, 2004 WL 1194747, at *4 (N.D. Ill. May 27, 2004) ("Failure to properly identify and define the purported RICO enterprise alone justifies dismissal.").

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Federal Express to **Richard B. Wilkes, Esq.**, at Richard B. Wilkes P.A. 600 South Magnolia Ave., Suite 200, Tampa, FL 33606 on September 25, 2006.

_____
Aaron M. May

1212764.5

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346   www.podhurst.com