UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-21748-CIV-MARTINEZ

NIGHT BOX
FILED
OCT 05 2006
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

MARK J. GAINOR,

    Plaintiff,

v.

SIDLEY AUSTIN BROWN & WOOD, LLP,

    Defendant.

_____/

**PLAINTIFF'S AND DEFENDANT'S JOINT MOTION TO DISMISS COUNT IX (VIOLATION OF THE FLORIDA CIVIL REMEDIES FOR CRIMINAL PRACTICES ACT) WITHOUT PREJUDICE**

Undersigned counsel for Plaintiff, Mark J. Gainor ("Plaintiff") and Defendant, Sidley Austin LLP ("Defendant"), jointly and respectfully request that this Court grant this Joint Motion and enter the attached proposed Order dismissing Count IX of the Complaint, alleging a violation of the Florida Civil Remedies for Criminal Practices Act (the "Florida RICO claim") without prejudice.

In support of this Joint Motion undersigned counsel state the following:

1.    Defendant has filed a motion to dismiss the Florida RICO claim.

2.    Undersigned counsel have conferred pursuant to Local Rule 7.1.A.3 regarding the issues raised by the motion to dismiss.

3.    Specifically, with regard to the issues raised by the motion to dismiss, undersigned counsel have agreed on the following:

1215957.1

CASE NO. 06-21748-CIV-MARTINEZ

  a. Local Rule 12.1 requires that all plaintiffs who bring a Florida RICO claim file a RICO Case Statement within thirty (30) days upon removal of an action containing a Florida RICO claim;

  b. Plaintiff has not yet filed a RICO Case Statement;

  c. It is in the best interest of the parties that the Florida RICO claim be dismissed at this time and to not engage in any discovery that would be solely related to the Florida RICO claim;

  d. Plaintiff shall have the right to amend his Complaint to include a Florida RICO claim up until and thorough the 60th day after the deposition of Defendant's corporate representative, with the parties using their best efforts to schedule that deposition to take place prior to February 28, 2007;

  e. If Plaintiff does not amend his Complaint to assert a Florida RICO claim within the time period set forth in paragraph 3d, then such amendment may only be allowed with further leave of Court;

  f. If Plaintiff does amend his Complaint to re-assert a Florida RICO claim, he must contemporaneously serve upon Defendant a RICO Case Statement as described in Local Rule 12.1; and

  f. If Plaintiff does amend his Complaint to re-assert a Florida RICO claim, all Florida-RICO related discovery shall be stayed for seventy-five (75) days to give Defendant the opportunity to bring and have resolved motions challenging Defendant's Florida RICO claim.

CASE NO. 06-21748-CIV-MARTINEZ

4. Undersigned counsel certify pursuant to Local Rule 7.1.A.3 that at this time there are no remaining issues to be resolved with respect to the pending motion to dismiss the Florida RICO claim.

WHEREFORE for the reasons set forth herein and for any other reasons this Court may deem appropriate, undersigned counsel jointly and respectfully ask the Court to sign the attached Order setting forth the parties' agreement to dismiss the Florida RICO claim without prejudice.

DATED this 5th day of October, 2006.

Respectfully Submitted,

RICHARD B. WILKES, P.A.
600 S. Magnolia Ave., Suite 200
Tampa, FL 33606
(813) 254-6060 / Fax (813)254-6088

By: *Richard Wilkes/by A.M.M. per authorization*
Richard B. Wilkes
Florida Bar No. 198056

Rwilkes@rbwilkes.com

*Attorney for Plaintiff Mark J. Gainor*

MUNGER, TOLLES & OLSON LLP
355 S. Grand Ave., 35th Floor
Los Angeles, CA 90071
(213) 683-9100 / Fax (213)687-3702

By: _____
Aaron M. May
Admitted Pro Hac Vice
Aaron.May@mto.com

*Attorneys for Defendant Sidley Austin LLP*