UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARK J. GAINOR,

    Plaintiff,

v.                                         CASE NO.: 06-21748-Civ-Martinez

SIDLEY, AUSTIN, BROWN & WOOD, LLP,

    Defendant.
_____/

## AGREED ORDER APPROVING THE PARTIES' STIPULATION OF CONFIDENTIALITY

This matter having on before the Court upon the agreement of counsel and the Court being otherwise fully advised in the premises, it is hereby

ORDERED and ADJUDGED that:

1.    The parties' stipulation of confidentiality, attached as an exhibit hereto, is approved by the Court; and

2.    The parties are directed to comply with the terms of the attached stipulation.

DONE and ORDERED in Chambers at Miami, Florida, this 19 day of Dec, 2006.

                                          JOSE E. MARTINEZ
                                          United States District Court Judge

Copies to:
Richard Benjamin Wilkes, Esquire (Fax: 813-254-6088)
Katherine W. Ezell, Esquire (Fax: 305-358-2382)
Jonathan E. Altman, Esquire (Fax: 213-683-4069)
Aaron M. May, Esquire (Fax: 213-683-5148)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-21748-CIV-MARTINEZ

MARK J. GAINOR,

    Plaintiff,

v.

SIDLEY AUSTIN BROWN & WOOD, LLP,

    Defendant.

## STIPULATION OF CONFIDENTIALITY

IT IS HEREBY STIPULATED AND AGREED, by the parties, through counsel, that this Stipulation of Confidentiality ("Stipulation") governs the handling of all documents,[1] deposition testimony, and other information ("Material") designated as confidential in this litigation. Confidential Material constitutes, contains, or would disclose proprietary business information, a trade secret, financial information of an individual, accounting and legal documentation and communications, or other commercial or financial information that is otherwise not publicly available and the confidentiality of which is either competitively significant or protective of personal privacy. This Stipulation, and the entirety of the subject matters discussed herein, constitutes the parties' entire agreement about such matters. This Stipulation, insofar as it restricts the communication and use of Confidential Material, shall continue to be binding throughout and after the conclusion of this action, including any appeals. This Stipulation may be modified only by agreement of the affected parties, and any such modifications must be written.

---

[1] The term "document" or "documents," as used in this Stipulation, shall have the same meaning as contemplated by Rule 34 of the Federal Rules of Civil Procedure.

1214571.1                                                              1

1. <u>Designating Material As "Confidential."</u> Confidential Material shall be designated either by placing the word "CONFIDENTIAL" on each page of such documents prior to production or, in the case of material produced electronically, clearly identifying the document or information as confidential. In lieu of marking originals of documents, the designating party – that is, the party producing the Material – may mark the copies that are produced. All Confidential Material not reduced to documentary, tangible, or physical form, or which cannot be conveniently labeled, shall be so designated by informing the recipients in writing that the information constitutes Confidential Material. In the case of depositions, designation of a transcript or a portion of the transcript which contains Confidential Material shall be made by a statement to such effect on the record during the deposition, or by a statement in writing sent to all counsel of record within 15 days after receipt of the transcript of the deposition. Each party shall attach a copy of such written statement to the back of the transcript and each copy thereof in his possession, custody or control. If a "Confidential" designation is made during the deposition, the court reporter shall be directed to place a notation on the cover of the transcript stating that it contains "Confidential" material.

2. <u>Persons Who May View Confidential Material.</u> Any document provided by the parties in connection with this litigation which is stamped "Confidential," and the information contained therein, shall not be divulged to anyone other than: (1) the Court and its personnel, (2) counsel for the parties and their support personnel, (3) the parties, including their directors, officers, partners, principals, employees and insurers, if any, (4) a witness at trial or a deposition, or in connection with preparing for such events, (5) experts and consultants retained by that party in good faith to assist in the preparation and trial of this litigation, but only to the extent reasonably necessary to enable such experts and consultants to render such assistance, and (6)

outside photocopying, imaging, database, graphics, or design vendors, as well as videographers and court reporters, retained by counsel for any purpose, including without limitation preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this case. Counsel shall provide any persons given access to Confidential Material with a copy of this Stipulation at the time of such disclosure and make such persons aware that they are bound by this Stipulation. If such documents are filed with the Court, they shall be filed under seal.

