UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARK J. GAINOR,

    Plaintiff,

vs.                                        CASE NO.: 06-21748-Civ-Martinez

SIDLEY, AUSTIN, BROWN & WOOD, LLP,

    Defendant.
_____/

## OBJECTION, MOTION TO QUASH AND/OR MOTION FOR PROTECTIVE ORDER

      COMES NOW Third Party RACHLIN COHEN & HOLTZ, LLP ("RACHLIN"), by and through its undersigned attorney, and hereby files its Objection to Production Of Documents, Motion To Quash Subpoena and/or Motion For Protective Order as to Production of Documents, and in support hereof states as follows:

      1.     RACHLIN was served on January 25, 2007 with a Subpoena In A Civil Case requesting production of documents of RACHLIN on February 2, 2007 ("Subpoena"), a copy of which is attached hereto as Exhibit "A".  By agreement of Counsel, the date for RACHLIN to serve its Objection to the Subpoena has been extended through February 9, 2007.

      2.     RACHLIN joins in, and incorporates by reference herein, Plaintiff's Objections To Defendant's Subpoena Duces Tecum To Rachlin Cohen & Holtz L.L.P. ("Plaintiff's Objections").

3. RACHLIN further objects to the production of these documents described in the Subpoena, and moves this Court to quash and/or enter a protective order as to production of documents by RACHLIN, on the following additional grounds:

    a.) The Subpoena is oppressive and imposes undue burden or expenses on RACHLIN. The Subpoena seeks potentially many documents from RACHLIN spanning over numerous years. Any requirement by the Subpoena made of RACHLIN to search for and produce potentially many documents unfairly subjects RACHLIN to undue burden and expense.

    b.) The Subpoena seeks documents, information and testimony which are or may be privileged under the accountant-client privilege, the attorney-client privilege, the work product doctrine and/or any other applicable privilege, or may pertain to clients who are not a party to this litigation. Absent a written waiver of the privilege holder (which RACHLIN has not received), RACHLIN cannot produce any privileged documents and/or testify as to any privileged matter.

    c.) As stated hereinabove, the Subpoena may seek production of documents containing proprietary or privileged business, confidential or personal information of other clients of RACHLIN which has been submitted to RACHLIN in confidence.

    d.) The Subpoena requests production of documents by RACHLIN of its working papers. The working papers of RACHLIN are highly

confidential and proprietary, the disclosure of which will be harmful to RACHLIN and its clients and would violate public policy. The working papers may also constitute trade secrets and confidential information. RACHLIN is not a party to these proceedings and the Court should not allow unlimited and non-relevant intrusion into RACHLIN's working papers. RACHLIN's working papers are the property of RACHLIN and not the property of its client. See Section 473.318, F.S.A. Rules 26(c) and 45, F.R.Civ.P., provide that this Court should protect non-party deponents, such as RACHLIN, from irrelevant, annoying, oppressive, unreasonable, burdensome, and overreaching discovery, such as the instant Subpoena.

e.) The Subpoena requests production of all internal memorandum, correspondence, e-mails, notes or other documents. The Subpoena seeks potentially thousands of documents from RACHLIN spanning over a number of years. As most, if not substantially all, of RACHLIN's documents are stored on its computers, there are periodic back ups and archiving that saves documents from RACHLIN's system. In order for RACHLIN to comply with this request and other requirements of the Subpoena, RACHLIN would need to search not only its computer system, but all of its back-up and archival tapes. RACHLIN has preliminarily estimated that the retrieval of these documents would take approximately in excess of 200 hours with a

        cost of time and expenses in excess of $35,000.00. These estimates are preliminary, and the actual time and monetary amount depend on the extent of the search and parameters set for same, and could vary these amounts. RACHLIN, as a non party, should not be required to search for and produce potentially thousands of documents. This unfair search is unreasonable, oppressive and overbroad, and subjects RACHLIN to undue burden and expense involved in same. If this Court compels such production then the requesting party should be required to deposit with RACHLIN, prior to any search, the appropriate amount to pay for such search, and to specify the parameters, time period, identity of individuals who received or sent the requested documents, and key words which would enable RACHLIN to conduct such search. See Rules 26 and 45, F.R.CIV.P.

f.)    Some of the documents in RACHLIN's possession are the working papers of the accounting firm, Arthur Andersen. These documents were provided to RACHLIN under certain restrictions. Therefore, RACHLIN has notified Andersen of the existence of the subject Subpoena. RACHLIN accordingly requests this Court to rule on any objections Andersen may have to the production of its working papers prior to the production of same by RACHLIN.

4

4. This Objection and Motion by RACHLIN does not waive, and is not intended to waive, but hereby preserves their right to assert in the future:

    a.) All questions or objections as to the privilege or admissibility as evidence, for any purpose, at any trial or hearing in this case, or in any related or subsequent action or proceeding, of any of the documents produced or the subject matter thereof;

    b.) The right to object on any ground at any time to a demand for further documents; and

    c.) The right to revise, supplement, amend, correct or add to this Objection and Motion.

5. The undersigned certifies as follows:

    a.) The undersigned has spoken to Aaron May and Richard Wilkes, counsel for the parties, in a good faith effort to resolve by agreement the issues raised herein, but have been unable to fully resolve all of these issues. Some production may be forthcoming.

WHEREFORE, RACHLIN objects to the production of the documents and moves for an Order quashing the Subpoena and/or entering a Protective Order protecting RACHLIN from producing the documents requested in the Subpoena as set forth hereinabove.

                                                                    S/ LEE MANDELL
                                                                    LEE MANDELL, ESQ.
                                                                    In-House Counsel for Rachlin
                                                                    Florida Bar No. 263303
                                                                    One S.E. Third Avenue
                                                                    Miami, Florida 33131
                                                                    Telephone: (305) 603-0493
                                                                    Fax: (305) 416-2425

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Objection, Motion To Quash And/Or Motion For Protective Order has been served via fax and/or U.S. Mail this 9th day of February, 2007 to: Jonathan E. Altman, Esq., Munger, Tolles & Olson LLP, 355 South Grand Avenue, 35th Floor, Los Angeles, CA 90071; Katherine W. Ezell, Esq., Podhurst Orseck, P.A., 25 West Flagler Street, Suite 800, Miami, Florida 33130; and Richard B. Wilkes, 600 South Magnolia Avenue, Suite 200, Tampa, Florida 33606.

    \_\_\_\_S/ LEE MANDELL_____
    LEE MANDELL, ESQ.