UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: 06-21748-CIV-MARTINEZ-BANDSTRA

MARK J. GAINOR,

    Plaintiff,

v.

SIDLEY, AUSTIN, BROWN & WOOD, LLP,

    Defendant.

_____/

### PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND CERTIFICATION OF PRE-FILING CONFERENCE

Plaintiff, MARK J. GAINOR, by and through his undersigned counsel, and pursuant to Rule 15 of the Federal Rules of Civil Procedure and this Court's Scheduling Order entered December 12, 2006, hereby moves this Court for leave to amend his Complaint, and as grounds therefor states:

1.    This cause arises out of a series of events by which Defendant Sidley and others misled Plaintiff Mark Gainor, who had recently sold a medical supply business at gain of over $100,000,000.00, into paying them over $2,100,000.00 in fees, by telling him that they had a legitimate tax saving strategy which would reduce Plaintiff's taxes by over $17,000,000.00, when in fact, as Defendant knew, the "strategy" (hereinafter "the Sidley Plan") was an abusive tax shelter that yielded no tax benefit whatsoever.

2.    The Complaint was filed on June 7, 2006.

3.    Defendant Sidley responded with a motion to dismiss which remains pending.

4. Over the intervening months, the parties have diligently engaged in discovery. Rule 26 disclosures have been exchanged; Interrogatories have been propounded and answered; and thousands of documents have been produced pursuant to document requests and third party subpoenas.

5. As a result of receipt and analysis of thousands of documents in the discovery process, Plaintiff now has a far clearer picture of what transpired than he did when this case was filed eight months ago, particularly of the roles played by persons and entities other than Defendant Sidley who were also participants in implementing the Sidley Plan.

6. The Sidley Plan required Plaintiff to execute a series of complex financial transactions involving borrowing money collateralized by treasury bills purchased with the borrowed funds; merging corporations and partnerships and transferring ownership interests; and selling his remaining ownership interests to a third party. Thereafter, Defendant Sidley provided Plaintiff with an "independent" legal opinion that the losses and deductions to be claimed from implementation of the Sidley Plan (which would create the tax savings) would "more likely than not" be upheld if challenged by the Internal Revenue Service.

7. Proposed Defendant Merrill Lynch made Plaintiff the requisite loan, wrote letters advising Plaintiff to invest the proceeds in treasury bills, and took the t-bills as collateral; proposed Defendant Arthur Andersen, Plaintiff's former accountant, introduced Plaintiff to the Sidley Plan and oversaw implementation of the transactions; proposed Defendant Mark Klopfenstein purchased Plaintiff's residual interests through two controlled entities; and Defendant Sidley then delivered the opinion letters.

8. With the benefit of the information gleaned from the discovery conducted since the Complaint was filed, Plaintiff now believes that sufficient evidence exists to provide a good faith basis for asserting a cause of action for conspiracy against Defendant Sidley; Proposed Defendant R.J. Ruble, the Sidley partner who handled the matter for Sidley; Proposed Defendant Andersen; Proposed Defendants Michael Marx and P. Anthony Nissley, the Andersen employees with whom Plaintiff interfaced; and the ultimate purchaser, Proposed Defendant Mark Klopfenstein.

9. Accordingly, Plaintiff seeks leave to file an Amended Complaint adding Ruble, Andersen, Marx, Nissley and Klopfenstein as Defendants, and adding a conspiracy Count against all Defendants as well as Counts for professional negligence, breach of contract, negligent misrepresentation and fraud against Andersen. Plaintiff also seeks to add his wife, Elyse Gainor, as a party Plaintiff, as they filed joint tax returns.

10. Rule 15 of the Federal Rules of Civil Procedure provides that "leave [to amend] shall be freely granted when justice so requires."

11. The interests of justice will best be served by allowing the requested amendment.

12. This will permit Plaintiff to assert all claims he believes he has arising out of the subject core of operative facts.

13. The interest of judicial economy will be promoted as all claims arising out of the same core of operative facts will be resolved in one judicial proceeding, as opposed to in a splintered, multi-action fashion.

14. Complete relief will be awarded in a consistent fashion, as all affected parties will be before the same Court in the same action.

15. This motion is timely, as it is submitted within the time frame for filing such motions established by this Court's Scheduling Order entered December 12, 2006.

16. Defendant will not be unduly prejudiced by allowing the requested amendment. Indeed, in the attached Amended Complaint, Plaintiff has attempted to eliminate many of the purported defects in the original Complaint asserted in Defendant's motion to dismiss, particularly with respect to specificity of allegations of fraud.

17. Pursuant to paragraph 9 of the Court's December 12, 2006 Scheduling Order, Plaintiff states that he believes that if this motion is granted, the deadlines established in said Order, will be affected.

18. Pursuant to Local Rule 7.1 A.3, undersigned counsel for Plaintiff hereby certifies that he has conferred with counsel for Defendant Sidley regarding the issue raised in this motion, and counsel for Defendant has stated that Defendant is not in a position to stipulate to the granting of the motion at this time.

WHEREFORE Plaintiff Mark Gainor respectfully requests that this Court grant him leave to file the attached Amended Complaint, and enter an Order deeming it filed.

RICHARD BENJAMIN WILKES
Florida Bar No. 267163
**RICHARD BENJAMIN WILKES, P.A.**
600 South Magnolia Avenue, Suite 200
Tampa, Florida 33606
Telephone:   (813) 254-6060
Facsimile:   (813) 254-6088
rwilkes@rbwilkes.com
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of March, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Richard Benjamin Wilkes

## SERVICE LIST
### Mark J. Gainor v. Sidley, Austin, Brown & Wood, LLP
### Case No. 06-21748-CIV-MARTINEZ-BANDSTRA
### United States District Court, Southern District of Florida

Katherine W. Ezell, Esq.
KEzell@podhurst.com
Podhurst Orseck, P.A.
25 W. Flagler Street, Suite 800
Miami, FL 33130
Telephone: (305) 358-2800
Facsimile: (305) 358-2382
Attorneys for Defendant
Served via CM/ECF

Jonathan E. Altman, Esq.
jonathan.altman@mto.com
Munger, Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5136
Attorneys for Defendant
Served via CM/ECF

Aaron May, Esq.
Aaron.may@mto.com
Munger, Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5136
Attorneys for Defendant
Served via Hand Delivery