UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: 06-21748-CIV-MARTINEZ-BANDSTRA

MARK J. GAINOR,

    Plaintiff,

v.

SIDLEY, AUSTIN, BROWN & WOOD, LLP,

    Defendant.
_____/

**PLAINTIFF'S MEMORANDUM IN SUPPORT
OF MOTION FOR LEAVE TO AMEND**

Plaintiff, Mark Gainor, through his undersigned counsel, submits the following memorandum in support of his Motion for Leave to Amend Complaint.

Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave [to amend] shall be freely given when justice so requires."

The United States Court of Appeals for the Eleventh Circuit has interpreted this language to mean that "[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." Espey v. Wainwright, 734 F.2d 748, 750 (11th Cir. 1984); see also, McKinley v. Kaplan, 177 F.3d 1253, 1258 (11th Cir. 1999).

The Eleventh Circuit has further said that:

> The types of reasons that might justify denial of permission to amend a pleading include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party.

Espey, supra, at 750; accord, McKinley, supra, at 758.

In this case, there is no undue delay. This motion is filed within the deadline established by the Court's December 12, 2006 Scheduling Order for filing such motions. Indeed, Rule 15(a) provides that where, as here, a plaintiff seeks to amend his complaint before a responsive pleading is served, it may be done "as a matter of course."[1]

Further, there has been no "repeated failure to cure deficiencies by amendments previously allowed"; this is Plaintiff's first request to amend his Complaint.

Similarly, there will be no undue prejudice to Defendant Sidley. To the contrary, in the proposed Amended Complaint, Plaintiff has attempted to eliminate many of the purported defects in the original Complaint that Sidley claimed existed in its Motion to Dismiss, particularly with respect to specificity of allegations of fraud.

Finally, there is no bad faith or dilatory motive on the part of Plaintiff. Plaintiff has been diligently conducting discovery in this case. He merely seeks to be allowed to assert all claims he now believes he has arising out of the subject core of operative facts.

Judicial economy will be promoted by allowing the requested amendment as all claims arising out of the same core of operative facts will be resolved in one judicial proceeding. In addition, complete relief will be awarded in a consistent fashion, as all affected parties will be before the same Court in the same action. Accordingly, the interests of justice will best be served by allowing the requested amendment.

---

[1] In light of the addition of parties and the likely affect on the discovery and trial deadlines in this case, Plaintiff deemed it prudent to request leave of Court.

For the foregoing reasons, Plaintiff respectively requests this Court to grant his motion to amend the Complaint filed simultaneously herewith.

_____
RICHARD BENJAMIN WILKES
Florida Bar No. 267163
**RICHARD BENJAMIN WILKES, P.A.**
600 South Magnolia Avenue, Suite 200
Tampa, Florida 33606
Telephone: (813) 254-6060
Facsimile: (813) 254-6088
rwilkes@rbwilkes.com
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of March, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Richard Benjamin Wilkes

# SERVICE LIST
## Mark J. Gainor v. Sidley, Austin, Brown & Wood, LLP
### Case No. 06-21748-CIV-MARTINEZ-BANDSTRA
### United States District Court, Southern District of Florida

Katherine W. Ezell, Esq.
KEzell@podhurst.com
Podhurst Orseck, P.A.
25 W. Flagler Street, Suite 800
Miami, FL 33130
Telephone: (305) 358-2800
Facsimile: (305) 358-2382
Attorneys for Defendant
Served via CM/ECF

Jonathan E. Altman, Esq.
jonathan.altman@mto.com
Munger, Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5136
Attorneys for Defendant
Served via CM/ECF

Aaron May, Esq.
Aaron.may@mto.com
Munger, Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5136
Attorneys for Defendant
Served via Hand Delivery