UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO. 06-21748-CIV-MARTINEZ-BANDSTRA

MARK J. GAINOR and ELYSE GAINOR,

        Plaintiffs,

v.

SIDLEY AUSTIN, LLP, a Delaware limited
liability Partnership, f/k/a BROWN & WOOD, R.J.
RUBBLE, an individual, ARTHUR ANDERSEN,
LLP, an Illinois limited liability partnership,
MICHAEL S. MARX, an individual, P.
ANTHONY NISSLEY, an individual, MERRILL
LYNCH & CO., INC., a Delaware corporation, and
MARK C. KLOPFENSTEIN, an individual,

        Defendants.

_____

## ANSWER TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

      As a preliminary statement, Sidley Austin LLP ("Brown & Wood") states that the

lawyer principally responsible for writing the opinion letter in question, R.J. Ruble, was expelled

from Brown & Wood in 2003, and Brown & Wood has not had access to him since that time.

On that basis, Brown & Wood asserts that it is without sufficient knowledge to admit or to deny

a number of allegations in the Amended Complaint.  Brown & Wood incorporates this

preliminary statement into each of the paragraphs below.

## GENERAL

      Brown & Wood denies each and every material allegation in the Amended

Complaint, except as expressly admitted herein.  Brown & Wood further denies that any of

CASE NO. 06-21748-CIV-MARTINEZ

Plaintiffs' rights were violated or that they have suffered any damages as a consequence of Brown & Wood's actions. Brown & Wood also denies that Plaintiffs are entitled to any legal or equitable relief.

## THE PARTIES

1.      Brown & Wood admits that Plaintiffs Mark and Elyse Gainor were residents of Georgia at the time they undertook a series of transactions intended to shelter over $17 million in taxes they owed to the federal government (the "301 Transactions"), but denies that Plaintiffs suffered any damages as a result. Brown & Wood is without sufficient knowledge to admit or to deny the remaining allegations in paragraph 1, and therefore denies the same.

2.      Brown & Wood admits the allegations asserted in paragraph 2.

3.      Brown & Wood admits the allegations asserted in paragraph 3.

4.      Brown & Wood admits that Sidley has, and Brown & Wood had, attorneys who have special knowledge, skill and expertise in the field of tax planning. Except as specifically admitted, Brown & Wood denies the allegations of paragraph 4.

5.      Brown & Wood admits the allegations of paragraph 5.

6.      Brown & Wood admits that that Mr. Ruble was a partner in the tax department of Brown & Wood at the time the 301 Transactions were undertaken. Except as specifically admitted, Brown & Wood denies the allegations of paragraph 6.

7.      Brown & Wood admits that Andersen was a worldwide accounting firm. Brown & Wood is without sufficient knowledge to admit or to deny the remaining allegations in paragraph 7, and therefore denies the same.

2839609.9

CASE NO. 06-21748-CIV-MARTINEZ

8.    Brown & Wood admits that Andersen was a worldwide accounting firm. Brown & Wood is without sufficient knowledge to admit or to deny the remaining allegations in paragraph 8, and therefore denies the same.

9.    Brown & Wood is without sufficient knowledge to admit or to deny the allegations in paragraph 9, and therefore denies the same.

10.    Brown & Wood is without sufficient knowledge to admit or to deny the allegations in paragraph 10, and therefore denies the same.

11.    Brown & Wood is without sufficient knowledge to admit or to deny the allegations in paragraph 11, and therefore denies the same.

12.    Brown & Wood is without sufficient knowledge to admit or to deny the allegations in paragraph 12, and therefore denies the same.

13.    Brown & Wood is without sufficient knowledge to admit or to deny the allegations in paragraph 13, and therefore denies the same.

14.    Brown & Wood admits the allegations asserted in paragraph 14.

15.    Brown & Wood admits Merrill Lynch is a large financial services firm. Brown & Wood is without sufficient knowledge to admit or to deny the  allegations in paragraph 15, and therefore denies the same.

16.    Brown & Wood is without sufficient knowledge to admit or to deny the remaining allegations in paragraph 16, and therefore denies the same.

17.    Brown & Wood is without sufficient knowledge to admit or to deny the allegation in paragraph 17, and therefore denies the same.

2839609.9

## JURISDICTION & VENUE

18.      Brown & Wood admits that this purports to be an action for damages in which the matter in controversy exceeds $2 million dollars, but denies that Plaintiffs are entitled to any relief.

19.      Because the allegation in paragraph 19 calls for a legal conclusion, no response is required.

20.      Brown & Wood admits that it is subject to personal jurisdiction in this Court in connection with this action. Brown & Wood is without sufficient knowledge to admit or to deny the allegations in paragraph 20, sections (a), (e) and (f), and therefore denies the same. Brown & Wood denies all remaining allegations asserted in paragraph 20.

21.      Admitted

## NATURE OF THE ACTION

22.      Brown & Wood denies that Gainor was bilked out of money. Brown & Wood is without sufficient knowledge to admit or to deny the remaining allegations in paragraph 22, and therefore denies the same.

23.      Brown & Wood denies that Defendants induced Gainor, and denies that Gainor paid $2,100,000 in fees to implement the 301 Transactions. Brown & Wood is without sufficient knowledge to admit or to deny the remaining allegations in paragraph 23, and therefore denies the same.

24.      Brown & Wood is without sufficient knowledge to admit or to deny that Plaintiffs paid over $17 million in back taxes and interest they owed to the federal government from the sale of assets in their company, Gainor Medical Management ("GMM"), in 1999, and

CASE NO. 06-21748-CIV-MARTINEZ

that Gainor paid professionals during his negotiations with the Internal Revenue Service, and therefore denies the same. Brown & Wood denies the remaining allegations in paragraph 24.

