UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO. 06-21748-CIV-MARTINEZ-BANDSTRA

MARK J. GAINOR and ELYSE GAINOR,

        Plaintiffs,

   vs.

SIDLEY AUSTIN, LLP, a Delaware Limited
Liability Partnership, f/k/a BROWN & WOOD;
R.J. RUBLE, an individual;
ARTHUR ANDERSEN, LLP,
an Illinois Limited Liability Partnership;
MICHAEL S. MARX, an individual;
P. ANTHONY NISSLEY, an individual;
MERRILL LYNCH & CO., INC.,
a Delaware corporation; and
MARK C. KLOPFENSTEIN, an individual,

        Defendants.

_____

**ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIM
BY DEFENDANT MARK C. KLOPFENSTEIN**

    COMES NOW the defendant Mark C. Klopfenstein and, for his answer to the

amended complaint, respectfully shows the Court the following:

**GENERAL DENIAL**

    Mr. Klopfenstein denies each and every material allegation in the Amended

Complaint, except as expressly admitted herein.  Mr. Klopfenstein further denies that any

of the plaintiffs' rights were violated or that they have suffered any damages as result of

anything Mr. Klopfenstein did or did not do.  Mr. Klopfenstein denies that the plaintiffs

are entitled to any legal or equitable relief from him.

Dockets.Justia.com

CASE NO. 06-21748-CIV-MARTINEZ

## RESPONSES TO THE INDIVIDUALLY NUMBERED ALLEGATIONS OF THE AMENDED COMPLAINT

### THE PARTIES

1.      Mr. Klopfenstein admits, upon information and belief, that the plaintiffs were residents of Georgia at the time they undertook a series of transactions to shelter taxes they owed to the federal government and the State of Georgia (the "301 Transactions"), but denies that the plaintiffs suffered any damages as a result. Mr. Klopfenstein is without sufficient knowledge to admit or deny the remaining allegations of paragraph 1, and therefore denies them.

2.      Mr. Klopfenstein admits, upon information and belief, that the defendant Sidley Austin LLP f/k/a Brown & Wood ("Sidley") has its principal place of business in Chicago, Illinois. Mr. Klopfenstein is without sufficient knowledge to admit or deny the remaining allegations of paragraph 2, and therefore denies them.

3.      Mr. Klopfenstein admits, upon information and belief, that the defendant Sidley is a law firm. Mr. Klopfenstein is without sufficient knowledge to admit or deny the remaining allegations of paragraph 3, and therefore denies them.

4.      Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 4, and therefore denies them.

5.      Mr. Klopfenstein admits, upon information and belief, that the defendant R.J. Ruble is an individual. Mr. Klopfenstein is without sufficient knowledge to admit or deny the remaining allegations of paragraph 5, and therefore denies them.

6.      Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 6, and therefore denies them.

7.      Mr. Klopfenstein admits, upon information and belief, that the defendant Arthur Andersen LLP ("Andersen") was a worldwide accounting firm with its principal place of business in Chicago, Illinois.  Mr. Klopfenstein is without sufficient knowledge to admit or deny the remaining allegations of paragraph 7, and therefore denies them.

8.      Mr. Klopfenstein admits, upon information and belief, that the defendant Andersen was a worldwide accounting firm.  Mr. Klopfenstein is without sufficient knowledge to admit or deny the remaining allegations of paragraph 8, and therefore denies them.

9.      Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 9, and therefore denies them.

10.      Mr. Klopfenstein admits, upon information and belief, that the defendant Michael S. Marx is an individual.  Mr. Klopfenstein is without sufficient knowledge to admit or deny the remaining allegations of paragraph 10, and therefore denies them.

11.      Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 11, and therefore denies them.

12.      Mr. Klopfenstein admits, upon information and belief, that the defendant P. Anthony Nissley is an individual.  Mr. Klopfenstein is without sufficient knowledge to admit or deny the remaining allegations of paragraph 12, and therefore denies them.

13.      Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 13, and therefore denies them.

14.      Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 14, and therefore denies them.

15.    Mr. Klopfenstein admits, upon information and belief, that the defendant Merrill Lynch & Co., Inc. ("Merrill") is a large financial services firm.  Mr. Klopfenstein is without sufficient knowledge to admit or deny the remaining allegations of paragraph 15, and therefore denies them.

16.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 16, and therefore denies them.

17.    Admitted.

## JURISDICTION AND VENUE

18.    Mr. Klopfenstein admits that this purports to be an action for damages in which the matter in controversy exceeds $2 million, but denies that the plaintiffs are entitled to any relief.

