UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: 06-21748-CIV-MARTINEZ-BANDSTRA

MARK J. GAINOR and ELYSE GAINOR,

      Plaintiffs,

v.

SIDLEY AUSTIN LLP, a Delaware limited liability
Partnership, f/k/a SIDLEY AUSTIN
BROWN & WOOD, f/k/a BROWN & WOOD,
R. J. RUBLE, an individual, ARTHUR
ANDERSEN, LLP, an Illinois limited liability
partnership, MICHAEL S. MARX, an individual,
P. ANTHONY NISSLEY, an individual,
MERRILL LYNCH & CO., INC., a Delaware
corporation, and MARK C. KLOPFENSTEIN,
an individual,

      Defendants.
_____/

## JOINT SCHEDULING REPORT

Pursuant to Local Rule 16.1.B of the Southern District of Florida, a meeting was held via telephone conference[*] on May 17, 2007, and was attended by:

| **Name** | **Counsel for:** |
|---|---|
| Richard Benjamin Wilkes | Plaintiffs |
| Jonathan Altman | Defendant, Sidley Austin, LLP |
| Aaron May | Defendant, Sidley Austin, LLP |
| Katherine Ezell | Defendant, Sidley Austin, LLP |
| Douglas Whitney | Defendants, Arthur Andersen, LLP, Michael S. Marx and P. Anthony Nissley |
| Keith Olin | Defendant, Merrill Lynch & Co. |
| Stephen Anderson | Defendant, Mark C. Klopfenstein |

    1. The Parties agree that settlement is **unlikely**; this case has already been mediated to impasse.

---

[*] In an Order dated May 15, 2007, the court agreed to allow the parties to meet telephonically – an exception to paragraph 4 of its July 21, 2006 Order, which required an in-person meeting.

2. The Parties agree that the appearance of additional parties is **unlikely**, with the possible exception of Lucor Special Investments, n/k/a Logos Corporation and Bryan Medical, Inc., n/k/a Bryan Ventures, Inc., companies with which the Defendant, Mark Klopfenstein, is affiliated. Further, the parties note that the Defendant, R.J. Ruble has still not been served with process and did not participate in this scheduling report.

3. Time limits:

    a. The Parties propose that the time to join other parties and to amend pleadings shall occur by or before **December 31, 2007**.

    b. The Parties propose that all summary judgment, *Daubert* and other dispositive motions shall be filed by **June 30, 2008**; and

    c. The Plaintiffs and Defendants, Sidley Austin, Arthur Andersen, Michael S. Marx, P. Anthony Nissley and Merrill Lynch propose that discovery shall be completed by **May 31, 2008**, although Defendant, Mark C. Klopfenstein, does not believe that discovery will take more than six months to complete.

4. Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment:

    **The parties have agreed and propose to simplify issues by having counsel for the Parties meet, either in person or by phone, within 6 months to attempt to draft a stipulation of undisputed facts and to specifically identify issues for trial. The Parties propose that the deadline for filing of motions for summary judgment/partial summary judgment be June 30, 2008.**

5. The necessity or desirability of amendments to the pleadings:

    **Plaintiffs see no need at this time to amend the pleadings; however, the case is not yet at issue as to all Defendants.**

6. Possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof, stipulations regarding authenticity of documents and the need for advance rulings from the Court on admissibility of evidence:

    **The Parties do not anticipate any issues pertaining to the authenticity of documents.**

7. Suggestions for the avoidance of unnecessary proof and of cumulative evidence:

   **The Parties do not anticipate any issues pertaining to unnecessary proof or cumulative evidence.**

8. Suggestions on the advisability of referring matters to a magistrate judge or master:

   **The Parties do not anticipate the need for the appointment of a Master. The Parties have given their consent to allow some matters to be referred to a magistrate judge.**

9. Preliminary estimate of the time required for trial:

   **The Parties anticipate the trial will take 18 days.**

10. Requested date or dates for conferences before trial, a final pretrial conference and trial:

    (a)  **The Parties do not anticipate the need for a case management conference before the Court at this time.**

    (b)  **The Parties agree to be ready for a final pre-trial conference by October 1, 2008.**

    (c)  **The Parties agree to be ready for trial on November 1, 2008.**

11. Other information helpful to Court in setting the case for status or pretrial conference:

    **None at this time.**

12. The Parties agree that the trial of this matter shall be by:

    **The Plaintiffs and Sidley Austin LLP have demanded a jury trial.**

13. Outline of the legal elements of each claim and defense raised by the pleadings (modeled on applicable pattern substantive jury instructions):

    **Plaintiffs contend that the legal elements of their claims further to the subject jury instructions are as follows:**[†]

---

[†] Defendants do not at this time agree that Florida law applies.

