UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.:  06-21748-CIV-MARTINEZ-BANDSTRA

MARK J. GAINOR and ELYSE GAINOR,

      Plaintiffs,

v.

SIDLEY AUSTIN LLP, a Delaware limited liability
Partnership, f/k/a SIDLEY AUSTIN
BROWN & WOOD, f/k/a BROWN & WOOD,
R. J. RUBLE, an individual, ARTHUR
ANDERSEN, LLP, an Illinois limited liability
partnership, MICHAEL S. MARX, an individual,
P. ANTHONY  NISSLEY, an individual,
MERRILL LYNCH & CO., INC., a Delaware
corporation, and MARK C. KLOPFENSTEIN,
an individual,

      Defendants.

_____/

### PLAINTIFFS' REPLY AND DEFENSES TO COUNTERCLAIM OF
### DEFENDANT MARK C. KLOPFENSTEIN

      Plaintiffs, Mark J. Gainor ("Gainor") and Elyse Gainor, submit the following

Reply to the Counterclaim of Defendant Mark C. Klopfenstein ("Klopfenstein") as

follows:

### REPLY TO NUMBERED PARAGRAPHS

      In reply to the numbered paragraphs of the Counterclaim, Plaintiffs state:

1. Admitted.

2. Admitted.

Dockets.Justia.com

3.   Admitted only that certain agreements were executed. In all other respects, Denied.

4.   Admitted.

5.   Denied.

6.   Denied.

7.   Denied.

8.   Denied.

9.   Denied.

All allegations not specifically admitted heretofore, are denied.

## AFFIRMATIVE DEFENSES

For their Affirmative Defenses to the Counterclaim, Plaintiffs state:

## FIRST AFFIRMATIVE DEFENSE

1.   As more fully set forth in the General Allegations of the Amended Complaint and in the allegations of Count I of the Amended Complaint, Plaintiffs have been the victims of a well-planned conspiracy by Defendants Andersen, Marx, Nissley, Sidley, Ruble, Merrill Lynch and Klopfenstein, in which they misused their substantial reputations and positions of trust to bilk Plaintiffs out of millions of dollars.

2.   The scheme entailed Defendants inducing Plaintiffs to believe that Defendants had a legal "tax strategy" (hereinafter "the Sidley Plan") which would yield Plaintiffs over seventeen million dollars ($17,000,000) in tax savings, and persuading Gainor to pay them over two million one hundred thousand dollars ($2,100,000) in fees to implement the Sidley Plan, over one million dollars ($1,000,000) of which was to go to Defendant Klopfenstein.

2

3.    In actuality, as Defendants well knew, the Sidley Plan was a fraudulent tax scheme certain to be condemned by the Internal Revenue Service.

4.    The Defendants acted in a highly-organized fashion, with each conspirator fulfilling a critical, pre-planned role.

5.    Defendant Klopfenstein's role was to act as the supposedly independent purchaser of stock in Bryan Medical and LSI.

6.    As an essential element of the illegal conspiracy to defraud and injure Plaintiffs, on December 14, 1999, Defendant Klopfenstein, through an entity he controlled, purchased MJG's stock in Bryan Medical to for two hundred ninety-seven thousand, one hundred fifteen dollars ($297,115) a forty million dollar ($40,000,000) capital loss on paper.  Likewise, on December 23, 1999, through another entity he controlled, Klopfenstein purchased MJG's stock in LSI for one hundred twenty-five thousand, seven hundred seventy-five dollars ($125,775), an additional thirty million, six hundred thousand dollars ($30,600,000) capital loss on paper.  Klopfenstein profited from these transactions in an amount well in excess of one million dollars ($1,000,000).

7.    Defendant Klopfenstein took numerous acts in furtherance of the conspiracy, including participating in the development of the fee structure, claiming to conduct due diligence on Bryan Medical and LSI, writing letters of intent to purchase Bryan Medical and LSI, purchasing Bryan Medical and LSI, paying off loans to Merrill Lynch, participating in the filing of the 1999 tax returns that reported the Sidley Plan transactions, and revising the Sidley Austin opinion letters.

