UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number:  06-21748-CIV-MARTINEZ-BANDSTRA

MARK J. GAINOR and ELYSE GAINOR,

    Plaintiff,

vs.

SIDLEY, AUSTIN, BROWN & WOOD, LLP et al.,

    Defendants.

_____/

## ORDER SETTING CIVIL TRIAL DATE AND PRETRIAL SCHEDULE, REQUIRING MEDIATION, AND REFERRING CERTAIN MOTIONS TO MAGISTRATE JUDGE

Trial is scheduled to commence during the two-week period beginning **Tuesday, January 22, 2008** before Jose E. Martinez, United States District Judge, 301 N. Miami Ave., Miami, Florida.  Calendar Call will be held on **Thursday, January 17, 2008 at 1:30 p.m.** at the same location.

IT IS ORDERED AND ADJUDGED as follows:

1.    No Pretrial Conference shall be held in this action, unless the parties so request or the Court determines *sua sponte,* that a pretrial conference is necessary.  Should a Pretrial Conference be set, the compliance deadlines as set forth in the remainder of this Order shall remain unaltered.

2.    Every motion filed in this case shall be accompanied by **one proposed original order granting** the motion.  The order shall contain the **up-to-date service list** (names and facsimile numbers or addresses) of all counsel and pro se litigants in the case.  In light of the court's "fax-back" program, additional copies of the proposed order and self-addressed stamped envelopes SHALL NOT be provided.

3. Counsel and all pro se litigants must meet at least ONE MONTH prior to the beginning of the trial calendar to confer on the preparation of a Pretrial Stipulation. The original and one copy of a Joint Pretrial Stipulation must be filed on or before the date set forth below. The stipulation shall conform to Local Rule 16.1(e) and include a joint, neutral summary of the claims and defenses in the case, <u>not to exceed one short paragraph per litigant claim</u>, to be read as an introduction for voir dire examination. The Court will not accept unilateral Pretrial Stipulations, and will strike *sua sponte* any such submissions. Should any of the parties fail to cooperate in the preparation of the Joint Pretrial Stipulation, all other parties shall file a certification with the Court stating the circumstances. Upon receipt of such certification, the Court shall issue an order requiring the non-cooperating party or parties to show cause why such party or parties (and their respective attorneys) have failed to comply with the Court's order.

4. The parties SHALL submit proposed jury instructions and/or proposed findings of fact and conclusions of law.

   a. For cases or claims to be heard before a jury, proposed jury instructions and verdict form must be submitted at least SEVEN (7) DAYS prior to the beginning of the trial period. In preparing their requested jury instructions, the parties shall utilize as a guide the Pattern Jury Instructions for Civil Cases approved by the United States Eleventh Circuit, including the Directions to Counsel contained therein. The parties shall submit a **SINGLE, JOINT** set of proposed jury instructions and verdict form, though the parties need not agree on the proposed language of each or any instruction or question on the verdict form. Where the parties do agree on a proposed instruction or question, that instruction or question shall be set forth in Times New Roman 14 point typeface. Instructions and questions proposed only by the plaintiff(s) to which the defendant(s) object shall be *italicized*. Instructions and questions proposed only the defendant(s) to which the plaintiff(s) object shall be **bold-faced**. Each jury instruction shall be typed on a separate sheet and must be supported by citations of authority. Each disputed jury instruction shall also state the legal basis for the objection(s), also supported by citations of authority. A copy of the proposed jury instructions and verdict form shall be delivered to chambers at the time of filing, together with a computer disk compatible with Corel WordPerfect version 10.0. The computer disk shall contain two (2) saved versions of the

proposed jury instructions; one version with citations of authority and objections and one without citations. The Court expects counsel will cooperate in good faith and in most cases, should be able to agree on the general organization of the instructions and verdict form, standard instructions, and similar routine issues, thereby limiting the Court's consideration to *bona fide* substantive disputes relating to the instructions and verdict form. **Failure to cooperate in good faith and/or to submit proposed jury instructions as required by this order will result in appropriate sanctions being imposed upon the offending party, including dismissal of claims or striking of defenses.**

        b.      For cases or claims that will not be heard by a jury, each party shall file Proposed Findings of Fact and Conclusions of Law at least SEVEN (7) DAYS prior to the beginning of the trial period. Proposed Findings of Fact shall be supported by citations to the documentary evidence, if applicable. Conclusions of Law shall be supported by citations of authority. Copies shall be delivered to chambers at the time of filing, together with a computer disk compatible with Corel WordPerfect version 10.0.

