UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

MARK J. GAINOR and ELYSE GAINOR,

                Plaintiffs,          Case No: 06-21748-CIV

vs.

SIDLEY, AUSTIN, BROWN & WOOD, LLP,
a Delaware limited liability partnership, f/k/a
BROWN & WOOD, f/k/a BROWN & WOOD,
R.J. RUBLE, an individual, ARTHUR
ANDERSEN, LLP, an Illinois limited liability
partnership, MICHAEL S. MARX, an
individual, P. ANTHONY NISSLEY, an
individual, MERRILL LYNCH & CO., INC.,
a Delaware corporation, and MARK C.
KLOPFENSTEIN, an individual,

                Defendants.
_____/

**PLAINTIFF GAINORS' MOTION TO COMPEL (a) RESPONSES TO
PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO
DEFENDANTS ARTHUR ANDERSEN, MARX AND NISSLEY AND
(b) DEPOSITION DATES FOR MARX AND NISSLEY AND CERTIFICATE OF
<u>COMPLIANCE WITH LOCAL RULE 7.1</u>**

Pursuant to Federal Rule of Civil Procedure 37, Plaintiffs Mark J. Gainor and Elyse Gainor (collectively "Gainor") move on the following grounds to compel Defendants Arthur Andersen, LLP ("Arthur Andersen"), Anthony Nissley ("Nissley") and Michael S. Marx ("Marx") to (a) respond to Plaintiffs' Second Request for Production of Documents, and (b) provide deposition dates for Marx and Nissley:

      1.      This action arises from alleged tax planning advice provided to Gainor by Arthur Andersen, Marx, and Nissley, among others.

# 190994

Page 1 of 6

2. Marx and Nissley are alleged to have been partners at, or employees of, Arthur Andersen at all relevant times. (Amended Complaint, ¶11 and ¶13).

3. Gainor's Amended Complaint alleges, among other things, as follows:

(a) Paragraph 11 alleges: "At all times material, Marx, who is a Certified Public Accountant, was a partner or employee of Defendant Andersen. Marx also held himself out to the public as possessing special knowledge, skill and expertise in the fields of tax planning and transaction structuring."

(b) Paragraph 13 alleges: "At all times material, Nissley was a partner or employee of Defendant Andersen. Nissley also held himself out to the public as possessing special knowledge, skill and expertise in the fields of tax planning and transaction structuring."

(c) Paragraph 20 alleges: "Jurisdiction over Defendants Sidley, Ruble, Andersen, Marx, Nissley and Klopfenstein, is proper under § 48.193, Fla. Stat., because this action arises from one or more of the following acts by each, acting individually, collectively with the other Defendants, and/or through agent(s):

    a. engaging in business in the State of Florida;
    b. committing a tortious act or acts within the State of Florida;
    c. causing injury to person or property within the State of Florida arising out of an act or omission outside of Florida;
    d. breaching a contract in the State of Florida.
    e. actively engaging in the solicitation of Florida residents for the provision of professional services;
    f. Andersen, through Marx, and Sidley, through Ruble, communicated with Gainor while Gainor was in Florida."

4. Count I of Gainor's Amended Complaint alleges all Defendants engaged in a conspiracy, and alleges facts to establish the contacts of all co-conspirators with the State of Florida. Under Florida law, the acts of the co-conspirators can be used to establish the minimum contacts necessary to establish personal jurisdiction. See Gainor's memorandum of law in response to Marx and Nissley's motions to dismiss.

5. On or about May 22, 2007, Marx and Nissley each filed motions to dismiss for lack of personal jurisdiction.[1]

6. On or about June 6, 2007, Gainor served Plaintiffs' Second Request for Production of Documents to Defendants Arthur Andersen, Marx and Nissley, a copy of which is attached hereto as "Attachment A".

7. On June 6, 2007, Gainor's counsel also wrote a letter to counsel for Arthur Andersen, Marx, and Nissley requesting that the responses to Plaintiffs' Second Request for Production of Documents be expedited, requesting deposition dates for Marx and Nissley, and suggesting that they can be deposed either only on the personal jurisdiction issues or on all issues in the case. A copy of Mr. Richard Wilkes' June 6, 2007, correspondence is attached hereto as "Attachment B".

