UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: 06-21748-CIV-MARTINEZ-BANDSTRA

MARK J. GAINOR and ELYSE GAINOR,

   Plaintiffs,

v.

SIDLEY AUSTIN LLP, a Delaware limited liability
Partnership, f/k/a SIDLEY AUSTIN
BROWN & WOOD, f/k/a BROWN & WOOD,
R. J. RUBLE, an individual, ARTHUR
ANDERSEN, LLP, an Illinois limited liability
partnership, MICHAEL S. MARX, an individual,
P. ANTHONY NISSLEY, an individual,
MERRILL LYNCH & CO., INC., a Delaware
corporation, and MARK C. KLOPFENSTEIN,
an individual,

   Defendants.
_____/

### PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS ARTHUR ANDERSEN, MARX, AND NISSLEY

Plaintiffs, Mark J. Gainor and Elyse Gainor, by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 34, request that Defendants, Arthur Andersen, LLP, Michael S. Marx, and P. Anthony Nissley, produce for inspection and copying at the offices of RICHARD BENJAMIN WILKES, ATTORNEYS AT LAW, 600 South Magnolia Avenue, Suite 200, Tampa, Florida, within thirty (30) days, or at such other time and place as may be agreed upon between counsel, the originals, or if the originals are unavailable, copies of all documents hereinafter described.



## I. DEFINITIONS AND INSTRUCTIONS

a. As used herein, "Sidley Austin" shall mean Defendant, Sidley Austin Brown & Wood its affiliates, corporations, partners, predecessors, agents, servants, employees, attorneys, expert witnesses, accountants, auditors, and all persons over whom Defendant Sidley Austin has control or who have been hired, retained or employed for any purpose by Defendant Sidley Austin, whether directly or through any other person or entity.

b. As used herein, "Ruble" shall mean Defendant, R.J. Ruble, his corporations, partners, predecessors, agents, servants, employees, attorneys, expert witnesses, accountants, auditors, and all persons over whom Defendant Ruble has control or who have been hired, retained or employed for any purpose by Defendant Ruble, whether directly or through any other person or entity.

c. As used herein, "Andersen" shall mean Defendant, Arthur Andersen, LLP, its affiliates, corporations, partners, predecessors, agents, servants, employees, attorneys, expert witnesses, accountants, auditors, and all persons over whom Defendant Andersen has control or who have been hired, retained or employed for any purpose by Defendant Andersen, whether directly or through any other person or entity.

d. As used herein, "Marx" shall mean Defendant, Michael S. Marx, his corporations, partners, predecessors, agents, servants, employees, attorneys, expert witnesses, accountants, auditors, and all persons over whom Defendant Marx has control or who have been hired, retained or employed for any purpose by Defendant Marx, whether directly or through any other person or entity.

e.  As used herein, "Nissley" shall mean Defendant, Anthony Nissley, his corporations, partners, predecessors, agents, servants, employees, attorneys, expert witnesses, accountants, auditors, and all persons over whom Defendant Nissley has control or who have been hired, retained or employed for any purpose by Defendant Nissley, whether directly or through any other person or entity.

f.  As used herein, "Merrill Lynch" shall mean Defendant, Merrill Lynch & Co, Inc, its affiliates, corporations, partners, predecessors, agents, servants, employees, attorneys, expert witnesses, accountants, auditors, and all persons over whom Defendant Merrill Lynch has control or who have been hired, retained or employed for any purpose by Defendant Merrill Lynch, whether directly or through any other person or entity.

g.  As used herein, "Klopfenstein" shall mean Defendant, Mark C. Klopfenstein, his corporations or entities affiliated with Defendant Klopfenstein, including specifically Transtar Capital Corporation, Lucor Special Investments n/k/a Logos Corporation and Bryan Medical, Inc. n/k/a Bryan Ventures, Inc., their partners, predecessors, successors, agents, servants, employees, attorneys, expert witnesses, accountants, auditors, and all persons over whom Defendant Klopfenstein has control or who have been hired, retained or employed for any purpose by Defendant Klopfenstein, whether directly or through any other person or entity.

h.  As used herein, "the Defendants" shall mean any or all of the foregoing Defendants: Sidley Austin, Ruble, Andersen, Marx, Nissley, Merrill Lynch, and Klopfenstein, as defined above.

i.  As used herein, the term "document" or "documents" shall be defined to include any and all documents, memoranda (including written memoranda of telephone

conversations, oral communications, discussions, agreements, acts or activities), letters, postcards, telegrams, messages (including telephone messages), facsimiles, intra- and interoffice communications, correspondence, handwritten and/or typewritten notes, pamphlets, diaries, records of any kind, sound recordings, contracts, agreements, books, letters, reports, catalogues, financial statements, receipts, invoices, billing statements (including credit card and telephone statements), purchase orders, proposals, affidavits, advertisements, solicitations, indices, data processing cards, other data processing materials, data, maps, directives, desk pads, calendars, scrap books, notebooks, drawings, diagrams, sketches, statistical records, appointment books, diaries, computer printouts, data processing input and output, computer input and output, e-mail, microfilms, other records kept by electronic, photographic or mechanical means, and writing of every kind and character, including preliminary drafts and other copies of the foregoing, however produced or reproduced. If multiple copies of a document exist, each copy which is any way not completely identical to a copy which is being produced, should also be produced.

j. As used herein, the term "301 transactions" refers to the types of transactions which are the subject of this action, and include, but are not limited to, BOSS, Son of BOSS, Cards, BLIPS, OPIS and FLIP.

