UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

MARK J. GAINOR and ELYSE GAINOR,

       Plaintiffs,    Case No: 06-21748-CIV

vs.

SIDLEY, AUSTIN, BROWN & WOOD, LLP,
a Delaware limited liability partnership, f/k/a
BROWN & WOOD, f/k/a BROWN & WOOD,
R.J. RUBLE, an individual, ARTHUR
ANDERSEN, LLP, an Illinois limited liability
partnership, MICHAEL S. MARX, an
individual, P. ANTHONY NISSLEY, an
individual, MERRILL LYNCH & CO., INC.,
a Delaware corporation, and MARK C.
KLOPFENSTEIN, an individual,

       Defendants.
_____/

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF GAINORS' MOTION TO
COMPEL (a) RESPONSES TO PLAINTIFFS' SECOND REQUEST FOR
PRODUCTION OF DOCUMENTS TO ANDERSEN, MARX AND NISSLEY,
AND (b) DEPOSITION DATES FOR MARX AND NISSLEY**

Pursuant to Rule 7.1 of the local rules of this court, plaintiffs Mark J. Gainor and Elyse Gainor (collectively "Gainor") submit this memorandum of law in support of Plaintiff Gainor's Motion to Compel (a) Responses to Plaintiffs' Second Request for Production of Documents to Andersen, Marx and Nissley, and (b) Deposition dates for Marx and Nissley ("Gainors' Motion to Compel").

## I. BACKGROUND

Gainor brought this action against Arthur Andersen, Marx, and Nissley and others for damages Gainor suffered resulting from purported tax advice provided by defendants. As stated in Gainor's Motion to Compel, Gainor has served discovery requests to Defendants Arthur Andersen, LLP ("Arthur Andersen"), Michael S. Marx ("Marx"), and P. Anthony Nissley ("Nissley") concerning the personal jurisdiction issue raised in their motions to dismiss. Gainor also requested deposition dates for Marx and Nissley on the issue of personal jurisdiction. Arthur Andersen, Marx and Nissley objected to all discovery on this issue of personal jurisdiction.

Gainor's Amended Complaint alleges facts to establish jurisdiction under Section 48.193 Florida Statutes, Florida's long arm statute. In paragraph 20 of the Amended Complaint, Gainor alleges six different grounds for jurisdiction under Florida law. Moreover, in Count I, Gainor alleges that all defendants engaged in a conspiracy, and this makes the actions of all defendants relevant to the issue of this Court's jurisdiction over Marx and Nissley.

The motions to dismiss filed by Marx and Nissley include "Declarations" and factual assertions that attempt to oppose the jurisdictional allegations of the Amended Complaint. However, despite raising this issue, Arthur Andersen, Marx, and Nissley have failed and refused to provide the requested discovery, asserting that Gainor is not entitled to any discovery on this jurisdictional issue.

## II. ARGUMENT

### Gainor is Entitled to Discovery on the Issue of Personal Jurisdiction

In this case, Gainor has made sufficient allegations to establish a prima facie case that this Court has personal jurisdiction over Marx and Nissley. When resolution of a pretrial motion

to dismiss for lack of personal jurisdiction turns on findings of fact, jurisdiction discovery may be required to allow the Court to make a meaningful ruling.  See, e.g., Chudasama v. Mazda Motor Corp., 123 F. 3rd 1353 (11th Cir. 1997).  The Eleventh Circuit has recognized the right of a plaintiff to discovery on the issue of personal jurisdiction.  See, e.g., Posner v. Essex Ins. Co. Ltd., 178 F. 3rd 1209, 1214, n. 7 (11th Cir. 1999), citing Eaton v. Dorchester Development, 692 F. 2d 727, 729-730 (11th Cir. 1982).  See also Bruhl v. Price Waterhousecooopers Intern., 2007 WL 997362 (USDC SD FL 2007).

To allow Marx and Nissley to withhold discovery when they have filed disputed factual "Declarations" to challenge personal jurisdiction would prejudice Gainor.  Gainor should be allowed the opportunity to learn the basis of Marx and Nissley's factual contentions through discovery.  To force Gainor to respond Marx and Nissley's Motions to Dismiss without giving them the opportunity to conduct discovery would give Marx and Nissley an unfair advantage in these proceedings and deprive Gainor of a meaningful opportunity to be heard.  See Gleneagle Ship Management Co. v. Leondako, 602 So. 2d 1282 (Fla. 1992), citing Silk v. Sieling, 7 F.R.D. 576 (E.D. P. 1947).

