UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: 06-21748-CIV-MARTINEZ-BANDSTRA

MARK J. GAINOR and ELYSE GAINOR,

    Plaintiffs,

v.

SIDLEY AUSTIN LLP, a Delaware limited liability
Partnership, f/k/a SIDLEY AUSTIN
BROWN & WOOD, f/k/a BROWN & WOOD,
R. J. RUBLE, an individual, ARTHUR
ANDERSEN, LLP, an Illinois limited liability
partnership, MICHAEL S. MARX, an individual,
P. ANTHONY NISSLEY, an individual,
MERRILL LYNCH & CO., INC., a Delaware
corporation, and MARK C. KLOPFENSTEIN,
an individual,

    Defendants.
_____/

**PLAINTIFFS' MOTION TO COMPEL DEFENDANTS,
ARTHUR ANDERSEN AND MERRILL LYNCH, TO
PRODUCE INITIAL DISCLOSURES IN COMPLIANCE WITH RULE 26(a) AND
CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1 A.3.**

Plaintiffs, Mark J. Gainor and Elyse Gainor, pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure, move on the following grounds for entry of an Order compelling (1) Defendants, Arthur Andersen, LLP ("Andersen") and Merrill Lynch, Pierce, Fenner & Smith Inc. ("MLPFS") and Merrill Lynch Private Finance LLC ("MLPF")(MLPFS and MLPF shall hereinafter be collectively referred to as "Merrill Lynch") to produce initial disclosures in compliance with rule 26(a).

1

Dockets.Justia.com

I.   **ANDERSEN'S RULE 26 INITIAL DISCLOSURES**

On June 5, 2007, Andersen furnished initial disclosures to Plaintiffs pursuant to Rule 26(a),[1] a copy of which is attached hereto as "**Exhibit A.**" Anderson's disclosures state in relevant part as follows:

B.   **DOCUMENTS**

> To the best of Andersen's knowledge, Plaintiffs' counsel has already acquired during its investigation and pursuit of this action several thousand documents, data compilations, and tangible things relating to Plaintiffs' 1999 investment strategy, including documents acquired from Andersen and its formers partners or employees. Andersen is in the process of determining what, if any, additional documents, data compilations, and tangible things it may have in its possession custody or control relating to Plaintiffs' motivation, analysis, implementation, and reporting of their 1999 investment strategy that Andersen may use to support its claims or defenses, other than solely for impeachment.

C.   ...

D.   **INSURANCE POLICY**

> It does not currently appear that any insurance entity would be liable to satisfy part or all of any judgment entered against Andersen in this action. Andersen may supplement this disclosure as new information is discovered.

Andersen's disclosures fail to meet the requirements of Rule 26(a)(1)(B) and 26(a)(1)(D). Rule 26(a)(1)(B) provides that "a party must, without awaiting a discovery request, provide to other parties ... a copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the

---

[1] Defendant Andersen, Defendant Michael Marx, a former Andersen employee, and Defendant P. Anthony Nissley, a former Andersen partner, are all represented by the same counsel in this matter. Counsel for Plaintiffs and these Defendants agreed that Marx and Nissley need not submit separate Rule 26 disclosure statements pending rulings on their Motions to Dismiss for Lack of Personal Jurisdiction. Instead, counsel agreed that Anderson would file one disclosure statement for all three defendants.

possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment."

Andersen did not produce copies of documents, nor did Andersen provide an adequate description by category and location of all documents in its possession, custody, or control that it may use to support its claims or defenses as required by the Rule. Specifically, Andersen did not describe by category and location documents pertaining to the Andersen Defendants'[2] defenses, including the statute of limitations defense raised by Andersen and the lack of personal jurisdiction defenses raised by Marx and Nissley. Andersen clearly new of these defenses at the time it made its Rule 26 disclosures. See, Defendant Arthur Andersen LLP's Rule 26 Initial Disclosures, fn. 1. When Andersen filed the Rule 26 disclosures, Marx and Nissley had already filed their Motions to Dismiss based on lack of personal jurisdiction and supporting affidavits. Andersen did not produce or describe any of the documents pertaining to the matters contained in those affidavits. All documents relating to the Andersen Defendants' defenses should have been produced or adequately described by category and location.

Andersen's insurance policy disclosures fail to meet the requirements of Rule 26(a)(1)(D) also. Rule 26(a)(1)(D) requires the disclosing party to produce insurance agreements which may be available to satisfy any part or all of a judgment which may be entered in the action. The Rule requires that the party undertake the necessary diligence to determine whether any insurance coverage is available to that party concerning the claims against it by the time it files its Rule 26 initial disclosures. Andersen states that it

---

[2] Defendant Andersen, Defendant Marx and Defendant Nissley are collectively referred to herein as the Andersen Defendants.

3

may supplement its disclosure "as new information is discovered." Andersen does not explain why this information is not already known to Andersen.

