UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: 06-21748-CIV-MARTINEZ-BANDSTRA

MARK J. GAINOR and ELYSE GAINOR,

    Plaintiffs,

v.

SIDLEY AUSTIN LLP, a Delaware limited liability
Partnership, f/k/a SIDLEY AUSTIN
BROWN & WOOD, f/k/a BROWN & WOOD,
R. J. RUBLE, an individual, ARTHUR
ANDERSEN, LLP, an Illinois limited liability
partnership, MICHAEL S. MARX, an individual,
P. ANTHONY NISSLEY, an individual,
MERRILL LYNCH & CO., INC., a Delaware
corporation, and MARK C. KLOPFENSTEIN,
an individual,

    Defendants.
_____/

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL
DEFENDANTS, ARTHUR ANDERSEN AND MERRILL LYNCH TO
PRODUCE INITIAL DISCLOSURES IN COMPLIANCE WITH RULE 26(a)**

Plaintiffs, Mark J. Gainor and Elyse Gainor, pursuant to Rule 7.1 of the Local Rules of this Court, hereby submit the following memorandum in support of their Motion to Compel Defendants, Arthur Andersen and Merrill Lynch to Produce Initial Disclosures In Compliance With Rule 26(a) (the "Motion").

As outlined in Plaintiffs' Motion and below, Andersen and Merrill Lynch failed to disclose information required by Rule 26(a). Plaintiffs respectfully request the following relief:

1

(1) That this Court compel Anderson to: (a) produce copies of, or appropriate descriptions of, all documents, electronically stored information, and tangible things that may be used to support the Andersen Defendants'[1] claims and defenses; and (b) identify and produce for inspection and copying any insurance policies that may be available to the Andersen Defendants concerning the claims against them in this case;

and

(2) That this Court compel Merrill Lynch to: (a) provide Plaintiffs with the names and, if known, the addresses and telephone numbers of the individuals listed generally as "any other third party advisors of Plaintiffs" in Merrill Lynch's disclosures; and (b) produce copies of, or appropriate descriptions of, all documents, electronically stored information, and tangible things that may be used to support its claims and defenses.

## I. INITIAL DISCLOSURE REQUIREMENTS PURSUANT TO RULE 26(a)

### A. **Individuals**

Rule 26(a)(1)(A) requires that a party, without awaiting a discovery request, provide the other party with "the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information." Fed.R.Civ.P. 26(a)(1)(A). Parties who fail to satisfy the Rule 26(a) disclosure requirements are subject to appropriate sanctions under Rule 37(c)(1). *See* Fed. R. Civ. P. 37(c)(1); Searles v. Van Bebber, 251 F.3d 869, 877 (10th Cir. 2001). The Federal Rules make clear that "an evasive or incomplete disclosure,

---

[1] Defendant Andersen, Defendant Marx and Defendant Nissley are collectively referred to herein as the Andersen Defendants.

answer, or response is to be treated as a failure to disclose, answer, or respond." *See* Fed. R. Civ. P. 37(a)(3). Moreover, failure to make a 26(a) disclosure without substantial justification is sanctionable pursuant to Federal Rule of Civil Procedure 37(c). *See* Fed. R. Civ. P. 37(c)(1); Thorne v. Steubenville Police Officer, 463 F.Supp.2d 760, 770-771 (S.D. OH 2006).

**B.   Documents**

Rule 26(a)(1)(B) requires that a party, without awaiting a discovery request, provide to other parties "a copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment." Fed. R. Civ. P. 26(a)(1)(B). In order to satisfy Rule 26(a)(1)(B), the description should sufficiently enable opposing parties "(1) to make an informed decision concerning which documents might need to be examined, at least initially, and (2) to frame their document requests in a manner likely to avoid squabbles resulting from the wording of the requests...." Invision Medical Insurance Company v. Federal Insurance Company, 2004 WL 396037, at 12 (S.D.N.Y 2004).

**C.   Insurance Information**

Rule 26(a)(1)(D) requires the disclosing party to produce insurance agreements which may be available to satisfy any part or all of a judgment which may be entered in the action. Fed. R. Civ. P. 26(a)(1)(D). The Rule requires that the party undertake the necessary diligence to determine whether any insurance coverage is available to that party concerning the claims against it by the time it files its Rule 26 initial disclosures.

II.  **MERRILL LYNCH FAILED TO ADEQUATELY IDENTIFY INDIVIDUALS WITH KNOWLEDGE**

In its Rule 26 Initial Disclosures, Merrill Lynch generally listed "any other third party advisors of Plaintiffs" as "Witnesses/Individuals with Discoverable Information." This is insufficient under Rule 26(a)(1)(A). Merrill Lynch is required to disclose the names and, if known, the addresses and telephone numbers of such persons. Fed.R.Civ.P. 26(a)(1)(A).

III. **ANDERSEN AND MERRILL LYNCH FAILED TO PRODUCE OR DESCRIBE DOCUMENTS AS REQUIRED BY RULE 26(a)(1)(B)**

Both the Andersen Defendants and Merrill Lynch have asserted defenses in this case. The Andersen Defendants have raised defenses concerning the statute of limitations and lack personal jurisdiction. Merrill Lynch has raised claims and defenses regarding the applicability of foreign law and statute of limitations. However, neither Andersen or Merrill Lynch provided copies of any documents pursuant to Rule 26(a)(1)(B). Therefore, Andersen and Merrill Lynch were required to provide sufficient descriptions, by category and location, of all documents, electronically stored information, and tangible things in their possession, custody, or control that they may use to support their claims or defenses in this action. Fed. R. Civ. P. 26(a)(1)(B). Neither Andersen or Merrill Lynch adequately complied with this requirement.

