UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: 06-21748-CIV-MARTINEZ-BANDSTRA

MARK J. GAINOR and ELYSE GAINOR,

    Plaintiffs,

v.

SIDLEY AUSTIN LLP, a Delaware limited liability
Partnership, f/k/a SIDLEY AUSTIN
BROWN & WOOD, f/k/a BROWN & WOOD,
R. J. RUBLE, an individual, ARTHUR
ANDERSEN, LLP, an Illinois limited liability
partnership, MICHAEL S. MARX, an individual,
P. ANTHONY NISSLEY, an individual,
MERRILL LYNCH & CO., INC., a Delaware
corporation, and MARK C. KLOPFENSTEIN,
an individual,

    Defendants.
_____/

**PLAINTIFFS' MOTION TO COMPEL FULL AND COMPLETE RESPONSES
TO DISCOVERY FROM DEFENDANT, SIDLEY AUSTIN BROWN & WOOD,
AND CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1 A.3.**

Plaintiffs, Mark J. Gainor and Elyse Gainor, pursuant to Rule 37 of the Federal Rules of Civil Procedure, move on the following grounds for entry of an Order compelling full and complete responses from Defendant, Sidley Austin Brown & Wood ("Sidley") to various discovery requests.

**I.    PLAINTIFFS' FIRST REQUESTS FOR ADMISSIONS TO SIDLEY**

Plaintiffs' First Requests for Admissions to Sidley, attached hereto as **Exhibit A**, included the following two statements:

> 1. Treasury Circular 230 was applicable to the work performed by Sidley Austin for Mr. Gainor in 1999.

    2. ABA formal opinion 346 was applicable to the work that Sidley Austin performed for Mr. Gainor in 1999.

Defendant Sidley responded as follows:

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

In addition to its general objections, Brown & Wood objects to this Request on the grounds that it seeks an admission regarding conclusions of law and therefore no response is required. *See United States v. Block 44, Lots 3, 6,* 177 F.R.D. 695, 695 (M.D. Fl. 1997)("A request for admission of a conclusion of law is improper.") Brown and Wood further objects to this Request on the grounds that it is vague and ambiguous as to the phrase "was applicable to."

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

In addition to its general objections, Brown & Wood objects to this Request on the grounds that it seeks an admission regarding conclusions of law and therefore no response is required. *See United States v. Block 44, Lots 3,6,* 177 F.R.D. 695, 695 (M.D. Fl. 1997)("A request for admission of a conclusion of law is improper.") Brown and Wood further objects to this Request on the grounds that it is vague and ambiguous as to the phrase "was applicable to."

See Defendant Sidley Austin LLP's Response to Plaintiff's First Request for Admissions, attached hereto as **Exhibit B**.

The Federal Rules of Civil Procedure specifically permit requests for admission as to the application of law to fact, which is what Plaintiffs seek by way of these admissions. Fed. R. Civ. P. 36. Unlike the case cited by Sidley in its response to the requests, these requests do not seek pure legal conclusions unrelated to the facts of the case. Instead, these requests seek to determine Sidley's position on whether the Treasury regulation and ABA opinion applied to Sidley's work on these tax shelters for Mr. Gainor in this case. The purpose of these requests for admissions is to narrow the issues before this Court. If Sidley denies that the Treasury regulation and ABA opinion apply then they

need simply respond accordingly. Plaintiffs request an Order from this Court compelling Sidley to admit or deny these requests for admissions.

## II. REQUEST #3 OF PLAINTIFFS' SIXTH REQUEST FOR PRODUCTION OF DOCUMENTS

In Plaintiffs' Sixth Request for Production of Documents to Sidley, attached hereto as **Exhibit C,** Plaintiffs requested the following:

> 3. All transcripts of any sworn testimony given by R.J. Ruble in connection with any claims against Sidley Austin arising out of R.J. Ruble's issuance of tax shelter opinion letters.

Defendant Sidley provided the following response:

> **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**
>
> In addition to its general objections, Brown & Wood objects to this Request on grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks sworn testimony about transactions that did not involve Arthur Andersen. Brown & Wood further objects on the grounds that in the deposition transcripts of R.J. Ruble in Brown & Wood's possession concerning any claims against Sidley Austin arising out of RJ. Ruble's issuance of tax shelter opinion letters, Mr. Ruble has not given any substantive testimony and has invoked his privilege against self-incrimination. Therefore, production of these transcripts is not reasonably calculated to lead to the discovery of admissible evidence.

See Defendant Sidley Austin LLP's Response to Plaintiff's Sixth Request for Production of Documents attached hereto as **Exhibit D.**

After counsel for Plaintiffs and Sidley conferred, Sidley agreed to produce the requested transcripts: "As for your request for transcripts of Mr. Ruble's prior testimony (Request number 3), we agree to provide the requested transcripts." See Letter from G. Sanchez to R. Wilkes dated April 3, 2007, p. 3, attached hereto as **Exhibit E.** However, Sidley's counsel later qualified that agreement: "With respect to Mr. Ruble's sworn testimony, we will provide the requested transcripts in full to the extent they are not

protected from production by a confidentiality agreement or protective order." <u>See</u> Exhibit G at 2.

