UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-21748-CIV-MARTINEZ

MARK J. GAINOR,

    Plaintiff,

v.

SIDLEY AUSTIN BROWN & WOOD, LLP,

    Defendant.

_____/

## DEFENDANT SIDLEY AUSTIN LLP'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

To Plaintiff and His Attorneys of Record:

Defendant Sidley Austin LLP f/k/a Sidley Austin Brown & Wood LLP ("Brown & Wood"), by its attorneys of record, hereby responds and objects to Plaintiff's First Request for Admissions (the "Requests"), as follows:

### GENERAL OBJECTIONS AND RESPONSES

1. Brown & Wood objects to the Requests and to each Request for Admission contained therein, to the extent they seek information protected from disclosure or production by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection from disclosure. Brown & Wood intends to and does claim privilege with respect to all such information, and declines to provide any such information. Any inadvertent disclosure of privileged or protected information is not, and should not be construed to be, a waiver of any privilege or protection from disclosure.

2. Brown & Wood objects to the Requests to the extent they seek confidential or proprietary information and/or private information of third parties. Such information will be

1236164 1

EXHIBIT B

Dockets.Justia.com

provided only pursuant to the terms of an appropriate confidentiality protective order, and, with respect to private information of third parties, the written consent of such third parties.

3. Brown & Wood's discovery and investigation in this matter are continuing. The responses set forth below represent information ascertained by Brown & Wood after a diligent inquiry and reasonable search, and are limited to the information known to Brown & Wood at this time. This information may be incomplete, in part because the New York office of Brown & Wood's predecessor, Brown & Wood LLP, including the files contained therein, was completely destroyed in the terrorist attack on the World Trade Center on September 11, 2001. Although Brown & Wood undertakes no obligation beyond what the Federal Rules of Civil Procedure require to supplement any of its responses, Brown & Wood reserves the right to amend or supplement its responses at any time, and to introduce additional evidence.

4. Brown & Wood objects to the Requests, and to each Request contained therein, to the extent that they seek information not in Brown & Wood's possession, custody, or control.

5. Brown & Wood objects to the Requests to the extent that they purport to impose upon Brown & Wood any obligations in addition to those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.

6. Brown & Wood does not concede that any of its responses to the Requests are, or will be, admissible at the trial of this action, in any other proceeding in this action, or in any other action. Brown & Wood does not waive any objections on any ground to the use of any such response at trial or in any other proceeding in this, or any other, action. In addition, Brown & Wood does not waive the right to object on any ground at any time to a demand or request for further responses to these Requests or any other requests or other discovery proceedings, including requests for admissions.

7. The foregoing objections apply to each of the Requests and are incorporated into the responses set forth below, which are not to be deemed a waiver, either in whole or in part, of any of those objections.

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST FOR ADMISSION NO. 1:

Treasury Circular 230 was applicable to the work performed by Sidley Austin for Mr. Gainor in 1999.

### RESPONSE TO REQUEST FOR ADMISSION NO. 1:

In addition to its general objections, Brown & Wood objects to this Request on the grounds that it seeks an admission regarding conclusions of law and therefore no response is required. *See United States v. Block 44, Lots 3,6*, 177 F.R.D. 695, 695 (M.D. Fl. 1997) ("A request for admission of a conclusion of law is improper."). Brown & Wood further objects to this Request on the grounds that it is vague and ambiguous as to the phrase "was applicable to."

### REQUEST FOR ADMISSION NO. 2:

ABA Formal Opinion 346 was applicable to the work that Sidley Austin performed for Mr. Gainor in 1999.

### RESPONSE TO REQUEST FOR ADMISSION NO. 2:

In addition to its general objections, Brown & Wood objects to this Request on the grounds that it seeks an admission regarding conclusions of law and therefore no response is required. *See United States v. Block 44, Lots 3,6*, 177 F.R.D. 695, 695 (M.D. Fl.1997) ("A request for admission of a conclusion of law is improper."). Brown & Wood further objects to this Request on the grounds that it is vague and ambiguous as to the phrase "was applicable to."

- 4 -

DATED: January 17, 2007              By: _____
                                          Aaron M. May

                                     Jonathan E. Altman (admitted *pro hac vice*)
                                     Aaron M. May (admitted *pro hac vice*)
                                     **MUNGER, TOLLES & OLSON LLP**
                                     355 S. Grand Ave., 35th Floor
                                     Los Angeles, CA 90071
                                     (213) 683-9100 / Fax (213)687-3702

                                     Katherine W. Ezell (SBN 114771)
                                     kezell@podhurst.com
                                     **PODHURST ORSECK, P.A.**
                                     City National Bank Building
                                     25 West Flagler Street, Suite 800
                                     Miami, Florida 33130
                                     (305) 358-2800 / Fax (305) 358-2382

                                     *Attorneys for Sidley Austin LLP*

- 5 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via Federal Express on January 17, 2007 to:

Richard Benjamin Wilkes
**RICHARD BENJAMIN WILKES, P.A.**
600 South Magnolia Avenue, Suite 200
Tampa, Florida 33603

_____
Robert Massing

- 5 -

1236164 1