3. **Allowed Disclosures.** Nothing shall prevent disclosures beyond the terms of this Stipulation by the party that designated the information as Confidential or if the party that designated the information as Confidential consents to such disclosure. Failure to designate any information pursuant to this Stipulation shall not constitute a waiver of any otherwise valid claim for protection. Nothing in this Stipulation shall be deemed to restrict in any manner the use by any designating party of any information independently obtained or in its own documents and materials. Further, nothing in this Stipulation shall prohibit a party or its counsel from disclosing a document that includes Confidential Material to the person whom the document or material identifies as an author, addressee, or recipient of such document. Nothing in this Stipulation shall prevent any party to this action from disclosing or producing any documents or information designated as Confidential to any federal, state, or other governmental agency, or to a grand jury, pursuant to a request, subpoena or other lawful process. In the event that a party does make any such disclosure, the disclosing party shall notify the designating party within ten (10) business days of the disclosure of the circumstances thereof.

4. **Privileged Material.** Nothing in this Stipulation shall operate to require the production of information or documents that are privileged or otherwise protected from discovery. If, after producing a document or information, a designating party discovers that

certain Material was properly subject to protection under the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege, the designating party shall provide written notice to the receiving party. The receiving party shall return the material to the designating party, but may reserve the right to challenge the assertion of the privilege on waiver or other ground. The inadvertent production of privileged material shall not constitute a waiver of the privilege.

5. *Limits On Disclosure.* Except to the extent expressly authorized in this Stipulation, unless it is independently obtained, Confidential Material shall not be used or disclosed for any purpose other than the preparation and trial of this case, any appeal therefrom, or any settlement thereof, subject to the other permitted uses described below, and subject to further Court action. Any summary, compilation, notes, copy, electronic image, or database containing confidential information shall be subject to the terms of the Stipulation to the same extent as the material or information from which it is made or derived.

6. *Objecting To A Designation.* Any party may object to a designation by notifying the designating party in writing of that objection and specifying the designated material to which the objection is made. The parties shall, within fifteen (15) calendar days of service of the written objection, confer in good faith concerning the objection to resolve the objection. If the objection is not resolved, the objecting party shall, within fifteen (15) calendar days of the conference (unless the parties agree or the Court orders otherwise), file and serve a motion for an order to resolve the dispute over the designation of the material. In the event the objecting party in good faith deems it necessary to expedite resolution of the objection, the foregoing time periods shall be reduced from fifteen (15) calendar days to two (2) business days and the objecting party may file an *ex parte* application to resolve the dispute over the designation on an

expedited basis. The designating party shall bear the burden of establishing that the material in question has been correctly designated as "Confidential." If no such motion to resolve the dispute is filed within the stated time period, the material will be designated as requested by the designating party. If such a motion is filed, information subject to dispute shall, until further order of the District Court, be treated as originally designated. With respect to any material which is redesignated or ceases to be subject to the protection of this Stipulation, the designating party shall, at its expense, provide to each party that so requests additional copies thereof, from which all confidentiality legends affixed hereunder have been adjusted to reflect the redesignation, if any.

7. <u>Confidentiality In Court.</u> This Stipulation is not intended to govern the use of Confidential information at any trial or any appeal or at oral argument of motions in this action. Questions regarding the protection of Confidential information or information during trial or any appeal or at oral argument of motions will be presented to the Court and the designating party prior to or during trial or any appeal or at oral argument of motions as each party deems appropriate.

DATED: October 6, 2006

MUNGER, TOLLES & OLSON LLP
By: AARON M. MAY
Attorneys for Defendant Sidley Austin LLP

DATED: October 7, 2006

RICHARD BENJAMIN WILKES
ATTORNEYS AT LAW
By: RICHARD BENJAMIN WILKES
Attorneys for Plaintiff Mark J. Gainor

1214571.1

5