25.    Brown & Wood denies the allegations in paragraph 25.

## GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

26.    Brown & Wood is without sufficient knowledge to admit or to deny the allegations in paragraph 26, and therefore denies the same.

27.    Brown & Wood is without sufficient knowledge to admit or to deny the allegation in paragraph 27, and therefore denies the same.

28.    Brown & Wood is without sufficient knowledge to admit or to deny the allegations in paragraph 28, and therefore denies the same.

29.    Brown & Wood is without sufficient knowledge to admit or to deny the allegations in paragraph 29, and therefore denies the same.

30.    Brown & Wood admits that Arthur Andersen has been a client of Brown & Wood and that in July 1999, Mr. Ruble opened a new matter for Arthur Andersen for "structuring tax advantaged transactions." Brown & Wood is without sufficient knowledge to admit or to deny the remaining allegations of paragraph 30, and therefore denies the same.

31.    Brown & Wood admits that Arthur Andersen was provided with a draft Brown & Wood opinion letter in August 1999. Brown & Wood is without sufficient knowledge to admit or to deny the remaining allegations in paragraph 31, and therefore denies the same.

32.    Brown & Wood is without sufficient knowledge to admit or to deny the allegations in paragraph 32, and therefore denies the same.

- 5 -

33.    Brown & Wood is without sufficient knowledge to admit or to deny the allegations in paragraph 33, and therefore denies the same.

34.    Brown & Wood is without sufficient knowledge to admit or to deny the allegations in paragraph 34, and therefore denies the same.

35.    Brown & Wood is without sufficient knowledge to admit or to deny the allegations in paragraph 35, and therefore denies the same.

36.    Brown & Wood admits that Plaintiffs undertook the 301 Transactions in order to generate over $70 million in apparent capital losses and to shelter over $17 million in taxes they owed.  Brown & Wood also admits that as a part of the 301 Transactions, Mr. Gainor's ownership interest in his two companies, Gainor Medical U.S.A., Inc. ("GMUSA") and Bryan Medical, Inc. ("Bryan Medical"), was transferred to his limited partnership, MJG Partners.  Brown & Wood is without sufficient knowledge to admit or to deny the remaining allegations in paragraph 36, and therefore denies the same.

37.    Brown & Wood admits that the IRS released Notice 99-59 on December 10, 1999.  To the extent that paragraph 37 purports to allege the content of documents, the documents speak for themselves, and Brown & Wood denies any allegations regarding or purporting to characterize the content of those documents that are inconsistent with the documents themselves.

38.    Brown & Wood is without sufficient knowledge to admit or to deny the allegations in paragraph 38, and therefore denies the same.

39.    Brown & Wood is without sufficient knowledge to admit or to deny the allegations in paragraph 39, and therefore denies the same.

- 6 -

CASE NO. 06-21748-CIV-MARTINEZ

40.    Brown & Wood admits that it delivered opinion letters to Plaintiffs on or after December 31, 1999.   To the extent that paragraph 40 purports to allege the content of documents, the documents speak for themselves and Brown & Wood denies any allegations regarding or purporting to characterize the content of those documents that are inconsistent with the documents themselves.

41.    Brown & Wood is without sufficient knowledge to admit or to deny the allegations in paragraph 41, and therefore denies the same.

42.    Brown & Wood admits that the IRS published the enumerated notices on December 22, 2001.  To the extent that paragraph 42 purports to allege the content of documents, the documents speak for themselves and Brown & Wood denies any allegations regarding or purporting to characterize the content of those documents that are inconsistent with the documents themselves.

43.    Brown & Wood admits that it corresponded with Mr. Gainor on March 14, 2002 notifying him of the IRS voluntary disclosure program.  To the extent that paragraph 43 purports to allege the content of documents, the documents speak for themselves and Brown & Wood denies any allegations regarding or purporting to characterize the content of those documents that are inconsistent with the documents themselves.

44.    Brown & Wood is without sufficient knowledge to admit or to deny the allegations in paragraph 44, and therefore denies the same.

45.    Brown & Wood admits that it corresponded with Plaintiffs' representative on or about January 23, 2004.  To the extent that paragraph 45 purports to allege the content of documents, the documents speak for themselves and Brown & Wood denies any allegations regarding or purporting to characterize the content of those documents that are

- 7 -

inconsistent with the documents themselves. Brown & Wood is without sufficient knowledge to admit or to deny the remaining allegations in paragraph 45, and therefore denies the same.

46.     Brown & Wood is without sufficient knowledge to admit or to deny the allegations in paragraph 46, and therefore denies the same.

47.     Brown & Wood is without sufficient knowledge to admit or to deny the allegations in paragraph 47, and therefore denies the same.

48.     Brown & Wood is without sufficient knowledge to admit or to deny the allegations in paragraph 48, and therefore denies the same.

49.     Brown & Wood is without sufficient knowledge to admit or to deny the allegations in paragraph 49, and therefore denies the same.

50.     Brown & Wood is without sufficient knowledge to admit or to deny the allegations in paragraph 50, and therefore denies the same.

## COUNT ONE
## (CONSPIRACY AGAINST ALL DEFENDANTS)

51.     Brown & Wood incorporates each and every answer in paragraphs 1 through 50 above as though fully set forth herein.

52.     Brown & Wood is without sufficient knowledge to admit or to deny the allegations in paragraph 52, and therefore denies the same. Further, to the extent the allegations of paragraph 52 constitute legal conclusions, no response is required.

53.     Brown & Wood admits that it issued opinions in IRS "listed transactions" and that these transactions involved accounting firms and/or investment advisors. Further, to the extent the allegations of paragraph 53 constitute legal conclusions, no response is required.