19.    Because the allegation in paragraph 19 calls for a legal conclusion, no response is required.

20.    Denied.

21.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 21, and therefore denies them.

## NATURE OF THE ACTION

22.    Mr. Klopfenstein denies that the plaintiff Gainor was bilked out of money, denies that he was ever in a position of trust with respect to the plaintiffs, and denies that he was involved in any conspiracy.  Mr. Klopfenstein is without sufficient knowledge to admit or deny the remaining allegations of paragraph 22, and therefore denies them.

23.    Mr. Klopfenstein denies that he induced the plaintiff Gainor, and that he persuaded the plaintiff Gainor to pay any fees.  Mr. Klopfenstein is without sufficient

knowledge to admit or deny the remaining allegations of paragraph 23, and therefore denies them.

24.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations that the plaintiff Gainor paid an additional $17 million in taxes and interest, and that the plaintiff Gainor paid substantial additional amounts in professional fees and costs incurred in negotiations with the Internal Revenue Service ("IRS"), and therefore denies those allegations.  Mr. Klopfenstein denies the remaining allegations of paragraph 24.

25.    Denied.

## GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

26.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 26, and therefore denies them.

27.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 27, and therefore denies them.

28.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 28, and therefore denies them.

29.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 29, and therefore denies them.

30.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 30, and therefore denies them.

31.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 31, and therefore denies them.

32.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 32, and therefore denies them.

33.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 33, and therefore denies them.

34.    Mr. Klopfenstein denies that any fees or transactions costs were payable or paid to any entity he controlled.  Mr. Klopfenstein is without sufficient knowledge to admit or deny the remaining allegations of paragraph 34, and therefore denies them.

35.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 35, and therefore denies them.

36.    Mr. Klopfenstein admits, upon information and belief, that the plaintiff Gainor transferred his ownership interest in two companies, Gainor Medical U.S.A., Inc. ("GMUSA") (by that time having been merged into Lucor Special Investments, Inc. ("LSI")) and Bryan Medical, Inc. ("Bryan Medical") to a limited partnership, MJG Partners.  Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 36, and therefore denies them.

37.    Mr. Klopfenstein admits that the IRS released Notice 99-59 on or about December 10, 1999, and that the document speaks for itself.  Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 37, and therefore denies them.

38.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 38, and therefore denies them.

39.    Mr. Klopfenstein admits that MJG Partners sold its stock in Bryan Medical and LSI to entities with which Mr. Klopfenstein is affiliated on or about

December 14, 1999 and December 23, 1999, respectively.  Mr. Klopfenstein denies the remaining allegations of paragraph 39.

40.     Mr. Klopfenstein admits, upon information and belief, that Sidley delivered two opinion letters to the plaintiff Gainor on or after December 31, 1999, and that the documents speak for themselves.  Mr. Klopfenstein is without sufficient knowledge to admit or deny the remaining allegations of paragraph 40, and therefore denies them.

41.     Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 41, and therefore denies them.

42.     Mr. Klopfenstein admits that the IRS published Announcement 2002-2, 2001 C.B. 304 (Disclosure Initiative) on or about December 22, 2001, and that the document speaks for itself.  Mr. Klopfenstein is without sufficient knowledge to admit or deny the remaining allegations of paragraph 42, and therefore denies them.

43.     Mr. Klopfenstein admits, upon information and belief, that Sidley sent letters to Bryan Medical and LSI.  Mr. Klopfenstein is without sufficient knowledge to admit or deny the remaining allegations of paragraph 43, and therefore denies them.

44.     Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 44, and therefore denies them.

45.     Mr. Klopfenstein admits, on information and belief, that the plaintiff Gainor engaged professionals in connection with the IRS.  Mr. Klopfenstein is without sufficient knowledge to admit or deny the remaining allegations of paragraph 45, and therefore denies them.

46.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 46, and therefore denies them.

47.    Mr. Klopfenstein admits that he, in his capacity as a representative of the buyer entities, has dealt with the IRS in connection with the purchase of stock of Bryan Medical and LSI.  Mr. Klopfenstein denies that he has ever rendered any advice to the plaintiff Gainor.  Mr. Klopfenstein denies the remaining allegations of paragraph 47.

48.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 48, and therefore denies them.

49.    Mr. Klopfenstein, upon information provided by the plaintiff Gainor, denies that plaintiff Gainor could not find a way to determine any legitimacy to the tax deductions.  Mr. Klopfenstein is without sufficient knowledge to admit or deny the remaining allegations of paragraph 49, and therefore denies them.