**Count I – Conspiracy (against all Defendants)**

The elements of a cause of action for conspiracy under Florida law are: "(1) a conspiracy between two or more parties; (2) to do an unlawful act or a lawful act by unlawful means; (3) the doing of some overt act in the pursuance of a conspiracy; and (4) damage to plaintiff as a result of the acts done under this conspiracy." Primerica Financial Svcs., Inc. v. Mitchell, 48 F. Supp.2d 1363, 1369 (S.D. Fla. 1999); Wolpin v. Phillip Morris, Inc., 974 F. Supp. 1465, 1471 (S.D. Fla. 1997).

**Counts II, IX Professional Malpractice (against Sidley and Arthur Andersen)**

"In a suit against an attorney for negligence, the plaintiff must prove three things in order to recover: (1) The attorney's employment; (2) his neglect of a reasonable duty; and (3) that such negligence resulted in and was the proximate cause of loss to the client." Weiner v. Moreno, 271 So. 2d 217, 219 (Fla. 3d DCA 1973), cited in Mayo v. Engel, 733 F.2d 807 (11th Cir. 1984) and F.D.I.C. v. Stahl, 840 F Supp 124 (S.D. Fla. 1993), aff'd, 89 F.3d 1510 (11th Cir. 1996).

**Counts III, X – Breach of Contract (against Sidley and Arthur Andersen)**

"The elements of a breach of contract action are: (1) a valid contract; (2) a material breach; and (3) damages." Abbott Laboratories, Inc v. General Electric Capital, 765 So.2d 737, 740 (Fla. 5th DCA 2000); see also Perry v. Cosgrove, 464 So.2d 664, 667 (Fla. 2d DCA 1985).

**Count IV – Breach of Contract Implied in Fact (against Sidley)**

The elements of a cause of action for breach of a contract implied in fact under Florida law are: (1) an enforceable contract that is inferred in whole or in part from the parties' conduct, not solely from their words; (2) a material breach; and (3) damages. CDS and Associates of the Palm Beaches, Inc. v. 1711 Donna Road Associates, Inc., 743 So.2d 1223 (Fla. 4th DCA 1999); Abbott Laboratories, Inc v. General Electric Capital, 765 So.2d 737, 740 (Fla. 5th DCA 2000); Commerce Partnership 8098 Limited Partnership v. Equity Contracting Company, Inc., 695 So.2d 383 (Fla. 4th DCA 1997); Gem Broadcasting, Inc. v. Minker, 762 So.2d 1149 (Fla. 4th DCA 2000).

**Count V – Breach of Contract Implied in Law (against Sidley)**

The elements of a cause of action for breach of a contract implied in law under Florida law are: (1) the plaintiff has conferred a benefit on the defendant (in this case payment of hundreds of thousands of dollars); (2) the defendant has knowledge of the benefit; (3) the defendant has accepted or retained the benefit

conferred and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it. Commerce Partnership 8098 Limited Partnership v. Equity Contracting Company, Inc., 695 So.2d 383 (Fla. 4th DCA1997); CDS and Associates of the Palm Beaches, Inc. v. 1711 Donna Road Associates, Inc., 743 So.2d 1223 (Fla. 4th DCA 1999).

**Counts VI, XI – Negligent Misrepresentation (against Sidley and Arthur Andersen)**

The elements of a claim of negligent misrepresentation under Florida law are: (1) a misrepresentation of a material fact; (2) the representor either knew of misrepresentation, made the misrepresentation without knowledge of its truth or falsity, or should have known the representation was false; (3) intent to induce reliance; (4) reliance on the representation; and (5) injury. Baggett v. Electricians Local 915 Credit Union, 620 So. 2d 784, 786 (Fla. 2d DCA 1993); Wallerstein v. Hospital Corp. of America, 573 So. 2d 9, 10 (Fla. 4th DCA 1990).