8.    The result of the illegal conspiracy was that Plaintiffs had to pay exorbitant fees to Defendants and others, an additional seventeen million dollars ($17,000,000) in

taxes and interest, and substantial additional amounts in professional fees and costs incurred in negotiations with the Internal Revenue Service.

9.    Based on the foregoing, Klopfenstein is barred from recovery by the doctrine of unclean hands.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs reallege paragraphs 1 through 8 of the First Affirmative Defense, and state that, as a result, Klopfenstein is barred from recovery under the doctrine of *in pari delicto*.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs reallege paragraphs 1 through 8 of the First Affirmative Defense, and state that, as a result, Klopfenstein is barred from recovery by the doctrine of fraud in the inducement.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs reallege paragraphs 1 through 8 of the First Affirmative Defense, and state that, as a result, Klopfenstein is barred from recovery by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs reallege paragraphs 1 through 8 of the First Affirmative Defense, and state that, as a result, Klopfenstein is barred from recovery by the doctrine of illegality.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs reallege paragraphs 1 through 8 of the First Affirmative Defense, and state that, as a result, Klopfenstein is barred from recovery by the doctrine of unjust enrichment.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs incorporate and reallege the allegations of the Amended Complaint, and state that, as a result, Klopfenstein is barred from recovery.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs incorporate and reallege the allegations of the Amended Complaint, and state that, as a result, they are entitled to offset and recoup against any judgment that may be entered in favor of Klopfenstein, the damages they have sustained as set forth in the Amended Complaint.

RICHARD BENJAMIN WILKES
Florida Bar No. 267163
RICHARD W. CANDELORA
Florida Bar No. 198056
**RICHARD BENJAMIN WILKES, P.A.**
600 South Magnolia Avenue
Suite 200
Tampa, Florida 33606
Telephone:    (813) 254-6060
Facsimile:    (813) 254-6088
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of June, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Richard Benjamin Wilkes
Richard Benjamin Wilkes

## SERVICE LIST

Katherine W. Ezell, Esq.
KEzell@podhurst.com
Podhurst Orseck, P.A.
25 W. Flagler Street, Suite 800
Miami, FL 33130
**Counsel for Sidley Austin**

Jonathan E. Altman, Esq.
Jonathan.Altman@mto.com
Aaron May, Esq.
Aaron.May@mto.com
Munger, Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
**Counsel for Sidley Austin**

Coren Stern, Esq.
CStern@bressler.com
Bennett Falk, Esq.
BFalk@bressler.com
Bressler, Amery & Ross
2801 S.W. 149th Avenue
Miramar, FL 33027
**Counsel for Merrill Lynch**

Stuart E. Abrams, Esq.
SAbrams@frankelabrams.com
Frankel & Abrams
230 Park Avenue, Suite 3330
New York, NY 10169
**Counsel for Ruble**

R. J. Ruble
1517 Avalon Square
Glen Cove, NY 11542

Douglas E. Whitney, Esq.
DWhitney@mwe.com
McDermott Will & Emery
227 West Monroe Street
Chicago, IL 60606-5096
**Counsel for Arthur Andersen,**
    **Nissley and Marx**

Michael G. Austin, Esq.
MAustin@mwe.com
McDermott Will & Emery
201 South Biscayne Boulevard
Suite 2200
Miami, FL 33131
**Counsel for Arthur Andersen,**
    **Nissley and Marx**

Richard A. Morgan, Esq.
Richard.Morgan@bipc.com
Buchanan Ingersoll & Rooney, P.C.
Bank of America Tower
100 S.E. 2nd Street, 34th Floor
Miami, FL 33131
**Counsel for Klopfenstein**

Stephen J. Anderson, Esq.
Anderson@andersondailey.com
Anderson Dailey LLP
2002 Summit Boulevard, Suite 1250
Atlanta, GA 30319
**Counsel for Klopfenstein**

R.J. Ruble
65 Duck Pond Road
Glen Cove, NY 11542