    5.    If deposition transcripts will be used at trial pursuant to Fed.R.Civ.P. 32(a)(3), the parties shall comply with the following guidelines:

        a.      At least SEVEN (7) DAYS in advance of the beginning of the trial period, Plaintiffs shall serve designations of any deposition transcripts they intend to use at trial. At least FIVE (5) DAYS in advance of the beginning of the trial period, Defendants shall serve their counter-designations, together with any objections to Plaintiffs' designations. At least THREE (3) DAYS in advance of the beginning of the trial period, Plaintiffs shall serve any rebuttal designations, together with any objections to Defendants' counter-designations. At least TWO (2) DAYS in advance of the beginning of the trial period, Defendants shall serve any objections to Plaintiffs' rebuttal designations.

        b.      At least ONE (1) DAY in advance of the beginning of the trial period, the parties shall prepare and JOINTLY FILE one transcript for each deposition to be used during trial. The parties shall edit the transcript, using a mini-transcript when available, to remove all irrelevant, extraneous and unnecessary pages. Each portion of the testimony designated shall be bracketed to indicate beginning and end. A notice of filing setting forth each party's designated

testimony by line and page, and setting forth all objections, shall be filed with the transcript. In addition to listing objections in the notice of filing, the objections shall also be indicated in the margin of the transcript. The parties may either write their objections in the margins, or use logical abbreviations that will be apparent to the Court and other parties (for example "H" for hearsay). If the parties use abbreviations, the notice of filing must include a key for the Court's reference.

      c.    A courtesy copy of the notice and transcript shall be delivered to chambers at the time of filing. Each party shall mark the courtesy copy of the transcript with a different color ink or highlighter to identify its designated portions of the transcript.

6.    All exhibits must be pre-marked. The Plaintiff's exhibits shall be marked numerically. Defendant's exhibits shall be marked alphabetically. If there are a large number of exhibits, the parties may file a motion to designate all exhibits numerically (e.g., Plaintiffs exhibits 1-99 and Defendants exhibits 100-200). A typewritten exhibit list setting forth the number, or letter, and description of each exhibit must be submitted at the time of trial. The parties shall submit said exhibit list on Form AO 187, which is available from the Clerk's office.

7.    A Motion for Continuance shall not stay the requirement for the filing of a Pretrial Stipulation and, unless an emergency situation arises, a motion for continuance will not be considered unless it is filed at least TWENTY (20) DAYS prior to the date on which the trial calendar is scheduled to commence. **A continuance of the trial date will be granted only on a showing of compelling circumstances.**

8.    The parties may submit proposed voir dire at least ONE (1) DAY prior to Calendar Call.

9.    The following timetable shall govern the pretrial procedures in this case. This schedule shall not be modified absent compelling circumstances. **<u>All motions for an enlargement of time for discovery and relating to dispositive motions must include a statement as to whether the requested extension will affect the trial date or any other deadline set forth in this timetable</u>**. Failure to include such a statement may be grounds for denial of the motion.