8. On or about June 12, 2007, counsel for Arthur Andersen, Marx, and Nissley wrote to counsel for Gainor, stating that Arthur Andersen, Marx, and Nissley would not provide responses to the Second Request for Production of Documents. Counsel for Arthur Andersen, Marx, and Nissley also refused to provide deposition dates and asserted that the Gainors were not entitled to any discovery on the issue of personal jurisdiction. A copy of Mr. Douglas Whitney's June 12, 2007, correspondence is attached hereto as "Attachment C".

9. Gainor's Second Request for Production seeks various categories of documents reasonably calculated to lead to the discovery of admissible evidence on the issues in this case.

10. The deposition of Marx and Nissley are necessary to allow Gainor the opportunity to challenge the factual allegations of their motions to dismiss.

---

[1] Arthur Andersen also filed a motion to dismiss based on the Georgia Statutes of Limitations, arguing that Georgia Law applied to Gainor's claims. Arthur Andersen's motion to dismiss does not challenge personal jurisdiction.

# 190994

11. To deprive Gainor of discovery on this issue would be a deprivation of due process and a meaningful opportunity to be heard.

12. For the reasons stated in Plaintiff Gainor's Memorandum of Law in Support of Gainor's Motion to Compel (a) Responses to Plaintiffs' Second Request For Production Of Documents To Andersen, Marx and Nissley, and (b) Deposition Dates for Marx and Nissley, which is filed simultaneously with this Motion, Gainor is entitled to the requested discovery.

**WHEREFORE**, Gainor respectfully requests this Honorable Court to enter an order compelling responses to Plaintiffs' Second Request for Production of Documents to Defendants Arthur Andersen, Marx, and Nissley, compelling deposition dates for Marx and Nissley, and awarding Gainor attorney's fees and costs associated with this Motion, and providing such other relief as this Honorable Court deems appropriate.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1 A. 3.

The undersigned counsel for Plaintiffs' hereby certifies that he has communicated with opposing counsel in a good faith effort to resolve the issues raised by this motion, but has been unable to resolve same.

Respectfully submitted,

/s/ Richard Wilkes, Jr.
RICHARD BENJAMIN WILKES
Florida Bar No. 267163
RICHARD BENJAMIN WILKES
ATTORNEYS AT LAW
600 South Magnolia Avenue, Suite 200
Tampa, Florida 33606
Email:       rwilkes@rbwilkes.com
Telephone:   813-254-6060
Facsimile:   813-254-6088
Attorneys for Plaintiff

# 190994

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 11, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which automatically sends an electronic notification to CM/ECF participants. The foregoing document was also served on those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing identified on the attached Service List via first-class U.S. mail.

_____
RICHARD BENJAMIN WILKES

# 190994

**SERVICE LIST**

Katherine W. Ezell, Esq.
KEzell@podhurst.com
Podhurst Orseck, P.A.
25 W. Flagler Street, Suite 800
Miami, FL 33130
**Counsel for Sidley Austin**

Jonathan E. Altman, Esq.
Jonathan.Altman@mto.com
Aaron May, Esq.
Aaron.May@mto.com
Munger, Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
**Counsel for Sidley Austin**

Coren Stern, Esq.
CStern@bressler.com
Bennett Falk, Esq.
BFalk@bressler.com
Bressler, Amery & Ross
2801 S.W. 149th Avenue
Miramar, FL 33027
**Counsel for Merrill Lynch**

Stuart E. Abrams, Esq.
SAbrams@frankelabrams.com
Frankel & Abrams
230 Park Avenue, Suite 3330
New York, NY 10169
**Counsel for Ruble**

Douglas E. Whitney, Esq.
DWhitney@mwe.com
McDermott Will & Emery
227 West Monroe Street
Chicago, IL 60606-5096
**Counsel for Arthur Andersen,
    Nissley and Marx**

Stephen J. Anderson, Esq.
Anderson@andersondailey.com
Anderson Dailey LLP
2002 Summit Boulevard, Suite 1250
Atlanta, GA 30319
**Counsel for Klopfenstein**

Richard A. Morgan, Esq.
Richard.Morgan@bipc.com
Buchanan Ingersoll & Rooney, P.C.
Bank of America Tower
100 S.E. 2nd Street, 34th Floor
Miami, FL 33131
**Counsel for Klopfenstein**

R. J. Ruble
1517 Avalon Square
Glen Cove, NY 11542

# 190994