## II. DOCUMENTS TO BE PRODUCED

1. All documents reflecting any communications between or among any and all of the Defendants about the transactions that are the subject of this litigation.

2. All documents reflecting any communications between any of the Defendants and Mark or Elyse Gainor from January 1, 1998, through the date of your response.

3. All documents reflecting any communications between any of the Defendants and Gainor Medical Management, LLC, from January 1, 1998, through the date of your response.

4

4. All documents reflecting any communications between any of the Defendants and Bryan Medical, Inc., from January 1, 1998, through the date of your response.

5. All documents reflecting any communications between any of the Defendants and Gainor Medical, U.S.A., Inc., from January 1, 1998, through the date of your response.

6. All documents reflecting any communications between any of the Defendants and Lucor Special Investments, Inc., from January 1, 1998, through the date of your response.

7. All documents reflecting any communications between any of the Defendants and MJG limited partnership, from January 1, 1998, through the date of your response.

8. All documents reflecting any communications between any of the Defendants and Lucor Special Investments, Inc., from January 1, 1998, through the date of your response.

9. All documents reflecting any trips Defendant Marx or Defendant Nissley took to Florida between January 1, 1998, through the date of your response.

10. All documents reflecting any telephone or cellular telephone conversations between any of the Defendants and Mark or Elyse Gainor from January 1, 1998, through the date of your response.

11. All documents reflecting any communications between Defendants Andersen, Nissley or Marx regarding Mark Gainor, Elyse Gainor, Gainor Medical U.S.A., Inc., Lucor Special Investments, Inc., Bryan Medical, Inc., MJG limited partnership, or Gainor Medical Management, LLC.

12. All documents reflecting any communications between Defendants Andersen, Nissley or Marx regarding the transactions that are the subject of this action.

13. All documents reflecting any communications between Defendants Andersen, Nissley or Marx regarding actual or desired participation in 301 transactions.

14. All documents reflecting any communications between Defendants Andersen, Nissley or Marx and any office of Andersen regarding actual or desired participation in 301 transactions.

15. All documents reflecting Defendant Nissley's or Defendant Marx' services on any matters for any clients residing in or doing business in Florida.

16. All documents reflecting communications between any of the Defendants and Mark Gainor regarding Mark Gainor moving to Florida.

17. All status reports, memoranda, or other documents regarding Plaintiffs that were sent to you in any form, received by you in any form, or otherwise available to you in any form.

18. All status reports, memoranda, or other documents regarding the transactions that are the subject of this litigation that were sent to you in any form, received by you in any form, or otherwise available to you in any form.

19. All status reports, memoranda, or other documents regarding Plaintiffs Gainor Medical Management, LLC, Bryan Medical, Inc., Gainor Medical U.S.A., MJG limited partnership, or Lucor Special Investments, Inc., that were sent to you in any form, received by you in any form, or otherwise made available to you in any form.

_____
RICHARD BENJAMIN WILKES
Florida Bar No. 267163
**RICHARD BENJAMIN WILKES**
**ATTORNEYS AT LAW**
600 South Magnolia Avenue, Suite 200
Tampa, Florida 33606
E-Mail:      rwilkes@rbwilkes.com
Telephone:   (813) 254-6060
Facsimile:   (813) 254-6088
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by first class U.S. Mail this __6th__ day of June, 2007, to:

Katherine W. Ezell, Esq.
KEzell@podhurst.com
Podhurst Orseck, P.A.
25 W. Flagler Street, Suite 800
Miami, FL 33130
**Counsel for Sidley Austin**

Douglas E. Whitney, Esq.
DWhitney@mwe.com
McDermott Will & Emery
227 West Monroe Street
Chicago, IL 60606-5096
**Counsel for Arthur Andersen,
Nissley and Marx**

Jonathan E. Altman, Esq.
Jonathan.Altman@mto.com
Aaron May, Esq.
Aaron.May@mto.com
Munger, Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
**Counsel for Sidley Austin**

Stephen J. Anderson, Esq.
Anderson@andersondailey.com
Anderson Dailey LLP
2002 Summit Boulevard, Suite 1250
Atlanta, GA 30319
**Counsel for Klopfenstein**

Coren Stern, Esq.
CStern@bressler.com
Bennett Falk, Esq.
BFalk@bressler.com
Bressler, Amery & Ross
2801 S.W. 149th Avenue
Miramar, FL 33027
**Counsel for Merrill Lynch**