Gainor's Second Request for the Production is reasonably calculated to lead to the discovery of admissible evidence on the issue of personal jurisdiction.  The discovery seeks information that will allow Gainor a meaningful opportunity to respond to the factual assertions by Marx and Nissley that they do not have the required minimum contacts with the State of Florida, and will also allow this Court to make a meaningful decision on Marx and Nissley's motions to dismiss.  For example, Request numbers 1 through 8, 10-14, and 16 seek documents regarding communications among various persons and entities involved in this action.  Such documents will reveal whether such communications were made from or received in the State of

Florida, and may also otherwise discuss Marx and Nissley's conduct, activities, and contacts in this State. The documents may also reveal the Florida conduct, activities, and contacts of Marx and Nissley's co-conspirators. The acts of these co-conspirators will also serve to establish personal jurisdiction.

Request number 9 seeks documents pertaining to trips that Marx and Nissley took to Florida at relevant times. Request Number 15 seeks documents regarding service. Marx's and Nissley's trips to Florida and service provided to Florida clients are relevant to the issue of whether the Court has personal jurisdiction on the basis of the transaction at issue in the case and general jurisdiction over Marx and Nissley based on regular contacts with the state of Florida. Information about these trips and services are precisely the type of information the Court requires to analyze Marx and Nissley's contacts with the State of Florida.

Requests numbers 17 through 19 seek copies of various state reports in their possession of Arthur Andersen, Marx, and Nissley. These documents will show Marx and Nissley's involvement in the subject transactions, their contacts with the state of Florida, and the contacts of their co-conspirators with this state. Such requests are reasonably calculated to lead to the discovery of admissible evidence and responses should be compelled.

In addition to document discovery, Gainor seeks to take the depositions of Marx and Nissley. Counsel for Gainor offered to limit their depositions to the issue of personal jurisdiction or to cover the merits as well, at the option of counsel for Marx and Nissley. Despite this reasonable request for discovery, counsel for Marx and Nissley responded that he would permit no depositions of Marx and Nissley. Again, this discovery was reasonably calculated to lead to the discovery of admissible evidence on the issue of personal jurisiciation. The depositions requested will allow Gainor to challenge the factual assertions made by Marx and Nissley in

their respective motions to dismiss and in the "Declarations" attached thereto. To allow their "Declarations" to stand unchallenged would deprive Gainor of due process of law and a meaningful opportunity to be heard in this matter.

### III. REQUEST FOR RELIEF

WHEREFORE, Gainor respectfully requests this court to enter an order compelling (a) responses to Plaintiffs' Second Request for Production of Documents to Defendants Arthur Andersen, Marx, and Nissley and (b) dates for depositions, and requests an award of attorney's fees and costs associated with the Motion, and all other relief this court deems appropriate.

Respectfully submitted,

_____
RICHARD BENJAMIN WILKES
Florida Bar No. 267163
RICHARD BENJAMIN WILKES
ATTORNEYS AT LAW
600 South Magnolia Avenue, Suite 200
Tampa, Florida 33606
Email:         rwilkes@rbwilkes.com
Telephone:  813-254-6060
Facsimile:   813-254-6088
Attorneys for Plaintiff

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 11, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which automatically sends an electronic notification to CM/ECF participants. The foregoing document was also served on those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing identified on the attached Service List via first-class U.S. mail.

_____
RICHARD BENJAMIN WILKES

# 191053

## SERVICE LIST

Katherine W. Ezell, Esq.
KEzell@podhurst.com
Podhurst Orseck, P.A.
25 W. Flagler Street, Suite 800
Miami, FL  33130
**Counsel for Sidley Austin**

Jonathan E. Altman, Esq.
Jonathan.Altman@mto.com
Aaron May, Esq.
Aaron.May@mto.com
Munger, Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA  90071
**Counsel for Sidley Austin**

Coren Stern, Esq.
CStern@bressler.com
Bennett Falk, Esq.
BFalk@bressler.com
Bressler, Amery & Ross
2801 S.W. 149th Avenue
Miramar, FL  33027
**Counsel for Merrill Lynch**

Stuart E. Abrams, Esq.
SAbrams@frankelabrams.com
Frankel & Abrams
230 Park Avenue, Suite 3330
New York, NY  10169
**Counsel for Ruble**

Douglas E. Whitney, Esq.
DWhitney@mwe.com
McDermott Will & Emery
227 West Monroe Street
Chicago, IL  60606-5096
**Counsel for Arthur Andersen,
    Nissley and Marx**

Stephen J. Anderson, Esq.
Anderson@andersondailey.com
Anderson Dailey LLP
2002 Summit Boulevard, Suite 1250
Atlanta, GA  30319
**Counsel for Klopfenstein**

Richard A. Morgan, Esq.
Richard.Morgan@bipc.com
Buchanan Ingersoll & Rooney, P.C.
Bank of America Tower
100 S.E. 2nd Street, 34th Floor
Miami, FL  33131
**Counsel for Klopfenstein**

R. J. Ruble
1517 Avalon Square
Glen Cove, NY  11542

# 191053