## II.  MERRILL LYNCH'S RULE 26 INITIAL DISCLOSURES

On June 7, 2007, Merrill Lynch furnished its Rule 26 initial disclosures to Plaintiffs, a copy of which is attached hereto as "**Exhibit B**." Merrill Lynch's disclosures fail to meet the requirements of Rule 26 (a)(1)(A) and (a)(1)(B).

Pursuant to subsection (a)(1)(A) of the Rule, Merrill Lynch discloses the following categories of "Witnesses/Individuals with Discoverable Information": (1) "All witnesses disclosed by Plaintiffs and any defendant," and (2) "Any other third party advisors of Plaintiffs." The categorization of "Any other third party advisors of Plaintiffs" is insufficient under Rule 26(a)(1)(A). The Rule requires that the disclosing party provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses...." Pursuant to this Rule, Merrill Lynch is required to provide the specific names (and if known addresses and telephone numbers) of the third party advisors it has listed as "Any other third party advisors of Plaintiff."

Merrill Lynch's disclosures are also insufficient under Rule 26(a)(1)(B). Pursuant to subsection (a)(1)(B) of the Rule, Merrill Lynch discloses the following two "Categories of Documents":

> (1) Documents pertaining to the loan transaction entered into between MLPF and Plaintiffs. MLPF is currently in the process of locating such documents. MLPF cannot, at this time, disclose the exact location of all documents that fall within this category.
>
> (2) Documents pertaining to Plaintiffs' investments through MLPFS. MLPFS is currently in the process of locating such documents. MLPFS

cannot, at this time, disclose the exact location of all documents that fall within this category.

Merrill Lynch filed a Motion to dismiss in this litigation in which it asserted claims that the law of a foreign state applies and defenses regarding the statute of limitations. Merrill Lynch did not provide Plaintiffs with any copies of any documents related to its claims or defenses pursuant to the Rule. Therefore, it was required to adequately describe the documents related to its claims and defenses by category and location. Merrill Lynch's disclosures fail to sufficiently describe the categories of documents and their location.

### III.  RELIEF REQUESTED

Plaintiffs respectfully request the following relief:

(1)  An Order from this Court compelling Anderson to (a) produce copies of, or appropriate descriptions of, all documents, electronically stored information, and tangible things that may be used to support the Andersen Defendants' claims and defenses; and (b) identify and produce for inspection and copying any insurance policies that may be available to the Andersen Defendants concerning the claims against them in this case;

and

(2)  An Order from this Court compelling Merrill Lynch to (a) provide Plaintiffs with the names and, if known, the addresses and telephone numbers of the individuals listed generally as "any other third party advisors of Plaintiffs" in Merrill Lynch's disclosures; and (b) produce copies of, or appropriate descriptions of, all documents, electronically stored information, and tangible things that may be used to support its claims and defenses.

5

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1 A. 3.

The undersigned counsel for Plaintiffs hereby certifies that he has communicated with counsel for Andersen and counsel for Merrill Lynch in a good faith effort to resolve the issues raised by this motion, but counsel have been unable to resolve same.

_____
RICHARD BENJAMIN WILKES
Florida Bar No. 267163
**RICHARD BENJAMIN WILKES**
**ATTORNEYS AT LAW**
600 South Magnolia Avenue, Suite 200
Tampa, Florida 33606
Telephone:   (813) 254-6060
Facsimile:    (813) 254-6088
rwilkes@rbwilkes.com
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of July, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Richard Benjamin Wilkes
Richard Benjamin Wilkes

## SERVICE LIST

Katherine W. Ezell, Esq.
KEzell@podhurst.com
Podhurst Orseck, P.A.
25 W. Flagler Street, Suite 800
Miami, FL 33130
**Counsel for Sidley Austin**

Jonathan E. Altman, Esq.
Jonathan.Altman@mto.com
Aaron May, Esq.
Aaron.May@mto.com
Munger, Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
**Counsel for Sidley Austin**

Coren Stern, Esq.
CStern@bressler.com
Bennett Falk, Esq.
BFalk@bressler.com
Bressler, Amery & Ross
2801 S.W. 149th Avenue
Miramar, FL 33027
**Counsel for Merrill Lynch**

Stuart E. Abrams, Esq.
SAbrams@frankelabrams.com
Frankel & Abrams
230 Park Avenue, Suite 3330
New York, NY 10169
**Counsel for Ruble**

Douglas E. Whitney, Esq.
DWhitney@mwe.com
McDermott Will & Emery
227 West Monroe Street
Chicago, IL 60606-5096
**Counsel for Arthur Andersen, Nissley and Marx**

Stephen J. Anderson, Esq.
Anderson@andersondailey.com
Anderson Dailey LLP
2002 Summit Boulevard, Suite 1250
Atlanta, GA 30319
**Counsel for Klopfenstein**

Richard A. Morgan, Esq.
Richard.Morgan@bipc.com
Buchanan Ingersoll & Rooney, P.C.
Bank of America Tower
100 S.E. 2nd Street, 34th Floor
Miami, FL 33131
**Counsel for Klopfenstein**

R. J. Ruble
1517 Avalon Square
Glen Cove, NY 11542