In its Rule 26 Initial Disclosures, Andersen stated that Plaintiffs' counsel had already acquired "several thousand documents, data compilations, and tangible things relating to Plaintiff's 1999 investment strategy, including documents acquired from Andersen and its formers partners or employees." See Exhibit A to Motion at 2. Andersen failed to describe any documents by category and location in its Rule 26 initial

disclosures. Andersen's document disclosures are clearly not in compliance with Rule 26(a)(1)(B).

Merrill Lynch's document disclosures were limited to "Documents pertaining to the loan transaction entered into between MLPF and Plaintiffs" and "Documents pertaining to Plaintiff's investments through MLPFS." These categorizations of are overly broad and not in compliance with Rule 26(a)(1)(B). These categorizations fail to enable Plaintiffs to "make an informed decision concerning which documents might need to be examined" and "frame their document requests in a manner likely to avoid squabbles resulting from the wording of the requests." See, Invision Medical Insurance Company v. Federal Insurance Company, 2004 WL 396037, at 12 (S.D.N.Y 2004)(In action for breach of an insurance contract, defendant insurance company's description in its initial disclosures of one category of documents as "plaintiff's underwriting files" was too broad to satisfy the requirements of 26(a) given the nature of the claim at hand).

Notwithstanding Andersen's statement that it was "in the process of determining what, if any, additional documents, data compilations, and tangible things it may have in its possession, custody or control...." and Merrill Lynch's statements that it was in the process of locating particular documents, the disclosures are incomplete. As such, they should be treated as failures to disclose. Further, because neither Andersen nor Merrill Lynch has provided substantial justification for its failure to disclose information required by Rule 26(a), their conduct is sanctionable pursuant to Rule 37(c)(1).

IV. **ANDERSEN FAILED TO PRODUCE INSURANCE INFORMATION AS REQUIRED BY RULE 26(a)(1)(D)**

In its disclosures regarding insurance information pursuant to Rule 26(a)(1)(D), Andersen stated "[i]t does not currently appear that any insurance entity would be liable to satisfy part or all of any judgment entered against Andersen in this action. Andersen may supplement this disclosure as new information is discovered." Andersen's disclosure fails to meet the requirements of Rule 26(a)(1)(D). Andersen states that it may supplement its disclosure "as new information is discovered." However, Andersen does not explain why this information is not already known to Andersen.

V. **CONCLUSION**

Defendants Andersen's and Merrill Lynch's Rule 26 Initial Disclosure are not incompliance with Rule 26(a). Plaintiffs respectfully request the following relief:

(1) An Order from this Court compelling Anderson to (a) produce copies of, or appropriate descriptions of, all documents, electronically stored information, and tangible things that may be used to support the Andersen Defendants' claims and defenses; and (b) identify and produce for inspection and copying any insurance policies that may be available to the Andersen Defendants concerning the claims against them in this case;

and

(2) An Order from this Court compelling Merrill Lynch to (a) provide Plaintiffs with the names and, if known, the addresses and telephone numbers of the individuals listed generally as "any other third party advisors of Plaintiffs" in Merrill Lynch's disclosures; and (b) produce copies of, or appropriate descriptions of, all

documents, electronically stored information, and tangible things that may be used to support its claims and defenses.

*[signature]*

RICHARD BENJAMIN WILKES
Florida Bar No. 267163
**RICHARD BENJAMIN WILKES**
**ATTORNEYS AT LAW**
600 South Magnolia Avenue, Suite 200
Tampa, Florida 33606
Telephone:   (813) 254-6060
Facsimile:    (813) 254-6088
rwilkes@rbwilkes.com
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of July, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Richard Benjamin Wilkes
Richard Benjamin Wilkes

## SERVICE LIST

Katherine W. Ezell, Esq.
KEzell@podhurst.com
Podhurst Orseck, P.A.
25 W. Flagler Street, Suite 800
Miami, FL 33130
**Counsel for Sidley Austin**

Douglas E. Whitney, Esq.
DWhitney@mwe.com
McDermott Will & Emery
227 West Monroe Street
Chicago, IL 60606-5096
**Counsel for Arthur Andersen,
   Nissley and Marx**

Jonathan E. Altman, Esq.
Jonathan.Altman@mto.com
Aaron May, Esq.
Aaron.May@mto.com
Munger, Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
**Counsel for Sidley Austin**

Stephen J. Anderson, Esq.
Anderson@andersondailey.com
Anderson Dailey LLP
2002 Summit Boulevard, Suite 1250
Atlanta, GA 30319
**Counsel for Klopfenstein**

Coren Stern, Esq.
CStern@bressler.com
Bennett Falk, Esq.
BFalk@bressler.com
Bressler, Amery & Ross
2801 S.W. 149th Avenue
Miramar, FL 33027
**Counsel for Merrill Lynch**

Richard A. Morgan, Esq.
Richard.Morgan@bipc.com
Buchanan Ingersoll & Rooney, P.C.
Bank of America Tower
100 S.E. 2nd Street, 34th Floor
Miami, FL 33131
**Counsel for Klopfenstein**

Stuart E. Abrams, Esq.
SAbrams@frankelabrams.com
Frankel & Abrams
230 Park Avenue, Suite 3330
New York, NY 10169
**Counsel for Ruble**

R. J. Ruble
1517 Avalon Square
Glen Cove, NY 11542