As mentioned above, a confidentiality order has been entered in this case. Further, Plaintiffs are not aware of any protective orders entered in this case which would protect the requested transcripts from production in this lawsuit, nor has Sidley moved for a protective order with regard to the transcripts.

### III. PRIVILEGE LOG – SIDLEY'S GENERAL OBJECTIONS TO ALL REQUESTS FOR PRODUCTION

Sidley included the following objection in its "General Objections and Responses" to <u>all</u> of the requests for production that Plaintiffs served on Sidley:

> Brown and Wood objects to the Requests, and to each Request contained therein, to the extent that they seek documents protected from production by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection from disclosure. Brown & Wood intends to and does claim privilege with respect to all such documents and declines to produce any such documents. Any inadvertent production of a privileged or protected document is not an express wavier of any privilege or protection from disclosure. In due course, Brown & Wood will provide a privilege log identifying any otherwise responsive documents so withheld and the basis for such withholding. **However, Brown, & Wood objects to identifying, and will not identify, any documents protected by the attorney-client or attorney work product doctrine that were created after March 2002, on the ground that such identification would be unduly burdensome and oppressive, and would itself reveal attorney work product.**

<u>See</u> <u>e.g.</u>, Defendant Sidley Austin LLP'S Responses to Plaintiff's Second Request for Production of Documents, General Objections and Responses, ¶ 4 (Emphasis Added), attached hereto as **Exhibit F**.

Sidley has taken the position that it is not required to provide a privilege log for documents withheld on the grounds of privilege that were generated after March of 2002. Counsel for Sidley explained the significance of the March 2002 date as follows: "The

first lawsuit filed against Sidley Austin LLP arising out of tax opinions issued by Mr. Ruble was filed in March 2002. ... Since March 2002, there have been many more lawsuits filed and additional law firms hired to defend Sidley in connection with these transactions." See Letter from G. Sanchez to R. Wilkes dated May 30, 2007, p. 2, attached hereto as **Exhibit G**. Plaintiffs filed their original action against defendants on August 12, 2004 (Case No. 04-22058). Plaintiffs disagree that documents created after March 2002 are somehow exempt from the requirement that withheld documents must be disclosed on a privilege log.

IV. **REQUEST #29 OF PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

In Plaintiffs' Second Request for Production of Documents to Sidley, attached hereto as **Exhibit H**, Plaintiffs requested the following:

> 29. All documents reflecting the awareness or consideration by Sidley that investor lists needed to be maintained under 26 USC Sec. 6112 in any communications with any of the related parties regarding same.

Defendant Sidley provided the following response:

> **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**
>
> In addition to its general objections, Brown & Wood objects to this Request on grounds that it is vague, overbroad and incoherent, especially with respect to the phrases "awareness or consideration." Brown & Wood further objects to this Request on the grounds that it is argumentative and assumes facts not in evidence.

Exhibit F at 17.

In correspondence between counsel for Plaintiffs and Sidley regarding Sidley's response, Sidley's counsel stated that "We are able to confirm that no documents responsive to Plaintiff's Second Request for Production, Request #29, **that were created prior to the commencement of litigation against Sidley in March 2002** have been

withheld on the basis of privilege." See Exhibit G at 1. (Emphasis Added). Sidley did not indicate whether any documents generated after March 2002 were withheld on the basis of privilege nor did Sidley provide a privilege log identifying any such documents withheld. As stated above, Plaintiffs disagree that documents created after March 2002 are somehow exempt from the requirement that withheld documents must be disclosed on a privilege log.

## V. REQUEST #7 OF PLAINTIFFS' THIRD REQUEST FOR PRODUCTION OF DOCUMENTS

In Plaintiffs' Third Request for Production of Documents to Sidley, attached hereto as **Exhibit I,** Plaintiffs requested the following:

> 7. All insurance claims made for the files you assert were lost and/or destroyed as a result of the terrorist attack on September 11, 2001.

Defendant Sidley provided the following response:

> **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**
>
> In addition to its general objections, Brown & Wood objects to this Request on grounds that it is unduly burdensome, confidential, and not reasonably calculated to lead to the discovery of admissible evidence.

See Defendant Sidley Austin LLP's Responses to Plaintiff's Third Request for Production of Documents, attached hereto as **Exhibit J.**

Plaintiffs served this particular discovery request in response to Sidley having taken the position that documents relevant to this litigation may or may not have been destroyed in the September 11, 2001 terrorist attacks. See e.g., Defendant Sidley Austin LLP'S Responses to Plaintiff's Second Request for Production of Documents, Exhibit F, General Objections and Responses, ¶ 6. ("This information may be incomplete, in part because the New York office of [Sidley], including the files contained therein, was

completely destroyed in the terrorist attack on the World Trade Center on September 11, 2001."). These "destroyed" documents might include documents related to the issuance of opinion letters by Sidley's former employee R. J. Ruble and other documents related to this litigation. Sidley notified Plaintiffs that it filed an insurance claim for "business interruption and lost files" in connection with the September 11, 2001 terrorist attacks.