2839609.9

CASE NO. 06-21748-CIV-MARTINEZ

54.    Brown & Wood admits that the listed transactions resulted in substantial losses. Further, to the extent the allegations of paragraph 54 constitute legal conclusions, no response is required.

55.    Brown & Wood is without sufficient knowledge to admit or to deny the allegations in paragraph 55, and therefore denies the same.

56.    Brown & Wood denies that it authorized or encouraged Arthur Andersen to promise customers that Andersen would supply to them a more-likely-than-not opinion letter from Brown & Wood. Brown & Wood is without sufficient knowledge to admit or to deny the other allegations in paragraph 56, and therefore denies the same.

57.    Brown & Wood is without sufficient knowledge to admit or to deny the allegations in paragraph 57 and therefore denies the same.

58.    Brown & Wood is without sufficient knowledge to admit or to deny the allegations in paragraph 58 and therefore denies the same.

59.    Brown & Wood is without sufficient knowledge to admit or to deny the allegations in paragraph 59 and therefore denies the same.

60.    Brown & Wood admits that Arthur Andersen was a client of Brown & Wood's at the time the 301 Transactions were undertaken by Plaintiffs. Brown & Wood is without sufficient knowledge to admit or to deny what Plaintiffs knew at the time, and therefore denies the same.

61.    Brown & Wood is without sufficient knowledge to admit or to deny the allegations in paragraph 61 and therefore denies the same.

62.    Brown & Wood admits that Mr. Ruble opened a new matter for Arthur Andersen, with Ruble as the partner in charge, for "structuring tax advantaged transactions."

CASE NO. 06-21748-CIV-MARTINEZ

63.    Brown & Wood is without sufficient knowledge to admit or to deny the allegations in paragraph 63, and therefore denies the same.

64.    Brown & Wood is without sufficient knowledge to admit or to deny the remaining allegations in paragraph 64 and therefore denies the same.

65.    Brown & Wood is without sufficient knowledge to admit or to deny the allegations in paragraph 65 and therefore denies the same.

66.    Brown & Wood is without sufficient knowledge to admit or to deny the allegations in paragraph 66 and therefore denies the same.

67.    Brown & Wood is without sufficient knowledge to admit or to deny the allegations in paragraph 67, and therefore denies the same

68.    Brown & Wood is without sufficient knowledge to admit or to deny the allegations asserted in paragraph 68, and therefore denies the same.

69.    Brown & Wood is without sufficient knowledge to admit or to deny the allegations asserted in paragraph 69, and therefore denies the same.

70.    Brown & Wood admits that the 301 Transactions were complex and involved more than one corporate entity.  Brown & Wood denies that the 301 Transactions required Gainor or anyone else to do anything.  Brown & Wood is without sufficient knowledge to admit or to deny the remaining allegations asserted in paragraph 70, and therefore denies the same.

71.    Brown & Wood is without sufficient knowledge to admit or to deny the allegations in paragraph 71, and therefore denies the same.

72.    Brown & Wood is without sufficient knowledge to admit or to deny the allegations asserted in paragraph 72, and therefore denies the same.

- 10 -

73.     Brown & Wood is without sufficient knowledge to admit or to deny the allegations asserted in paragraph 73, and therefore denies the same.

74.     Brown & Wood is without sufficient knowledge to admit or to deny the allegations asserted in paragraph 74, and therefore denies the same.

75.     Brown & Wood admits that the IRS released Notice 99-59 on December 10, 1999. To the extent that paragraph 75 purports to allege the content of documents, the documents speak for themselves, and Brown & Wood denies any allegations regarding or purporting to characterize the content of those documents that are inconsistent with the documents themselves.

76.     Brown & Wood is without sufficient knowledge to admit or to deny the allegation in paragraph 76, and therefore denies the same.

77.     Brown & Wood is without sufficient knowledge to admit or to deny the allegation in paragraph 77, and therefore denies the same.

78.     Brown & Wood admits it delivered to Gainor two tax opinions prepared by Ruble, and that each opinion was over 50 pages in length. To the extent that paragraph 78 purports to allege the content of documents, the documents speak for themselves and Brown & Wood denies any allegations regarding or purporting to characterize the content of those documents that are inconsistent with the documents themselves. Brown & Wood is without sufficient knowledge to admit or to deny the remaining allegations in paragraph 78, and therefore denies the same.

79.     Brown & Wood denies it made pre-transaction representations to Gainor through Andersen. To the extent that paragraph 79 purports to allege the content of documents, the documents speak for themselves, and Brown & Wood denies any allegations regarding or

purporting to characterize the content of those documents that are inconsistent with the documents themselves.

80.     Brown & Wood denies that it withheld information from Gainor or that Brown & Wood made any representations to Gainor other than what is in the Brown & Wood opinion letters, which speak for themselves, and Brown & Wood denies any allegations regarding or purporting to characterize the content of those documents that are inconsistent with the documents themselves. To the extent the allegations in paragraph 80 call for a legal conclusion, no response is necessary. Brown & Wood is without sufficient knowledge to admit or to deny the remaining allegations asserted in paragraph 80, and therefore denies the same.

81.     Brown & Wood denies that it made any representations to Plaintiffs other than those contained in its opinion letters.    Further, to the extent the allegations of paragraph 81 constitute legal conclusions, no response is required. To the extent that paragraph 81 purports to allege the content of documents, the documents speak for themselves, and Brown & Wood denies any allegations regarding or purporting to characterize the content of those documents that are inconsistent with the documents themselves. Brown & Wood is without sufficient knowledge to admit or to deny the remaining allegations in paragraph 81, and therefore denies the same.

82.     Brown & Wood is without sufficient knowledge to admit or to deny the allegations in paragraph 82, and therefore denies the same.