50.    To the extent the allegation in paragraph 50 calls for a legal conclusion, no response is required.  Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 50, and therefore denies them.

## COUNT I
### (Conspiracy Against All Defendants)

51.    Mr. Klopfenstein incorporates each and every answer set forth in paragraphs 1 through 50 above as though fully set forth herein.

52.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 52, and therefore denies them.

53.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 53, and therefore denies them.

CASE NO. 06-21748-CIV-MARTINEZ

54.     Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 54, and therefore denies them.

55.     Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 55, and therefore denies them.

56.     Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 56, and therefore denies them.

57.     Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 57, and therefore denies them.

58.     Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 58, and therefore denies them.

59.     Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 59, and therefore denies them.

60.     Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 60, and therefore denies them.

61.     Mr. Klopfenstein denies having knowledge of any of the communications alleged in paragraph 61.  Mr. Klopfenstein is without sufficient knowledge to admit or deny the remaining allegations of paragraph 61, and therefore denies them.

62.     Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 62, and therefore denies them.

63.     Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 63, and therefore denies them.

64.     Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 64, and therefore denies them.

65.     Mr. Klopfenstein denies having knowledge of any of the contacts alleged in paragraph 61.  Mr. Klopfenstein is without sufficient knowledge to admit or deny the remaining allegations of paragraph 65, and therefore denies them.

66.     Mr. Klopfenstein admits that he is a former employee of Andersen, and that he was contacted in 1999 by Andersen and by plaintiff Gainor regarding a proposed stock purchase transaction.  Mr. Klopfenstein denies the remaining allegations of paragraph 66.

67.     Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 67, and therefore denies them.

68.     Mr. Klopfenstein denies that any fees were paid to any entities controlled by him.  Mr. Klopfenstein is without sufficient knowledge to admit or deny the remaining allegations of paragraph 68, and therefore denies them.

69.     Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 69, and therefore denies them.

70.     Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 70, and therefore denies them.

71.     Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 71, and therefore denies them.

72.     Mr. Klopfenstein admits that he, acting in his capacity as a representative of the buyer entities, engaged a law firm that performed due diligence in connection with the purchase of the stock of Bryan Medical and LSI.  Mr. Klopfenstein denies the remaining allegations of paragraph 72.

73.     Denied.

74.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 74, and therefore denies them.

75.    Mr. Klopfenstein admits that the IRS released Notice 99-59 on or about December 10, 1999, and that the document speaks for itself.  Mr. Klopfenstein is without sufficient knowledge to admit or deny the remaining allegations of paragraph 75, and therefore denies them.

76.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 76, and therefore denies them.

77.    Mr. Klopfenstein admits that entities with which he was affiliated purchased the stock of Bryan Medical on or about December 14, 1999, and purchased the stock of LSI on or about December 23, 1999.  Mr. Klopfenstein is without sufficient knowledge to admit or deny the remaining allegations of paragraph 77, and therefore denies them.

78.    Mr. Klopfenstein admits, on information and belief, that Sidley delivered two letters signed by Mr. Ruble on or about December 31, 1999.  Mr. Klopfenstein is without sufficient knowledge to admit or deny the remaining allegations of paragraph 78, and therefore denies them.

79.    Mr. Klopfenstein states that the letters referenced in paragraph 79 speak for themselves.  Mr. Klopfenstein is without sufficient knowledge to admit or deny the remaining allegations of paragraph 79, and therefore denies them.

80.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 80, and therefore denies them.

81.     Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 81, and therefore denies them.

82.     Mr. Klopfenstein admits that entities with which he was affiliated purchased the stock of Bryan Medical and LSI, and that the corporations paid sums to Merrill.  Mr. Klopfenstein is without sufficient knowledge to admit or deny the remaining allegations of paragraph 82, and therefore denies them.

83.     Mr. Klopfenstein states that the documents referenced in paragraph 83 speak for themselves.  Mr. Klopfenstein denies the remaining allegations of paragraph 83.

84.     Mr. Klopfenstein admits that Andersen prepared tax returns for Bryan Medical and LSI.  Mr. Klopfenstein denies the remaining allegations of paragraph 64.

85.     Mr. Klopfenstein denies that he agreed with any of the defendants to combine their activities, and that he induced the plaintiff Gainor to do or believe anything.  Mr. Klopfenstein is without sufficient knowledge to admit or deny the remaining allegations of paragraph 85, and therefore denies them.