**Counts VII, XII – Fraudulent Misrepresentation (against Sidley and Arthur Andersen)**

The elements of a cause of action for fraud under Florida law are:
(1) a misrepresentation or concealment of a material fact; (2) that the defendant knew the misrepresentation was false or understood the omission made other statements misleading, or acted with reckless disregard for truth or falsity; (3) intent to induce reliance; (4) reliance by the plaintiff; and (5) damage resulting from the reliance. C & J Sapp Pub. Co. v. Tandy Corp., 585 So. 2d 290, 292 (Fla. 2d DCA 1991); Greatland Gold, Inc. v. Berger, 617 So. 2d 870 (Fla. 2d DCA 1993); Kish v. A.W. Chesterton Co., 930 So. 2d 704 (Fla. 3rd DCA), rev. denied, 944 So. 2d 345 (Fla. 2006); Telesphere Intern., Inc. v. Scollin, 489 So. 2d 1152 (Fla. 3rd DCA 1986); Eleventh Circuit Pattern Jury Instructions, State Claims Instruction 3.1.

**Count VIII – Tortious Interference with an Advantageous Business Relationship (against Sidley)**

The elements of a claim for tortuous interference with a business relationship under Florida law are: (1) the existence of a business relationship; (2) the defendant had knowledge of the relationship; (3) the defendant intentionally and unjustifiably interfered with the relationship; and (4) the plaintiff suffered damage as a result. Tamiami Trail Tours, Inc. v. J.C. Cotton, 463 So.2d 1126, 1127 (Fla.1985); Gregg v. U.S. Indus., Inc., 887 F.2d 1462, 1473 (11th Cir.1989); Alphamed Pharmaceuticals Corp. v. Arriva Pharmaceuticals, Inc. 432 F. Supp. 2d 1319 (S.D. Fla. 2006).

**The outline of defenses by Sidley are: At this time, Defendant Sidley Austin believes that Georgia law may govern the determination of all claims and defenses. However, Sidley reserves the right to argue the applicable law after its investigation of the facts revealed over the course of discovery. Sidley contends that Plaintiffs cannot prove the element of reliance, and that Sidley's conduct did not cause any of Plaintiffs' alleged injuries.**

### Defense 1 – Statute of Limitations

Sidley must prove that Plaintiffs did not file claims within the specified period of time after their claims accrued. See Georgia Suggested Pattern Jury Instructions § 38.010 (3d ed. 2003); CPD Plastering, Inc. v. Miller, 643 S.E.2d 392, 392 (Ga.Ct.App. 2007) (citation omitted); Tiismann v. Linda Martin Homes Corp., 610 S.E.2d 68, 69 (Ga. 2005).

### Defense 2 - Statute of Frauds

Sidley does not know what Plaintiffs allege to be the terms of the contract. To the extent that the alleged contract is not capable of completion within one year from the making thereof, Plaintiffs contract claims are barred by the statute of frauds. See Ga. Code Ann. § 13-5-30(5); Johnson v. University Health Services, Inc., 161 F.3d 1334, 1339 (11th Cir. 1998).

### Defense 3 - Assumption of Risk

Sidley must prove that Plaintiffs "(1) had actual knowledge of the danger; (2) understood and appreciated the risks associated with such danger; and (3) voluntarily exposed [themselves] to those risks." Vaughn v. Pleasant, 471 S.E.2d 866, 868 (Ga. 1996); Georgia Suggested Pattern Jury Instructions § 60.130 (3d ed. 2003).

### Defense 4 - Lack of Standing

Sidley must prove that Plaintiffs did not personally incur the fees and transaction costs that Plaintiffs now seek to recover. Pelletier v. Zweifel, 921 F.2d 1465, 1491 n.60 (11th Cir. 1991); Southwest Health and Wellness L.L.C. v. Work, 639 S.E.2d 570, 576 (Ga.Ct.App. 2006); Ga. Code Ann. § 14-0-1001.

### Defense 5 - Unclean Hands

Sidley must demonstrate: "(1) that the plaintiff's wrongdoing is directly related to the claim against which it is asserted;" and (2) "that it was personally injured by [the plaintiff's] conduct." Calloway v. Partners Nat'l Health Plans, 986 F.2d 446, 450-51 (11th Cir.1993).

### Defense 6 - *In Pari Delicto*

Sidley must show that "as a direct result of his own actions, the plaintiff bears at least substantially equal responsibility for the violations he seeks to redress." Pinter v. Dahl, 486 U.S. 622, 633 (1988); Laxton v. Laxton, 507 S.E.2d 146, 146 (Ga.Ct.App. 1998).

### Defense 7 - Comparative and Contributory Negligence

In order to prevail under the defense of contributory negligence, Sidley must show that Plaintiffs' negligence was the sole proximate cause of Plaintiffs' injuries. Garrett v. NationsBank, N.A. (South), 491 S.E.2d 158, 163 (Ga.Ct.App. 1997).