| **Days Before Beginning of Trial Period** | |
|---|---|
| 130 days | Joinder of Additional Parties, motions to amend the complaint, and motions for class certification. |
| 120 days | Parties shall exchange expert witness summaries and reports as required by Local Rule 16.1.K. |
| 110 days | Parties shall exchange written lists containing the names and addresses of all witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify. |
| 100 days | Parties exchange rebuttal expert witness summaries and reports as required by Local Rule 16.1.K. |
| <u>Note</u>: | These provisions pertaining to <u>expert</u> witnesses do not apply to treating physicians, psychologists or other health providers. |
| 75 days | All discovery, including expert discovery, shall be completed. |
| 70 days | All summary judgment, *Daubert*, and other dispositive motions must be filed. |
| 80 days | A mediator must be selected. |
| <u>Note</u>: | In the event that there are any unresolved discovery motion pending fifteen days prior to this date, the moving party shall immediately advise the Court of all such unresolved motions together with their status. |
| 40 days | Mediation shall be completed. |
| 30 days | All Pretrial Motions and Memoranda of Law must be filed. |
| 20 days | Joint Pretrial Stipulation must be filed. |
| 7 days | Proposed jury instructions and/or proposed findings of fact and conclusions of law must be filed. |
| 1 day | Deposition designations must be filed. |

10. In order to facilitate the accurate transcription of the trial proceeding, the parties shall provide to **Larry Herr**, the Court's Official Reporter, at **301 North Miami Avenue, 3rd Floor, Miami, Florida 33128** with a copy of a) the witness and exhibit lists, b) a designation of unique proper nouns/names which may be used at trial, and c) a list of the names of all attorneys who will participate in the trial, to be received no later than THREE (3) DAYS before calendar call.

11. If the case is settled, the parties are directed to inform the Court promptly at (305) 523-5590 and to submit a stipulation for dismissal signed by all parties together with an appropriate Order of Dismissal pursuant to Fed. R. Civ. P. 41(a)(1), **which must be filed with the Clerk of the Court**. Such stipulation and order must be filed within FIFTEEN (15) DAYS of notification of settlement to the Court or within such time as the Court may order. To be excused from calendar call, the required stipulation and order must be filed at least THREE (3) DAYS before Calendar Call.

12. The parties may stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admissions. The parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the time set for completing discovery, hearing a motion, or trial. Stipulations that would so interfere may be made only with the Court's approval. See Fed.R.Civ.P. 29.

13. At least EIGHTY (80) DAYS prior to the beginning of the trial period the parties shall select a mediator certified under Local Rule 16.2.B, shall schedule a time, date, and place for mediation, and shall jointly file a proposed order scheduling mediation in the form specified by Local Rule 16.2.H. If the parties cannot agree on a mediator, they shall notify the Clerk in writing as soon as possible and the Clerk shall designate a certified mediator on a blind rotation basis. Counsel and all pro se litigants shall familiarize themselves with and adhere to all provisions of Local Rule 16.2. The parties shall complete mediation at least FORTY (40) DAYS prior to the beginning of the trial period. The parties shall notify the Court of the results of the mediation (settled, impasse or adjourned to continue discussions) within FIVE (5) DAYS of the conclusion of the mediation.

14.     Pursuant to 28 U.S.C. § 636 and this District's Magistrate Rules, all discovery motions and non-dispositive motions filed pursuant to Federal Rules of Civil Procedure 12, 13, and 14 in this case are referred to the Honorable **Ted E. Bandstra**, United States Magistrate Judge. **It is the responsibility of the parties in this case to indicate the name of the Magistrate Judge on all motions and related papers referred by this order in the case number caption (Case No. 06-21748-CIV-MARTINEZ-BANDSTRA), and to deliver a courtesy copy of all necessary materials filed after this date directly to the Magistrate's chambers.**

15.     Any private agreement, suggested or proposed Rule 16 scheduling conference agreements between counsel, Rule 16 scheduling order, or orders of the court attempting to set dates contrary to this order are hereby STRICKEN and VOID.

IT IS FURTHER ORDERED that failure to comply with this or any Order of this Court, the Local Rules, or any other applicable rule SHALL result in sanctions or other appropriate actions.  It is the duty of all counsel and pro se litigants to enforce the timetable set forth herein in order to ensure an expeditious resolution of this cause.

DONE AND ORDERED in Chambers at Miami, Florida, this  13  day of June, 2007.

```
                                    _____
                                    JOSE E. MARTINEZ
                                    UNITED STATES DISTRICT JUDGE
```

Copies provided to:
Magistrate Judge Bandstra
All Counsel of Record