Richard A. Morgan, Esq.
Richard.Morgan@bipc.com
Buchanan Ingersoll & Rooney, P.C.
Bank of America Tower
100 S.E. 2nd Street, 34th Floor
Miami, FL 33131
**Counsel for Klopfenstein**

_____
Attorney

# RICHARD BENJAMIN WILKES
### ATTORNEYS AT LAW

TELEPHONE: (813) 254-6060  
FACSIMILE: (813) 254-6088

600 SOUTH MAGNOLIA AVENUE  
SUITE 200  
TAMPA, FLORIDA 33606

E-MAIL:  
RWILKES@RBWILKES.COM

June 6, 2007

**Via E- Mail and U.S. Mail**

Douglas E. Whitney, Esquire  
McDermott Will & Emery  
227 West Monroe Street  
Chicago, IL 60606-5096

Re: *Gainor v. Sidley Austin, Arthur Andersen, et al.*  
Our File No.: 03-1687

Dear Mr. Whitney:

We have reviewed the motions to dismiss on personal jurisdiction grounds by Defendants Nissley and Marx and appreciate your agreement to a 30-day extension of time to respond. In order to prepare proper responses in a timely manner, we will need to complete some discovery directed to the personal jurisdiction issues you have raised. Please advise whether you will agree to expedite Arthur Andersen's, Marx', and Nissley's responses to *Plaintiffs' Request for Production of Documents to All Defendants* that we recently served on May 29, 2007. We propose a response date of June 13, 2007.

Although we believe the pending Request for Production is sufficiently inclusive to encompass documents relevant to the personal jurisdiction issue, we have prepared a more specifically-worded request for production directed to Marx and Nissley. This *Second Request for Production of Documents to Defendants Arthur Andersen, Marx, and Nissley* is attached. We ask that you also expedite the response to this request. We propose a response date of June 20, 2007.

In addition, please provide some available dates for us to take the depositions of Marx and Nissley. We can either depose them only on the personal jurisdiction issues or use this time to address all issues relevant to the case so they do not have to be re-deposed later if they remain in the case. Please let us know which approach you prefer and some dates on which they are available for deposition during the next several weeks.

I look forward to hearing from you at your earliest opportunity.

Sincerely,

*Richard Benjamin Wilkes*

Richard Benjamin Wilkes  
*(Signed in Mr. Wilkes' absence in order to avoid delay.)*

RBW/sf


EXHIBIT B

06/12/07 TUE 16:57 FAX 312 984 2199        MWE CLIENT INTAKE SVC                    ☒002

# McDermott
# Will & Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Douglas E. Whitney
Attorney at Law
dwhitney@mwe.com
312.984.6991

June 12, 2007

**VIA FAX AND REGULAR MAIL**
Richard Benjamin Wilkes
600 S. Magnolia Ave, Suite 200
Tampa, Florida 33606

Re:   Gainor v. Sidley, Austin, Brown & Wood, et al.

Dear Richard:

I am in receipt of your letters dated June 6, 2007 and June 8, 2007 requesting expedited responses to your First and Second Requests for Production of Documents as well as dates to depose Mr. Nissley and Mr. Marx – all in advance of the filing of your responses to the Motions to Dismiss for Lack of Personal Jurisdiction filed by Nissley and Marx.

As you should be aware, a plaintiff is only entitled to jurisdictional discovery after making the requisite, preliminary showing of jurisdiction. *See Snow v. Directv, Inc.*, 450 F.3d 1314, 1317-18 (11th Cir. 2006); *Fielding v. Hubert Burda Media Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). There is nothing in the Amended Complaint or its boilerplate jurisdictional allegations against Nissley and Marx that could possibly satisfy your burden. *See CareFirst of Maryland, Inc. v. CareFirst Pregnancy Centers, Inc.*, 334 F.3d 390, 402 (4th Cir. 2003) (affirming denial of jurisdictional discovery because plaintiff offered "only speculation or conclusory assertions about contacts with a forum state"). Accordingly, we do not believe you are entitled to any jurisdictional discovery, and must therefore deny your requests for both expedited written discovery and for depositions.[1]

Please do not hesitate to contact me if you have any questions on this issue.

Sincerely,

Douglas E. Whitney

CHI99 4837729-2.065784.0026

---

[1] Furthermore, it is unclear what documents you are referencing in your June 8, 2007 letter. Rule 26(a)(1) does not require the production of documents. Rather it states that relevant documents may *either* be disclosed *or* described by item and location, Fed. R. Civ. Proc. 26(a)(1), and we have satisfied our obligations under this Rule.

U.S. practice conducted through McDermott Will & Emery LLP.
227 West Monroe Street Chicago, Illinois 60606-5096  Telephone: 312.372.2000  Facsimile: 312.984.7700  www.mwe.com


EXHIBIT C