Sidley's objections to this request should be overruled. The insurance claim is for "lost files" and Sidley has taken the position that documents related to this litigation "may" have been lost or destroyed. It cannot be said the request is not reasonably calculated to lead to the discovery of admissible evidence. Further, Sidley's counsel stated that the insurance claim deals "almost" exclusively with subjects outside the scope of this litigation. See Exhibit G at 1. The term "almost" indicates that at least part of the insurance claim deals with subjects within the scope of this litigation.

Further, Sidley did not offer any affidavits or other evidence in support of its objection that the production of the insurance claim would be unduly burdensome. Upon conferring with counsel for Sidley on this matter, counsel for Sidley stated that the document is "hundreds of pages long." See Exhibit G at 1. The fact that the document is hundreds of pages long does not make the request unduly burdensome.

Finally, the fact that Sidley deems the insurance claim to be confidential does not exempt it from production. A confidentiality order has been entered in this case. Thus, this is not a valid basis to withhold the document.

## VI.   ARGUMENT AND AUTHORITIES

Plaintiffs' argument and authorities are set forth in the memorandum filed simultaneously herewith.

VII. **RELIEF REQUESTED**

Plaintiffs respectfully request the following relief:

(a) An Order from this Court compelling Sidley to admit or deny Requests #1 and #2 of Plaintiffs' First Requests for Admissions to Sidley;

(b) An Order from this Court compelling Sidley to produce without further delay all documents responsive to Request #3 of Plaintiffs' Sixth Request for Production of Documents to Sidley;

(c) An Order from this Court compelling Sidley to produce a privilege log that includes all privileged documents withheld except for written and oral communications between Sidley and its counsel after commencement of the litigation between Sidley and Plaintiffs and work product material created after commencement of the litigation between Sidley and Plaintiffs;

(d) An Order from this Court compelling Sidley to produce all documents responsive to Request #29 of Plaintiff's Second Request for Production of Documents to Sidley; and

(e) An Order from this Court compelling Sidley to produce any documents responsive to Request #7 of Plaintiffs' Third Request for Production of Documents to Sidley.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1 A. 3.

The undersigned counsel for Plaintiffs hereby certifies that he has communicated with counsel for Sidley in a good faith effort to resolve the issues raised by this motion, but counsel have been unable to resolve same.

```
                                    /s/ Richard Wilkes
                                    RICHARD BENJAMIN WILKES
                                    Florida Bar No. 267163
                                    RICHARD BENJAMIN WILKES
                                    ATTORNEYS AT LAW
                                    600 South Magnolia Avenue, Suite 200
                                    Tampa, Florida 33606
                                    Telephone:   (813) 254-6060
                                    Facsimile:   (813) 254-6088
                                    rwilkes@rbwilkes.com
                                    Attorneys for Plaintiffs
```

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of July, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                    s/ Richard Benjamin Wilkes
                                    Richard Benjamin Wilkes

## SERVICE LIST

Katherine W. Ezell, Esq.
KEzell@podhurst.com
Podhurst Orseck, P.A.
25 W. Flagler Street, Suite 800
Miami, FL 33130
**Counsel for Sidley Austin**

Jonathan E. Altman, Esq.
Jonathan.Altman@mto.com
Aaron May, Esq.
Aaron.May@mto.com
Munger, Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
**Counsel for Sidley Austin**

Coren Stern, Esq.
CStern@bressler.com
Bennett Falk, Esq.
BFalk@bressler.com
Bressler, Amery & Ross
2801 S.W. 149th Avenue
Miramar, FL 33027
**Counsel for Merrill Lynch**

Stuart E. Abrams, Esq.
SAbrams@frankelabrams.com
Frankel & Abrams
230 Park Avenue, Suite 3330
New York, NY 10169
**Counsel for Ruble**

Douglas E. Whitney, Esq.
DWhitney@mwe.com
McDermott Will & Emery
227 West Monroe Street
Chicago, IL 60606-5096
**Counsel for Arthur Andersen,
    Nissley and Marx**

Stephen J. Anderson, Esq.
Anderson@andersondailey.com
Anderson Dailey LLP
2002 Summit Boulevard, Suite 1250
Atlanta, GA 30319
**Counsel for Klopfenstein**

Richard A. Morgan, Esq.
Richard.Morgan@bipc.com
Buchanan Ingersoll & Rooney, P.C.
Bank of America Tower
100 S.E. 2nd Street, 34th Floor
Miami, FL 33131
**Counsel for Klopfenstein**

R. J. Ruble
1517 Avalon Square
Glen Cove, NY 11542