83.     To the extent that paragraph 83 purports to allege the content of documents, the documents speak for themselves, and Brown & Wood denies any allegations regarding or purporting to characterize the content of those documents that are inconsistent with

- 12 -

the documents themselves. Brown & Wood is without sufficient knowledge to admit or to deny the remaining allegations asserted in paragraph 83, and therefore denies the same.

84.    Brown & Wood is without sufficient knowledge to admit or to deny the remaining allegations in paragraph 84, and therefore denies the same.

85.    Brown & Wood denies that it agreed with the other Defendants to induce Gainor to engage in any strategy, and is without sufficient knowledge to admit or to deny the remaining allegations asserted in paragraph 85, and therefore denies the same.

86.    Brown & Wood denies that Plaintiffs were induced to engage in the 301 Transactions. Brown & Wood denies that Plaintiffs paid Defendants over $2,100,000 in fees. Brown & Wood is without sufficient knowledge to admit or to deny the remaining allegations asserted in paragraph 86, and therefore denies the same.

87.    Brown & Wood is without sufficient knowledge to admit or to deny the allegations asserted in paragraph 87, and therefore denies the same.

88.    Brown & Wood is without sufficient knowledge to admit or to deny the allegations asserted in paragraph 88, and therefore denies the same.

89.    Brown & Wood is without sufficient knowledge to admit or to deny the allegations asserted in paragraph 89, and therefore denies the same.

90.    Brown & Wood denies that Gainor was induced to implement the 301 Transactions. To the extent the allegations in paragraph 90 call for a legal conclusion, no response is required. Brown & Wood is without sufficient knowledge to admit or to deny the remaining allegations asserted in paragraph 90, and therefore denies the same.

91.    Brown & Wood is without sufficient knowledge to admit or to deny the allegations asserted in paragraph 91, and therefore denies the same.

- 13 -

92.    Brown & Wood admits that Ruble gave a sample opinion letter to Andersen. Brown & Wood admits that Ruble prepared and signed two opinions. Brown & Wood denies it failed to disclose IRS Notice 99-59 to Plaintiffs. Brown & Wood is without sufficient knowledge to admit or to deny the remaining allegations in paragraph 92, and therefore denies the same.

93.    Brown & Wood is without sufficient knowledge to admit or to deny what acts Merrill Lynch may have taken, and therefore denies the allegations asserted in paragraph 93.

94.    Brown & Wood is without sufficient knowledge to admit or to deny what acts Mr. Klopfenstein may have taken, and therefore denies the allegations asserted in paragraph 94.

95.    Brown & Wood denies that it made any representations to Plaintiffs other than those contained in its opinion letters sent to Plaintiffs. To the extent that paragraph 95 purports to allege the content of documents, the documents speak for themselves, and Brown & Wood denies any allegations regarding or purporting to characterize the content of those documents that are inconsistent with the documents themselves. To the extent the allegations of paragraph 95 are legal conclusions, no response is required. Brown & Wood is without sufficient knowledge to admit or to deny the remaining allegations asserted in paragraph 95, and therefore denies the same.

96.    Brown & Wood denies that Plaintiffs relied on representations made by Brown & Wood. Brown & Wood denies Gainor paid Defendants over $2,100,000 in fees. Brown & Wood is without sufficient knowledge to admit or to deny the remaining allegations asserted in paragraph 96, and therefore denies the same.

- 14 -

CASE NO. 06-21748-CIV-MARTINEZ

97.    Brown & Wood denies the allegations in paragraph 97.

## COUNT TWO
## (PROFESSIONAL MALPRACTICE - SIDLEY)

98.    Brown & Wood incorporates each and every answer in paragraphs 1 through 50 above as though fully set forth herein.

99.    Brown & Wood denies the allegations in paragraph 99.

100.    Whether Brown & Wood had a duty of care is a legal conclusion and requires no response.

101.    Whether Brown & Wood breached a duty of care is a legal conclusion and requires no response.

102.    To the extent that paragraph 102 purports to allege the content of documents, the documents speak for themselves, and Brown & Wood denies any allegations regarding or purporting to characterize the content of those documents that are inconsistent with the documents themselves.

103.    To the extent the allegations in paragraph 103 are legal conclusions, no response is required.  Brown & Wood is without sufficient knowledge to admit or to deny the remaining allegations asserted in paragraph 103, and therefore denies the same.

104.    Brown & Wood denies the allegations in paragraph 104.

105.    Brown & Wood admits that Ruble sent two letters to Gainor, the contents of which speak for themselves.  Brown & Wood is without sufficient knowledge to admit or to deny the remaining allegations asserted in paragraph 105, and therefore denies the same.

106.    To the extent the allegation in paragraph 106 are legal conclusions, no response is required.  Brown & Wood is without sufficient knowledge to admit or to deny the remaining allegations in paragraph 106, and therefore denies the same.

2839609.9

CASE NO. 06-21748-CIV-MARTINEZ

107.    To the extent the allegations in paragraph 107 are legal conclusions, no response is required.  Brown & Wood is without sufficient knowledge to admit or to deny the remaining allegations in paragraph 107, and therefore denies the same.

108.    Brown & Wood is without sufficient knowledge to admit or to deny the allegations asserted in paragraph 108, and therefore denies the same.

109.    Brown & Wood denies the allegations asserted in paragraph 109.

## COUNT THREE
## (BREACH OF CONTRACT - SIDLEY)

110.    Brown & Wood incorporates each and every answer in paragraphs 1 through 50 above as though fully set forth herein.