86.     Mr. Klopfenstein denies that any fees were paid by the plaintiffs to him or any affiliated entities.  Mr. Klopfenstein is without sufficient knowledge to admit or deny the remaining allegations of paragraph 86, and therefore denies them.

87.     Mr. Klopfenstein is without sufficient knowledge to admit or deny the remaining allegations of paragraph 87, and therefore denies them.

88.     Mr. Klopfenstein is without sufficient knowledge to admit or deny the remaining allegations of paragraph 89, and therefore denies them.

89.     Denied.

CASE NO. 06-21748-CIV-MARTINEZ

90.     Mr. Klopfenstein denies that he agreed to combine in any way with the other defendants; that he induced the plaintiff Gainor to do anything; that he or any affiliated entity was part of any conspiracy; that he, or any affiliated entity, had any improper purpose; and that he was privy to any tax strategy of the plaintiffs.  Mr. Klopfenstein is without sufficient knowledge to admit or deny the remaining allegations of paragraph 90, and therefore denies them.

91.     Mr. Klopfenstein denies that he, or any affiliated entity, was ever notified by Andersen as set forth in paragraph 91.  Mr. Klopfenstein is without sufficient knowledge to admit or deny the remaining allegations of paragraph 91, and therefore denies them.

92.     Mr. Klopfenstein is without sufficient knowledge to admit or deny the remaining allegations of paragraph 92, and therefore denies them.

93.     Mr. Klopfenstein is without sufficient knowledge to admit or deny the remaining allegations of paragraph 93, and therefore denies them.

94.     Mr. Klopfenstein admits that he, acting in his capacity as a representative of the buyer entities, engaged a law firm that conducted due diligence of Bryan Medical and LSI in connection with the purchase of Bryan Medical stock and LSI stock; that entities with which he was affiliated purchased the stock of Bryan Medical and LSI; and that Bryan Medical and LSI paid sums to Merrill.  Mr. Klopfenstein denies the remaining allegations of paragraph 94.

95.     Mr. Klopfenstein denies that he made any representations to the plaintiff Gainor, and specifically any of the representations set forth in paragraph 95.  Mr. Klopfenstein further states that, to the extent the allegations of paragraph 95 are legal

conclusions, no response is required.  Mr. Klopfenstein is without sufficient knowledge to admit or deny the remaining allegations of paragraph 95, and therefore denies them.

96.    Mr. Klopfenstein denies that he, or any entity he represented, was part of any conspiracy.  Mr. Klopfenstein is without sufficient knowledge to admit or deny the remaining allegations of paragraph 96, and therefore denies them.

97.    Denied.

## COUNT II
### (Professional Malpractice – Sidley)

98.    Mr. Klopfenstein incorporates each and every answer set forth in paragraphs 1 through 50 above as though fully set forth herein.

99.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 99, and therefore denies them.

100.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 100, and therefore denies them.

101.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 101, and therefore denies them.

102.    Mr. Klopfenstein states that the letters referenced in paragraph 102 speak for themselves.  Mr. Klopfenstein is without sufficient knowledge to admit or deny the remaining allegations of paragraph 102, and therefore denies them.

103.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 103, and therefore denies them.

104.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 104, and therefore denies them.

105.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 105, and therefore denies them.

106.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 106, and therefore denies them.

107.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 107, and therefore denies them.

108.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 108, and therefore denies them.

109.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 109, and therefore denies them.

## COUNT III
### (Breach of Contract – Sidley)

110.    Mr. Klopfenstein incorporates each and every answer set forth in paragraphs 1 through 50 above as though fully set forth herein.

111.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 111, and therefore denies them.

112.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 112, and therefore denies them.

113.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 113, and therefore denies them.

114.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 114, and therefore denies them.

115.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 115, and therefore denies them.

116.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 116, and therefore denies them.

117.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 117, and therefore denies them.

118.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 118, and therefore denies them.

## COUNT IV
**(Breach of Contract Implied in Fact – Sidley)**

119.    Mr. Klopfenstein incorporates each and every answer set forth in paragraphs 1 through 50 above as though fully set forth herein.

120.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 120, and therefore denies them.

121.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 121, and therefore denies them.

122.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 122, and therefore denies them.

123.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 123, and therefore denies them.

124.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 124, and therefore denies them.

## COUNT V
**(Breach of Contract Implied in Fact; Unjust Enrichment – Sidley)**

125.    Mr. Klopfenstein incorporates each and every answer set forth in paragraphs 1 through 50 above as though fully set forth herein.