Under the defense of comparative negligence, Sidley must show that Plaintiffs were partially negligent with respect to their injuries. Id. However, if Plaintiffs' negligence is greater than or equal to the alleged negligence of Sidley, Plaintiffs are barred from recovering. Id. See also Ga. Code Ann. § 51-11-7; Georgia Suggested Pattern Jury Instructions § 60.141 (3d ed. 2003).

### Defense 8 - Superseding or Intervening Cause

Sidley must show that an intervening act became "the sole proximate cause of a plaintiff's injuries" by showing that the intervening act (1) was not foreseeable by defendant; (2) was not triggered by defendant's act; and (3) was sufficient by itself to cause the injury. Ontario Sewing Machine Co., Ltd. v. Smith, 572 S.E.2d 533, 536 (Ga. 2002); Corey v. Jones, 650 F.2d 803, 806 (5th Cir. 1981) (applying Georgia law).

### Defense 9 - Failure to Mitigate

Sidley must show that Plaintiffs failed "to reduce their damages 'as far as is practicable by the use of ordinary care and diligence.'" Wachovia Bank of Georgia, N.A. v. Namik, 620 S.E.2d 470, 473 (Ga.Ct.App. 2005) (citing Ga. Code Ann. § 51-12-11).

### Defense 10 - Unjust Enrichment

Sidley must demonstrate: "1) that [they] conferred a benefit on plaintiff; and 2) that equity required plaintiff to compensate defendant[s] for the benefit." SCQuARE Intern., Ltd. v. BBDO Atlanta, Inc., 455 F.Supp.2d 1347, 1373 (N.D.Ga. 2006) (applying Georgia law).

### Defense 11 - Set-Off and/or Recoupment

Sidley must show (1) "the benefits accruing to the plaintiff are sufficiently proximate to the contract to warrant reducing the plaintiff's damages and the failure to do so would permit the plaintiff to obtain unreasonable damages." Macon-Bibb County Water and Sewage Authority v. Tuttle/White Constr., Inc., 530 F.Supp. 1048, 1055 (M.D.Ga. 1981).

### Defense 12 – Ratification

Sidley must show that Plaintiffs, "with full knowledge of all the material facts, accept[ed] and retain[ed] the benefits of the unauthorized act" by their agent. Hendrix v. First Bank of Savannah, 394 S.E.2d 134, 135 (Ga.Ct.App. 1990). Plaintiffs' ratification "may be express or implied from the acts or silence." Id.

### Defense 13 - Equitable Estoppel

Sidley must show that "plaintiff . . . [has] assert[ed] formally the existence of one state of facts in a claim against one party and accept[ed] benefits in satisfaction of that claim, and then maintain[s] an action against another party on the ground that the facts first asserted did not exist." DeShong v. Seaboard C.L.R.R., 737 F.2d 1520, 1522 (11th Cir.1984).

### Defense 14 - Waiver or Abandonment

Sidley must show that Plaintiffs voluntarily relinquished their rights with regard to this lawsuit. Waiver may be established by express statements or implied by conduct. In re I.M.U., 276 Ga.App. 598, 603, 624 S.E.2d 236, 242.

### Defense 15 – Illegality

Sidley must show that (1) a contract is illegal and (2) enforcement of its terms would be contrary to public policy. See Hanley v. Savannah Bank & Trust Co., 68 S.E.2d 581, 582-83 (Ga. 1952).

### Defense 16 - Failure to Allege a Cognizable Injury

In order to prevail, Sidley must show that plaintiffs seek recovery for injuries -- back taxes and interest -- that are not cognizable under the governing law. See Loftin v. KPMG LLP, 2003 WL 22225621, at *7 and n.4 (S.D. Fla. 2003)

### Defense 17 – Laches

Sidley must prove: a "(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." Id. (citing Kansas v. Colorado, 514 U.S. 673, 687 (1995)).

### Defense 18 - Lack of Particularity

Sidley must show that Plaintiffs have failed to satisfy the heightened pleading requirement for fraud and aiding and abetting claims. See American United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1065 (11th Cir. 2007); Fed. R. Civ. P. 9(b). Sidley must also show that Plaintiffs have failed to plead facts sufficient to support a negligent misrepresentation claim. See Next Century Communications Corp. v. Ellis, 214 F.Supp.2d 1366, 1370 (N.D.Ga. 2002).

### Defense 19 – Misjoinder

Sidley must show that Plaintiffs have failed to join an indispensable party. See Bivens Gardens Office Bldg, Inc. v. Barnett Banks of Florida, Inc., 140 F.3d 898, 909 (11th Cir. 1998).