111.    Brown & Wood denies the allegations in paragraph 111.

112.    Brown & Wood denies the allegations in paragraph 112.

113.    Brown & Wood denies the allegations in paragraph 113.

114.    Brown & Wood denies the allegations in paragraph 114.

115.    Brown & Wood denies the allegations in paragraph 115

116.    Brown & Wood denies the allegations in paragraph 116.

117.    Brown & Wood denies the allegations in paragraph 117.

118.    Brown & Wood denies the allegations in paragraph 118.

## COUNT FOUR
## (BREACH OF CONTRACT IMPLIED IN FACT - SIDLEY)

119.    Brown & Wood incorporates each and every answer in paragraphs 1 through 50 above as though fully set forth herein.

120.    The allegations in paragraph 120 are legal conclusions; therefore no response is required.

- 16 -

CASE NO. 06-21748-CIV-MARTINEZ

121.   Brown & Wood admits that it received a total of $400,000 from Bryan Medical and Lucor in January 2000 for legal services.

122.   Because the allegations in paragraph 122 call for a legal conclusion, no response is required.

123.   To the extent the allegations of paragraph 123 are a legal conclusion, no response is required.  Brown & Wood is without sufficient knowledge to admit or to deny the remaining allegations asserted in paragraph 123, and therefore denies the same.

124.   Brown & Wood denies the allegations in paragraph 124.

## COUNT FIVE
## (BREACH OF CONTRACT IMPLIED IN LAW: UNJUST ENRICHMENT - SIDLEY)

125.   Brown & Wood incorporates each and every answer in paragraphs 1 through 50 above as though fully set forth herein.

126.   Brown & Wood denies the allegations in paragraph 126.

127.   Brown & Wood admits that it has retained the $400,000 it received from Bryan Medical and Lucor in January 2000 for legal services.   Brown & Wood denies the remaining allegations asserted in paragraph 127.

128.   Because the allegations in paragraph 128 call for a legal conclusion, no response is required.

## COUNT SIX
## (NEGLIGENT MISREPRESENTATION - SIDLEY)

129.   Brown & Wood incorporates each and every answer in paragraphs 1 through 50 above as though fully set forth herein.

130.   Brown & Wood admits that it had lawyers with knowledge and expertise in tax matters, and that the firm issued tax opinion letters in the course of its business.  Brown

- 17 -

CASE NO. 06-21748-CIV-MARTINEZ

& Wood is without sufficient knowledge to admit or to deny the remaining allegations asserted in paragraph 130, and therefore denies the same.

131.    Brown & Wood denies that Gainor was induced to implement the 301 Transactions.  Brown & Wood is without sufficient knowledge to admit or to deny the remaining allegations asserted in paragraph 131, and therefore denies the same.

132.    Brown & Wood denies that it made any representations to Plaintiffs other than those contained in its opinion letters to Plaintiffs.  Brown & Wood incorporates by reference its responses to paragraphs 80 and 94.  To the extent that paragraph 132 purports to allege the content of documents, the documents speak for themselves, and Brown & Wood denies any allegations regarding or purporting to characterize the content of those documents that are inconsistent with the documents themselves.

133.    To the extent the allegations in paragraph 133 call for a legal conclusion, no response is required.  Brown & Wood is without sufficient knowledge to admit or to deny the remaining allegations asserted in paragraph 133, and therefore denies the same.

134.    Brown & Wood denies the allegations in paragraph 134.

135.    Brown & Wood denies the allegations in paragraph 135.

136.    Brown & Wood denies the allegations in paragraph 136.

## COUNT SEVEN
## (FRAUDULENT MISREPRESENTATION - SIDLEY)

137.    Brown & Wood incorporates each and every answer in paragraphs 1 through 50 above as though fully set forth herein.

138.    Brown & Wood admits that it had lawyers with knowledge and expertise in tax matters, and that the firm issued tax opinion letters in the course of its business.  Brown

- 18 -

& Wood is without sufficient knowledge to admit or to deny the allegations asserted in paragraph 138, and therefore denies the same.

139.    Brown & Wood denies that Gainor was induced to implement the 301 Transactions. Brown & Wood is without sufficient knowledge to admit or to deny the remaining allegations asserted in paragraph 139, and therefore denies the same.

140.    Brown & Wood denies that it made any representations to Plaintiffs other than those contained in its opinion letters to Plaintiffs. Brown & Wood incorporates by reference its responses to paragraphs 80 and 94. To the extent that paragraph 140 purports to allege the content of documents, the documents speak for themselves, and Brown & Wood denies any allegations regarding or purporting to characterize the content of those documents that are inconsistent with the documents themselves.

141.    Because the allegations in paragraph 141 call for a legal conclusion, no response is required.

142.    Brown & Wood denies the allegations in paragraph 142.

143.    Brown & Wood denies the allegations in paragraph 143

144.    Brown & Wood denies the allegations in paragraph 144.

### COUNT EIGHT
### (TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP BY SIDLEY)

145.    Brown & Wood incorporates each and every answer in paragraphs 1 through 50 above as though fully set forth herein.

146.    Brown & Wood is without sufficient knowledge to admit or to deny the allegations asserted in paragraph 146, and therefore denies the same.

147.    Brown & Wood is without sufficient knowledge to admit or to deny the allegations asserted in paragraph 147, and therefore denies the same.

148.    Brown & Wood denies that it interfered with Plaintiffs' business relationship with Arthur Andersen.  To the extent that the remaining allegations in paragraph 148 call for a legal conclusion, no response is required.

149.    Brown & Wood denies the allegations in paragraph 149.

## COUNT NINE
## (PROFESSIONAL MALPRACTICE - ANDERSEN)

150.    Brown & Wood incorporates each and every answer in paragraphs 1 through 50 above as though fully set forth herein.