126.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 126, and therefore denies them.

127.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 127, and therefore denies them.

128.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 128, and therefore denies them.

## COUNT VI
### (Negligent Misrepresentation – Sidley)

129.    Mr. Klopfenstein incorporates each and every answer set forth in paragraphs 1 through 50 above as though fully set forth herein.

130.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 130, and therefore denies them.

131.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 131, and therefore denies them.

132.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 132, and therefore denies them.

133.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 133, and therefore denies them.

134.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 135, and therefore denies them.

135.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 135, and therefore denies them.

136.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 136, and therefore denies them.

## COUNT VII
### (Fraudulent Misrepresentation – Sidley)

137.    Mr. Klopfenstein incorporates each and every answer set forth in paragraphs 1 through 50 above as though fully set forth herein.

138.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 138, and therefore denies them.

139.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 139, and therefore denies them.

140.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 140, and therefore denies them.

141.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 141, and therefore denies them.

142.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 142, and therefore denies them.

143.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 143, and therefore denies them.

144.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 144, and therefore denies them.

## COUNT VIII
### (Tortious Interference with an Advantageous Business Relationship by Sidley)

145.    Mr. Klopfenstein incorporates each and every answer set forth in paragraphs 1 through 50 above as though fully set forth herein.

146.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 144, and therefore denies them.

147.     Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 147, and therefore denies them.

148.     Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 148, and therefore denies them.

149.     Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 149, and therefore denies them.

## COUNT IX
### (Professional Malpractice – Andersen)

150.     Mr. Klopfenstein incorporates each and every answer set forth in paragraphs 1 through 50 above as though fully set forth herein.

151.     Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 151, and therefore denies them.

152.     Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 152, and therefore denies them.

153.     Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 153, and therefore denies them.

154.     Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 154, and therefore denies them.

155.     Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 155, and therefore denies them.

156.     Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 156, and therefore denies them.

157.     Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 157, and therefore denies them.

CASE NO. 06-21748-CIV-MARTINEZ

158.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 158, and therefore denies them.

159.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 159, and therefore denies them.

160.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 160, and therefore denies them.

161.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 161, and therefore denies them.

162.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 162, and therefore denies them.

163.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 163, and therefore denies them.

<u>**COUNT X**</u>
**(Breach of Contract – Andersen)**

164.    Mr. Klopfenstein incorporates each and every answer set forth in paragraphs 1 through 50 above as though fully set forth herein.

165.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 165, and therefore denies them.

166.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 166, and therefore denies them.

167.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 167, and therefore denies them.

168.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 168, and therefore denies them.

169.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 169, and therefore denies them.

170.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 170, and therefore denies them.

171.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 171, and therefore denies them.

### COUNT XI
### (Negligent Misrepresentation – Andersen)

172.    Mr. Klopfenstein incorporates each and every answer set forth in paragraphs 1 through 50 above as though fully set forth herein.

173.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 173, and therefore denies them.

174.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 174, and therefore denies them.

175.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 175, and therefore denies them.

176.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 176, and therefore denies them.

177.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 177, and therefore denies them.

178.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 178, and therefore denies them.

179.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 179, and therefore denies them.

180.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 180, and therefore denies them.

## COUNT XII
### (Fraud by Andersen)

181.    Mr. Klopfenstein incorporates each and every answer set forth in paragraphs 1 through 50 above as though fully set forth herein.

182.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 182, and therefore denies them.

183.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 183, and therefore denies them.

184.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 184, and therefore denies them.

185.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 185, and therefore denies them.

186.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 186, and therefore denies them.

187.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 187, and therefore denies them.

188.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 188, and therefore denies them.

189.    Mr. Klopfenstein is without sufficient knowledge to admit or deny the allegations of paragraph 189, and therefore denies them.

## DEFENSES AND AFFIRMATIVE DEFENSES

The plaintiffs are not entitled to the relief requested in the Amended Complaint based on the following defenses and affirmative defenses. Mr. Klopfenstein reserves the right to add additional defenses as they become known during the course of the litigation.

### FIRST DEFENSE
### (FAILURE TO STATE A CLAIM)

The complaint fails to state a claim upon which relief can be granted, and therefore it should be dismissed.

### SECOND DEFENSE
### (RELEASE)

The plaintiffs have released and discharged their claims against Mr. Klopfenstein in writing.

### THIRD DEFENSE
### (INDEMNIFICATION)

The plaintiffs have indemnified Mr. Klopfenstein in writing against the claims and damages alleged in the Amended Complaint.