### Defense 20 - Economic Loss Doctrine

Sidley must show that Plaintiffs seek to recover in tort for purely economic losses. See Squish La Fish, Inc. v. Thomco Specialty Products, Inc., 149 F.3d 1288, 1291 (11th Cir. 1988).

### Defense 21 – Release

Sidley must show that Plaintiffs released and discharged their claims in writing on or about December 14, 1999 and December 23, 1999. See Jones v. Frickey, 618 S.E.2d 29, 31 (Ga.Ct.App. 2005) (enforcing parties' "definite, certain, and unambiguous mutual release of their claims" to dismiss action in settlement).

### Defense 22 – Fraud

Sidley must show that Plaintiffs made representations (1) that at the time they knew to be false; (2) that they made them intending to deceive; (3) that the representations were justifiably relied on; and (4) damage as a proximate result of their having been made. Dyer v. Honea, 557 S.E.2d 20, 23 (Ga.Ct.App. 2001).

### Defense 23 - Real Party-in-Interest

Sidley must show that Plaintiffs do not possess an enforceable right. Seckler v. Star Enterprise, 124 F.3d 1399, 1406 (11th Cir. 1997); Stegman v. Horton Homes,

Inc., 843 F.Supp. 707, 708 (M.D.Ga. 1997) ("The real party in interest is the person who, under controlling substantive law, is entitled to enforce the right asserted."); Fed. R. Civ. P. 17(a).

**The outline of defenses by other party Defendants is premature at this time as the case is not yet at issue and those Defendants have not yet filed an Answer and Defenses, but the other party Defendant anticipate filing their outline of defenses within 20 days of filing an answer.**

14. The good faith estimate of the specific dollar valuation of actual damages and other relief at issue: **$19,000,647, plus interest (including penalty interest), costs and attorneys fees, on Plaintiffs' breach of contract claims; $4,963,667 in compensatory damages, interest (including penalty interest), costs, attorneys' fees, on Plaintiffs' for negligent misrepresentation and professional malpractice; Plaintiffs claim the same tort damages, together with punitive damages on their claims of conspiracy, fraudulent misrepresentation, fraud and tortious interference.**

15. Variance from the discovery limitations imposed by Local Rule and/or Federal Rules of Civil Procedure and grounds supporting requested variance:

    **Plaintiffs believe that it is more likely that more than 10 depositions will be required because of the extensive number of witnesses, and that the time limit on depositions of the parties should be waived due to the complexity of this matter. Defendants are not at this time willing to stipulate to a variance of these limitations, but all parties agree to cooperate with each other on these issues and anticipate that they will be able to resolve these matters among themselves without the need for judicial intervention.**

Date: May 22, 2007

s/ Richard Benjamin Wilkes
**RICHARD BENJAMIN WILKES**
E-mail: rwilkes@rbwilkes.com
**RCHARD BENJAMIN WILKES, P.A.**
600 South Magnolia Avenue, Suite 200
Tampa, Florida 33606
Telephone: (813) 254-6060
Facsimile: (813) 254-6088
Attorneys for Plaintiffs

s/ Jonathan E. Altman
**JONATHAN E. ALTMAN**
E-mail: altmanje@mto.com
**MUNGER, TOLLES & OLSON, LLP**
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5136
Attorneys for Sidley Austin LLP


s/ Douglas E. Whitney
**DOUGLAS E. WHITNEY**
E-mail: DWhitney@mwe.com
**McDermott Will & Emery**
227 West Monroe Street
Chicago, IL 60606-5096
Telephone: (312) 372-2000
Facsimile: (312) 984-7700
Attorneys for Arthur Andersen,
   Nissley and Marx


s/ Stephen J. Anderson
**STEPHEN J. ANDERSON**
E-mail: Anderson@andersondailey.com
**Anderson Dailey LLP**
2002 Summit Boulevard, Suite 1250
Atlanta, GA 30319
Telephone: (404) 442-1800
Facsimile: (404) 442-1820
Attorneys for Klopfenstein


s/ Bennett Falk
**BENNETT FALK**
E-mail: BFalk@bressler.com
**Bressler, Amery & Ross**
2801 S.W. 149th Avenue
Miramar, FL 33027
Telephone: (954) 499-7979
Facsimile: (954) 499-7969
Attorneys for Merrill Lynch

**Attachments to Joint Scheduling Report:**

Attachment A:		Pretrial Deadlines and Trial Date

Attachment B:		Election to Jurisdiction by a United States Magistrate Judge for Final Disposition of Motions