151.    Brown & Wood is without sufficient knowledge to admit or to deny allegations asserted against Arthur Andersen, and therefore denies the same.

152.    Brown & Wood is without sufficient knowledge to admit or to deny allegations asserted against Arthur Andersen, and therefore denies the same.

153.    Brown & Wood is without sufficient knowledge to admit or to deny allegations asserted against Arthur Andersen, and therefore denies the same.

154.    Brown & Wood is without sufficient knowledge to admit or to deny allegations asserted against Arthur Andersen, and therefore denies the same.

155.    Brown & Wood is without sufficient knowledge to admit or to deny allegations asserted against Arthur Andersen, and therefore denies the same.

156.    Brown & Wood is without sufficient knowledge to admit or to deny allegations asserted against Arthur Andersen, and therefore denies the same.

157.    Brown & Wood is without sufficient knowledge to admit or to deny allegations asserted against Arthur Andersen, and therefore denies the same.

158.    Brown & Wood is without sufficient knowledge to admit or to deny allegations asserted against Arthur Andersen, and therefore denies the same.

2839609.9

159.    Brown & Wood is without sufficient knowledge to admit or to deny allegations asserted against Arthur Andersen, and therefore denies the same.

160.    Brown & Wood is without sufficient knowledge to admit or to deny allegations asserted against Arthur Andersen, and therefore denies the same.

161.    Brown & Wood is without sufficient knowledge to admit or to deny allegations asserted against Arthur Andersen, and therefore denies the same.

162.    Brown & Wood is without sufficient knowledge to admit or to deny allegations asserted against Arthur Andersen, and therefore denies the same.

163.    Brown & Wood denies Gainor paid Defendants $2,100,000. Brown & Wood is without sufficient knowledge to admit or to deny allegations asserted against Arthur Andersen, and therefore denies the same.

## COUNT TEN
## (BREACH OF CONTRACT - ANDERSEN)

164.    Brown & Wood incorporates each and every answer in paragraphs 1 through 50 above as though fully set forth herein.

165.    Brown & Wood is without sufficient knowledge to admit or to deny allegations asserted against Arthur Andersen, and therefore denies the same.

166.    Brown & Wood is without sufficient knowledge to admit or to deny allegations asserted against Arthur Andersen, and therefore denies the same.

167.    Brown & Wood is without sufficient knowledge to admit or to deny allegations asserted against Arthur Andersen, and therefore denies the same.

168.    Brown & Wood is without sufficient knowledge to admit or to deny allegations asserted against Arthur Andersen, and therefore denies the same.

- 21 -

CASE NO. 06-21748-CIV-MARTINEZ

169.    Brown & Wood is without sufficient knowledge to admit or to deny allegations asserted against Arthur Andersen, and therefore denies the same.

170.    Brown & Wood is without sufficient knowledge to admit or to deny allegations asserted against Arthur Andersen, and therefore denies the same.

171.    Brown & Wood denies Gainor paid Defendants $2,100,000.  Brown & Wood is without sufficient knowledge to admit or to deny allegations asserted against Arthur Andersen, and therefore denies the same.

## COUNT ELEVEN
## (NEGLIGENT MISREPRESENTATION - ANDERSEN)

172.    Brown & Wood incorporates each and every answer in paragraphs 1 through 50 above as though fully set forth herein.

173.    Brown & Wood is without sufficient knowledge to admit or to deny allegations asserted against Arthur Andersen, and therefore denies the same.

174.    Brown & Wood is without sufficient knowledge to admit or to deny allegations asserted against Arthur Andersen, and therefore denies the same.

175.    Brown & Wood is without sufficient knowledge to admit or to deny allegations asserted against Arthur Andersen, and therefore denies the same.

176.    Brown & Wood is without sufficient knowledge to admit or to deny allegations asserted against Arthur Andersen, and therefore denies the same.

177.    Brown & Wood is without sufficient knowledge to admit or to deny allegations asserted against Arthur Andersen, and therefore denies the same.

178.    Brown & Wood is without sufficient knowledge to admit or to deny allegations asserted against Arthur Andersen, and therefore denies the same.

2839609.9

179.    Brown & Wood is without sufficient knowledge to admit or to deny allegations asserted against Arthur Andersen, and therefore denies the same.

180.    Brown & Wood denies Gainor paid $2,100,000 in connection with the 301 Transaction. Brown & Wood is without sufficient knowledge to admit or to deny allegations asserted against Arthur Andersen, and therefore denies the same.

## COUNT TWELVE
## (FRAUD BY ANDERSEN)

181.    Brown & Wood incorporates each and every answer in paragraphs 1 through 50 above as though fully set forth herein.

182.    Brown & Wood is without sufficient knowledge to admit or to deny allegations asserted against Arthur Andersen, and therefore denies the same.

183.    Brown & Wood is without sufficient knowledge to admit or to deny allegations asserted against Arthur Andersen, and therefore denies the same.

184.    Brown & Wood is without sufficient knowledge to admit or to deny allegations asserted against Arthur Andersen, and therefore denies the same.

185.    Brown & Wood is without sufficient knowledge to admit or to deny allegations asserted against Arthur Andersen, and therefore denies the same.

186.    Brown & Wood is without sufficient knowledge to admit or to deny allegations asserted against Arthur Andersen, and therefore denies the same.

187.    Brown & Wood is without sufficient knowledge to admit or to deny allegations asserted against Arthur Andersen, and therefore denies the same.

188.    Brown & Wood is without sufficient knowledge to admit or to deny allegations asserted against Arthur Andersen, and therefore denies the same.

189.    Brown & Wood denies Plaintiffs paid $2,100,000 in connection with the 301 Transaction. Brown & Wood is without sufficient knowledge to admit or to deny the remaining allegations asserted against Arthur Andersen, and therefore denies the same.