### FOURTH DEFENSE
### (REAL PARTY IN INTEREST)

The plaintiffs' claims are barred because they are not the real parties in interest to the claims and damages alleged in the complaint.

### FIFTH DEFENSE
### (LACK OF PERSONAL JURISDICTION)

This Court does not have personal jurisdiction over Mr. Klopfenstein.

### SIXTH DEFENSE
### (IMPROPER VENUE)

Venue with respect to Mr. Klopfenstein is improper in this Court.

CASE NO. 06-21748-CIV-MARTINEZ

**SEVENTH DEFENSE**
**(LACK OF RELATIONSHIP)**

The plaintiffs had no relationship, contractual or otherwise, with Mr.

Klopfenstein, and so the plaintiffs' claims against Mr. Klopfenstein should be dismissed.

**EIGHTH DEFENSE**
**(SET OFF AND RECOUPMENT)**

Without admitting any wrongful conduct on the part of Mr. Klopfenstein, Mr.

Klopfenstein alleges that he is entitled to offset and recoup against any judgment that

may be entered against him all obligations of the plaintiffs to Mr. Klopfenstein.

**NINTH DEFENSE**
**(STATUTE OF LIMITATIONS)**

Each cause of action, claim and item of damages did not accrue within the time

prescribed by law for them before this action was brought, and therefore each is barred by

the applicable statutes of limitations.

**TENTH DEFENSE**
**(ASSUMPTION OF RISK)**

Without admitting any wrongful conduct on the part of Mr. Klopfenstein, Mr.

Klopfenstein alleges that the plaintiffs knew of the existence of the danger complained of

in the Amended Complaint, realized and appreciated the possibility of injury as a result

of that danger, and, having a reasonable opportunity to avoid it, voluntarily exposed

themselves to the danger.

**ELEVENTH DEFENSE**
**(LACK OF STANDING)**

The plaintiffs' claims for transaction costs and fees are barred because they lack

standing to pursue such claims.

## TWELFTH DEFENSE
### (UNCLEAN HANDS)

Without admitting any wrongful conduct on the part of Mr. Klopfenstein, Mr. Klopfenstein alleges that the plaintiffs' recovery is barred, in whole or in part, under the doctrine of unclean hands.

## THIRTEENTH DEFENSE
### (IN PARI DELICTO)

Without admitting any wrongful conduct on the part of Mr. Klopfenstein, Mr. Klopfenstein alleges that the plaintiffs' recovery is barred, in whole or in part, under the doctrine of in pari delicto.

## FOURTEENTH DEFENSE
### (COMPARATIVE AND CONTRIBUTORY NEGLIGENCE)

Without admitting any wrongful conduct on the part of Mr. Klopfenstein, Mr. Klopfenstein alleges that the plaintiffs' recovery is barred, in whole or in part, by the comparative and/or contributory negligence of the plaintiffs or others.

## FIFTEENTH DEFENSE
### (SUPERSEDING OR INTEVENING CAUSE)

Without admitting any wrongful conduct on the part of Mr. Klopfenstein, Mr. Klopfenstein alleges that the plaintiffs' claims against Mr. Klopfenstein fail because the plaintiffs' injuries, if any, are the product of superseding or intervening causes over which Mr. Klopfenstein had no control.

## SIXTEENTH DEFENSE
### (FAILURE TO MITIGATE)

Without admitting any wrongful conduct on the part of Mr. Klopfenstein, Mr. Klopfenstein alleges that the plaintiffs have failed to mitigate their alleged damages, which bars their recovery in whole or in part.

CASE NO. 06-21748-CIV-MARTINEZ

## SEVENTEENTH DEFENSE
### (UNJUST ENRICHMENT)

Without admitting any wrongful conduct on the part of Mr. Klopfenstein, Mr. Klopfenstein alleges that the plaintiffs' recovery is barred, in whole or in part, under principles of unjust enrichment.

## EIGHTEENTH DEFENSE
### (RATIFICATION)

Without admitting any wrongful conduct on the part of Mr. Klopfenstein, Mr. Klopfenstein alleges that the plaintiffs ratified the conduct they complain about in the Amended Complaint.

## NINETEENTH DEFENSE
### (EQUITABLE ESTOPPEL)

Without admitting any wrongful conduct on the part of Mr. Klopfenstein, Mr. Klopfenstein alleges that the plaintiffs are equitably estopped from asserting each cause of action, claim and item of damages alleged in the Amended Complaint.