### DEMAND FOR JURY TRIAL

190.    Brown & Wood demands trial by jury for all issues so triable as a matter of right.

### DEFENSES AND AFFIRMATIVE DEFENSES

191.    Plaintiffs are not entitled to the relief requested in the Amended Complaint based on the following defenses and affirmative defenses. Brown & Wood reserves the right to add additional defenses as they become known during the course of litigation.

### FIRST AFFIRMATIVE DEFENSE
### (STATUTE OF LIMITATIONS)

192.    Each cause of action, claim, and item of damages did not accrue within the time prescribed by law for them before this action was brought, and therefore is barred by the applicable statutes of limitations.

### SECOND AFFIRMATIVE DEFENSE
### (STATUTE OF FRAUDS)

193.    The agreement alleged in the Amended Complaint was not in writing and signed by Brown & Wood or by some other person authorized by Brown & Wood, and was an agreement that is not to be performed within the space of one year from the making thereof.

2839609.9

CASE NO. 06-21748-CIV-MARTINEZ

### THIRD AFFIRMATIVE DEFENSE
### (ASSUMPTION OF RISK)

194.    Without admitting any wrongful conduct on the part of Brown & Wood, Brown & Wood alleges that Plaintiffs knew of the existence of the danger complained of in the Amended Complaint, realized and appreciated the possibility of injury as a result of the danger, and, having a reasonable opportunity to avoid it, voluntarily exposed themselves to the danger.

### FOURTH AFFIRMATIVE DEFENSE
### (LACK OF STANDING)

195.    Plaintiffs Mark Gainor and Elyse Gainor's claims for transaction costs and fees are barred because they lack standing to pursue such claims.

### FIFTH AFFIRMATIVE DEFENSE
### (UNCLEAN HANDS)

196.    Without admitting any wrongful conduct on the part of Brown & Wood, Brown & Wood alleges that Plaintiffs' recovery is barred, in whole or in part, under the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE
### (*IN PARI DELICTO*)

197.    Without admitting any wrongful conduct on the part of Brown & Wood, Brown & Wood alleges that Plaintiffs' recovery is barred, in whole or in part, under the doctrine of *in pari delicto*.

### SEVENTH AFFIRMATIVE DEFENSE
### (COMPARATIVE NEGLIGENCE)

198.    Without admitting any wrongful conduct on the part of Brown & Wood, Brown & Wood alleges that Plaintiffs' claims against Brown & Wood are barred, in whole or in part, by the comparative and/or contributory negligence of Plaintiffs or others.

- 25 -

CASE NO. 06-21748-CIV-MARTINEZ

### EIGHTH AFFIRMATIVE DEFENSE
### (SUPERSEDING OR INTERVENING CAUSE)

199.    Without admitting any wrongful conduct on the part of Brown & Wood, Brown & Wood alleges that Plaintiffs' claims against Brown & Wood fail because Plaintiffs' injuries, if any, are the product of superseding or intervening causes over which Brown & Wood had no control.

### NINTH AFFIRMATIVE DEFENSE
### (FAILURE TO MITIGATE)

200.    Without admitting any wrongful conduct on the part of Brown & Wood, Brown & Wood alleges that Plaintiffs have failed to mitigate their alleged damages, which bars their recovery in whole or in part.

### TENTH AFFIRMATIVE DEFENSE
### (UNJUST ENRICHMENT)

201.    Without admitting any wrongful conduct on the part of Brown & Wood, Brown & Wood alleges that Plaintiffs' recovery is barred, in whole or in part, under principles of unjust enrichment.

### ELEVENTH AFFIRMATIVE DEFENSE
### (SET-OFF AND/OR RECOUPMENT)

202.    Without admitting any wrongful conduct on the part of Brown & Wood, Brown & Wood alleges that Brown & Wood is entitled to offset and recoup against any judgment that may be entered against it all obligations of Plaintiffs owing to Brown & Wood.

2839609.9

CASE NO. 06-21748-CIV-MARTINEZ

## TWELFTH AFFIRMATIVE DEFENSE
### (RATIFICATION)

203.    Without admitting any wrongful conduct on the part of Brown & Wood, Brown & Wood alleges that Plaintiffs ratified the conduct they complain of in the Amended Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (EQUITABLE ESTOPPEL)

204.    Without admitting any wrongful conduct on the part of Brown & Wood, Brown & Wood alleges that Plaintiffs are equitably estopped from asserting each cause of action, claim, and item of damages in their Amended Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (WAIVER/ABANDONMENT)

205.    Without admitting any wrongful conduct on the part of Brown & Wood, Brown & Wood alleges that Plaintiffs intentionally and voluntarily relinquished their rights to assert each cause of action, claim, and item of damages in their Amended Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (ILLEGALITY)

206.    Without admitting any wrongful conduct on the part of Brown & Wood, Brown & Wood alleges that Plaintiffs' cause of action for breach of contract is barred by illegality of the object of the alleged contract.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (FAILURE TO ALLEGE COGNIZABLE INJURY)

207.    Without admitting any wrongful conduct on the part of Brown & Wood, Brown & Wood alleges that Plaintiffs' claims are barred, in whole or in part, for failure to allege an injury cognizable under the governing law.  Back taxes, interest, and penalties paid to

the IRS are not recoverable, in whole or in part, as damages under applicable law.  Further,

some or all of the damages Plaintiffs seek to recover would violate public policy and/or are

speculative and therefore unrecoverable.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (LACHES)

208.    Without admitting any wrongful conduct on the part of Brown & Wood,

Brown & Wood alleges that Plaintiffs' claims against Brown & Wood are barred in whole or

part by the doctrine of laches.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (LACK OF PARTICULARITY)

209.    Plaintiffs have failed to plead their fraud, negligent misrepresentation,

and aiding and abetting claims against Brown & Wood with the requisite particularity.