## TWENTIETH DEFENSE
### (WAIVER/ABANDONMENT)

Without admitting any wrongful conduct on the part of Mr. Klopfenstein, Mr. Klopfenstein alleges that the plaintiffs intentionally and voluntarily relinquished their rights to assert each cause of action, claim and item of damages alleged in the Amended Complaint.

## TWENTY FIRST DEFENSE
### (ILLEGALITY)

Without admitting any wrongful conduct on the part of Mr. Klopfenstein, Mr. Klopfenstein alleges that the plaintiffs' causes of action are barred by the doctrine of illegality.

### TWENTY SECOND DEFENSE
### (FAILURE TO ALLEGE COGNIZABLE INJURY)

Without admitting any wrongful conduct on the part of Mr. Klopfenstein, Mr. Klopfenstein alleges that the plaintiffs' claims are barred, in whole or in part, for failure to allege an injury cognizable under the governing law. Furthermore, some or all of the damages the plaintiffs seek to recover violate public policy. Furthermore, some or all of the damages the plaintiffs seek to recover are speculative and therefore not recoverable.

### TWENTY THIRD DEFENSE
### (LACHES)

Without admitting any wrongful conduct on the part of Mr. Klopfenstein, Mr. Klopfenstein alleges that the plaintiffs' causes of action are barred by the doctrine of laches.

### TWENTY FOURTH DEFENSE
### (ECONOMIC LOSS DOCTRINE)

The plaintiffs' claims are barred in whole or in part by the economic loss doctrine.

WHEREFORE, the defendant Mark C. Klopfenstein demands judgment in his favor as follows:

(a)    That the plaintiffs Mark Gainor and Elyse Gainor take nothing by reason of their Amended Complaint, and that judgment be entered in favor of Mark C. Klopfenstein;

(b)    That the defendant Mark C. Klopfenstein be awarded his attorneys' fees and costs of suit; and

(c)    That the defendant Mark C. Klopfenstein be awarded such other and further relief as the Court deems just and proper.

CASE NO. 06-21748-CIV-MARTINEZ

## COUNTERCLAIM

COMES NOW Mark C. Klopfenstein and, specifically without waiving his affirmative defenses of lack of personal jurisdiction and lack of venue, for his counterclaim against the plaintiffs respectfully shows the Court the following:

1.    This Court has personal jurisdiction over the plaintiffs.

2.    The plaintiffs are, or were at all material times, members of MJG Ventures, LLC ("MJG Ventures").  MJG Ventures is, or was at all material times, the General Partner of MJG Partners, L.P. ("MJG Partners").

3.    In December, 1999 MJG Partners sold stock in Bryan Medical to Bryan Holdings, LLC, a Georgia limited liability company ("Bryan Holdings") and stock in LSI to LSI Holdings, LLC, a Georgia limited liability company ("LSI Holdings").

4.    Mr. Klopfenstein is affiliated with Bryan Holdings and LSI Holdings.

5.    In connection with the sale of stock of Bryan Medical to Bryan Holdings and LSI to LSI Holdings, the plaintiffs, as members of MJG Ventures, executed a general release and indemnification agreements, pursuant to which the plaintiffs agreed to indemnify and hold harmless Mr. Klopfenstein, as an affiliate of Bryan Holdings and LSI Holdings, and others against any and all losses arising, directly or indirectly, from or in connection with the assertion of any claim, by the plaintiffs or any third party, relating to the sale of stock of Bryan Medical to Bryan Holdings and LSI to LSI Holdings.

6.    Simultaneously with the execution of the general releases and indemnification agreements, the plaintiff Mark J. Gainor executed Guaranty Agreements guarantying the obligations of the plaintiffs, and others, pursuant to, among other things, the release and indemnification agreements.

7.      The plaintiffs have breached their obligations under the releases and indemnification agreements, and Mr. Gainor has breached his obligations under the Guaranty Agreements.

8.      Mr. Klopfenstein has suffered, and continues to suffer, losses arising, directly and indirectly, from and in connection with the assertion of a claim relating to the sale of stock of Bryan Medical to Bryan Holdings and LSI to LSI Holdings, including the claims set forth in the plaintiffs' complaint.

9.      Mr. Klopfenstein is entitled to recover his losses in full, including but not limited to his attorneys' fees and expenses of litigation, from the plaintiffs.

WHEREFORE, Mark C. Klopfenstein respectfully requests that judgment be entered in his favor and against the plaintiffs in an amount to be proven at trial; that he recover his attorneys' fees and expenses of litigation from the plaintiffs; and that the Court enter such further and additional relief as it deems just and proper.