### NINETEENTH AFFIRMATIVE DEFENSE
### (MISJOINDER)

210.    To the extent that discovery shows Plaintiffs failed to name a responsible

party and that their failure to do so prevents complete relief from being accorded among those

who are already parties to this litigation, Plaintiffs' claims are barred for failing to join a

necessary party.

### TWENTIETH AFFIRMATIVE DEFENSE
### (ECONOMIC LOSS DOCTRINE)

211.    Plaintiffs' claims are barred in whole or in part by the economic loss

doctrine.

CASE NO. 06-21748-CIV-MARTINEZ

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (RELEASE)

212.    Plaintiffs released and discharged their claims in writing on or about

December 14, 1999 and December 23, 1999.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (FRAUD)

213.    Plaintiffs' contract claims are barred because Plaintiffs made false

representations in connection with the formation and performance of the purported contract(s)

with Brown & Wood.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (REAL PARTY-IN-INTEREST)

214.    Plaintiffs' claims are barred because plaintiffs are not the real parties-in-

interest.


**WHEREFORE**, Defendant SIDLEY AUSTIN LLP demands judgment in its

favor as follows:

(a)    That Plaintiffs MARK GAINOR & ELYSE GAINOR take nothing by

reason of their Amended Complaint, and that judgment be entered in favor of Brown &

Wood;

(b)    That Brown & Wood be awarded its attorney's fees and costs of suit; and

(c)    That Brown & Wood be awarded such other and further relief as the Court

deems just and proper.

2839609.9

CASE NO. 06-21748-CIV-MARTINEZ

DATED: May 10, 2007

By:    s/ Gabriel P. Sanchez

By:    s/ Jonathan E. Altman
(admitted *pro hac vice*)
Aaron M. May (admitted *pro hac vice*)
**MUNGER, TOLLES & OLSON LLP**
355 S. Grand Ave., 35th Floor
Los Angeles, CA 90071
(213) 683-9100 / Fax (213)687-3702

By:    s/Katherine W. Ezell
(SBN 114771)
kezell@podhurst.com
**PODHURST ORSECK, P.A.**
City National Bank Building
25 West Flagler Street, Suite 800
Miami, Florida  33130
(305) 358-2800 / Fax (305) 358-2382

*Attorneys for Sidley Austin LLP*

- 30 -

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy was sent via the Southern District of

Florida's CM/ECF System and/or electronic mail to all counsel of record and by U.S. Mail to the pro se

parties identified on the attached Service List this ___11___ day of May, 2007.

Respectfully submitted,

PODHURST ORSECK, P.A.
25 West Flagler Street, Suite 800
Tel. (305) 358-2800 / Fax (305) 358-238
kezell@podhurst.com

By: s/Katherine W. Ezell
        KATHERINE W. EZELL
        Fla. Bar No. 114771

And

MUNGER, TOLLES & OLSON, LLP
Jonathan E. Altman, Esq.
jonathan.altman@mto.com
Aaron M. May, Esq.
Aaron.may@mto.com
Gabriel P. Sanchez, Esq
gabriel.sanchez@mto.com
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071-1560
(613) 683-9100/Fax (613) 683-5136

Attorneys for Defendant Sidley Austin, LLP

## SERVICE LIST

Richard Benjamin Wilkes, Esq.
Richard W. Candelora, Esq.
Richard Benjamin Wilkes, P.A.
600 South Magnolia Avenue, Suite 200
Tampa, FL 33606
Tel. #: (813) 254-6060
Fax #: (813) 254-6088
E-Mail: rwilkes@rbwilkes.com
Attorneys for Plaintiffs

Stephen J. Anderson, Esq.
2002 Summit Blvd., Suite 1250
Atlanta, GA 30319
Tel. #: (404) 442-1800
Fax #: (404) 442-1820
E-mail: Anderson@andersondailey.com
Attorneys for Mark C. Klopfenstein

Richard A. Morgan, Esq.
E-mail: richard.morgan@bipc.com
Kelly A. McGovern, Esq.
E-mail: kelly.mcgovern@bipc.com
Buchanan Ingersoll & Rooney, PC
Bank of America Tower, 34th Floor
100 Southeast Second Street
Miami, FL 33131
Tel. #: (305) 347-4080
Fax #: (305) 347-4089
Attorneys for Mark C. Klopfenstein

Bennett Falk, Esq.
E-mail: bfalk@bressler.com
Coren Harris Stern, Esq.
E-mail: cstern@bressler.com
Bressler, Amery & Ross
2801 S.W. 149th Ave.
Miramar, Fl 33027
Tel #: (954) 499-7979
Fax #: (954) 499-7969
Attorneys for Merrill Lynch & Co., Inc.

Douglas E. Whitney, Esq.
McDermott Will & Emery
227 West Monroe Street
Chicago, IL 60606-5096
Tel. #: (312) 372-2000
Fax #: (312) 984-7700
E-mail: dwhitney@mwe.com
Attorneys for Arthur Andersen, LLP

Stuart E. Abrams, Esq.
Frankel & Abrams
230 Park Avenue, Suite 3330
New York, NY 10169
Tel. #: (212) 661-5000
Fax #: (212) 661-5007
E-mail: sabrams@frankelabrams.com

R.J. Ruble
1517 Avalon Square
Glen Cover, NY 11542
and
65 Duck Pond Road
Glen Cove, NY 11542


P. Anthony Nissley
350 Melrose Avenue
Kenilworth, IL 60643


Michael S. Marx
110 Trowbridge Road
Atlanta, GA 30350