DATED:      May 22, 2007.

Respectfully submitted,

**BUCHANAN INGERSOLL
& ROONEY, P.C.**
Bank of America Tower
100 S.E. 2nd Street
34th Floor
Miami, Florida 33131
Phone: (305) 347-4080
Fax: (305) 347-4089

**s/** *Richard A. Morgan*
Richard A. Morgan
Fla. Bar No.: 836869

CASE NO. 06-21748-CIV-MARTINEZ

**ANDERSON DAILEY LLP**
2002 Summit Boulevard
Suite 1250
Atlanta, Georgia 30319
Phone: (404) 442-1800
Fax: (404) 442-1820

*s/Stephen J.  Anderson*
Stephen J. Anderson
Georgia Bar No. 018325
Admitted pro hac vice

Attorneys for Defendant
Mark C. Klopfenstein

CASE NO. 06-21748-CIV-MARTINEZ

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy was sent via the Southern

District of Florida's CM/ECF System and/or electronic mail to all counsel of record and

by U.S. mail to the pro se parties identified on the attached Service List this 22nd day of

May, 2007.

Respectfully submitted,

**BUCHANAN INGERSOLL
& ROONEY, P.C.**
Bank of America Tower
100 S.E. 2nd Street
34th Floor
Miami, Florida 33131
Phone: (305) 347-4080
Fax: (305) 347-4089

<u>s</u>/ <u>*Richard A. Morgan*</u>
Richard A. Morgan
Fla. Bar No.: 836869

**ANDERSON DAILEY LLP**
2002 Summit Boulevard
Suite 1250
Atlanta, Georgia 30319
Phone: (404) 442-1800
Fax: (404) 442-1820

<u>*s/Stephen J. Anderson*</u>
Stephen J. Anderson
Georgia Bar No. 018325
Admitted pro hac vice

Attorneys for Defendant
Mark C. Klopfenstein

CASE NO. 06-21748-CIV-MARTINEZ

**SERVICE LIST**

Katherine W. Ezell, Esq.
**PODHURST ORSECK, P.A.**
25 West Flagler Street
Suite 800
Miami, Florida 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
E-mail:kezell@podhurst.com

Jonathan E. Altman, Esq.
Aaron M. May, Esq.
Gabriel P. Sanchez, Esq.
**MUNGER, TOLLES & OLSON, LLP**
355 South Grand Avenue
35th Floor
Los Angeles, California 90071
Phone: (613) 683-9100
Fax: (613) 683-5136
E-mail:jonathan.altman@mto.com
       aaron.may@mto.com
       gabriel.sanchez@mto.com
**Attorneys for Defendant Sidley Austin, LLP**

Richard Benjamin Wilkes, Esq.
Richard W. Candelora, Esq.
**RICHARD BENJAMIN WILKES, P.A.**
600 South Magnolia Avenue
Suite 200
Tampa, Florida 33606
Phone: (813) 254-6060
Fax: (813) 254-6088
E-mail:rwilkes@rbwilkes.com
**Attorneys for Plaintiffs**

Bennett Falk, Esq.
Coren Harris Stern, Esq.
**BRESSLER, AMERY & ROSS**
2801 S.W. 149th Avenue
Miramar, Florida 33027
Phone: (954) 499-7979
Fax: (954) 499-7969
E-mail:bfalk@bressler.com
       cstern@bressler.com

CASE NO. 06-21748-CIV-MARTINEZ

**Attorneys for Merrill Lynch & Co., Inc.**

Douglas E. Whitney, Esq.
**McDERMOTT WILL & EMERY**
227 West Monroe Street
Chicago, Illinois 60606-5096
Phone: (312) 372-2000
Fax: (312) 984-7700
E-mail:dwhitney@mwe.com
**Attorneys for Arthur Anderson, LLP**

Sturart E. Abrams, Esq.
**FRANKEL & ABRAMS**
230 Park Avenue
Suite 3330
New York, New York 10169
Phone: (212) 661-5000
Fax: (212) 661-5007
E-mail:sabrams@frankelabrams.com

R.J. Ruble
1517 Avalon Square
Glen Cover, New York 11542
And
62 Duck Pond Road
Glen Cove, New York 11542

P. Anthony Nissley
350 Melrose Avenue
Kenilworth, Illinois 60643

Michael S. Marx
110 Trowbridge Road
Atlanta, Georgia 30350