UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-21748-CIV-MARTINEZ

MARK J. GAINOR,

    Plaintiff,

v.

SIDLEY AUSTIN BROWN & WOOD, LLP,

    Defendant.
_____/

## DEFENDANT SIDLEY AUSTIN LLP'S RESPONSES TO PLAINTIFF'S SIXTH REQUEST FOR PRODUCTION OF DOCUMENTS

To Plaintiff and His Attorneys of Record:

Defendant Sidley Austin LLP f/k/a Sidley Austin Brown & Wood LLP ("Brown & Wood"), by its attorneys of record, hereby responds and objects to Plaintiff's Sixth Request for Production of Documents (the "Requests"), as follows:

### GENERAL OBJECTIONS AND RESPONSES

1. Brown & Wood objects to the overbroad definition of "Sidley," "you," "your," and "document(s)". Brown & Wood has no obligation to respond to document requests on behalf of affiliates, corporations, partners (including, but not limited to, former partner R.J. Ruble), agents, servants, current or former employees, attorneys, expert witnesses, accountants, auditors, or other persons under its control or acting on its behalf to the extent these Requests seek documents not in Brown & Wood's possession, custody, or control.

2. Brown & Wood objects to the Requests, and to each Request contained therein, to the extent that they seek documents protected from production by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure.

1242637 2



EXHIBIT D

Dockets.Justia.com

Brown & Wood intends to and does claim privilege with respect to all such documents and declines to produce any such documents. Any inadvertent production of a privileged or protected document is not an express waiver of any privilege or protection from disclosure. In due course, Brown & Wood will provide a privilege log identifying any otherwise responsive documents so withheld and the basis for such withholding. However, Brown & Wood objects to identifying, and will not identify, any documents protected by the attorney-client privilege or attorney work product doctrine that were created after March 2002, on the ground that such identification would be unduly burdensome and oppressive, and would itself reveal attorney work product.

3. Brown & Wood objects to the Requests, and to each Request contained therein, to the extent they seek confidential or proprietary information and/or private information of third parties. Documents containing such information will be produced only pursuant to the terms of the parties' Confidentiality Stipulation.

4. Brown & Wood's discovery and investigation in this matter are continuing. The responses set forth below represent information ascertained by Brown & Wood after a diligent inquiry and reasonable search, and are limited to the information known to Brown & Wood at this time. This information may be incomplete, in part because the New York office of Brown & Wood's predecessor, Brown & Wood LLP, including the files contained therein, was completely destroyed in the terrorist attack on the World Trade Center on September 11, 2001. Although Brown & Wood undertakes no obligation beyond what the Federal Rules of Civil Procedure require to supplement any of its responses, Brown & Wood reserves the right to amend or supplement its responses at any time, and to introduce additional evidence.

5. Brown & Wood objects to the Requests, and to each Request contained therein, to the extent that they purport to impose upon Brown & Wood any obligations in addition to those imposed by applicable law and rules of court.

6. Brown & Wood objects to the Requests, and to each Request contained therein, to the extent that they seek documents not in Brown & Wood's possession, custody, or control.

7. By agreeing to produce any documents it may have in response to any particular Request, Brown & Wood does not concede or intend to suggest that there in fact exist any documents responsive to that Request. Brown & Wood will produce documents only to the extent they exist, are located by a reasonably diligent search, are responsive and not privileged, and are within Brown & Wood's possession, custody, or control.

8. Documents produced in response to the Requests are produced without waiver of, and with express reservation of: (a) all objections as to the competency, relevancy, materiality and admissibility of such documents and the subject matter thereof as evidence for any purpose in any further proceeding in this arbitration, or in any other action, including motions for summary judgment, motions for summary adjudication of issues, and the trial of this action, or in any other action; (b) the right to object to the use of such documents, or the subject matter thereof, on any ground in any further proceeding in this action, including motions for summary judgment, motions for summary adjudication of issues, and the trial of this action, or in any other action; and (c) the right to object on any ground at any time to a demand or request for further responses to these Requests or any other requests or other discovery proceedings, including requests for the production of documents.

1242637 2

9.      The foregoing objections apply to each of the Requests, and are incorporated into the responses set forth below, which are not to be deemed a waiver, either in whole or in part, of any of those objections.

### RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

All documents pertaining to R.J. Ruble's status as a practitioner before the Internal Revenue Service, including documents reflecting his ability to practice before the Internal Revenue Service and any change in that status.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

In addition to its general objections, Brown & Wood objects to this Request on the grounds that it is vague and ambiguous with respect to the phrases "status as a practitioner before the Internal Revenue Service" and "reflecting his ability to practice before the Internal Revenue Service." Moreover, Brown & Wood objects to this Request to the extent that it seeks documents that are not in Brown & Wood's possession, custody, or control.

For purposes of this Response, Brown & Wood construes this Request as one for non-privileged documents in Brown & Wood's possession, custody, or control that reflect any disciplinary action taken by the Internal Revenue Service against R.J. Ruble prior to the time Ruble left the Firm. Based on that understanding, Brown & Wood has no documents that are responsive to this Request.

### REQUEST FOR PRODUCTION NO. 2:

All transcripts of any sworn testimony given by a corporate representative of Sidley Austin in connection with any claims against Sidley Austin arising out of R.J. Ruble's issuance of tax shelter opinion letters.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

In addition to its general objections, Brown & Wood objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the

discovery of admissible evidence to the extent that it seeks sworn testimony about transactions that did not involve Arthur Andersen.

Without waiving its general or specific objections, Brown & Wood will produce excerpts of sworn testimony given by a corporate representative of Sidley Austin in connection with any claims arising out of R.J. Ruble's issuance of tax shelter opinion letters that pertain to the agreed upon deposition topics set forth in Mr. May's letter to Mr. Wilkes of January 23, 2007. Excerpts of sworn testimony will be produced pertaining to topic numbers 1 – 4, 6 – 10, 11, 13, 14, 16 – 28, 31 – 33, 36 – 39, 45 – 49, and 51 – 54 as identified in Plaintiff's Deposition Notice of February 1, 2007, subject to the following limitations previously outlined in Mr. May's letter:

1. Brown & Wood will not provide excerpts of sworn testimony pertaining to any privileged matter, including the identity of former or current clients or any information conveyed to or from former or current clients or work done on behalf of former or current clients; and

2. Brown & Wood will not provide excerpts of sworn testimony pertaining to any tax transaction that did not involve Arthur Andersen and that took place after Mr. Gainor's transaction.

**REQUEST FOR PRODUCTION NO. 3:**

All transcripts of any sworn testimony given by R.J. Ruble in connection with any claims against Sidley Austin arising out of R.J. Ruble's issuance of tax shelter opinion letters.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

In addition to its general objections, Brown & Wood objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks sworn testimony about transactions that did not involve Arthur Andersen. Brown & Wood further objects on the grounds that in the deposition transcripts of R.J. Ruble in Brown & Wood's possession concerning any claims against Sidley Austin arising out of R.J. Ruble's issuance of tax shelter opinion letters, Mr. Ruble has not given any substantive testimony and has invoked his privilege against self

incrimination. Therefore, production of these transcripts is not reasonably calculated to lead to the discovery of admissible evidence.

DATED: February 20, 2007         By: /s/ Gabriel P. Sanchez
                                     Gabriel P. Sanchez

Jonathan E. Altman (admitted *pro hac vice*)
Aaron M. May (admitted *pro hac vice*)
**MUNGER, TOLLES & OLSON LLP**
355 S. Grand Ave., 35th Floor
Los Angeles, CA 90071
(213) 683-9100 / Fax (213)687-3702

Katherine W. Ezell (SBN 114771)
kezell@podhurst.com
**PODHURST ORSECK, P.A.**
City National Bank Building
25 West Flagler Street, Suite 800
Miami, Florida 33130
(305) 358-2800 / Fax (305) 358-2382

*Attorneys for Sidley Austin LLP*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via Federal Express on February 20, 2007 to:

Richard Benjamin Wilkes
**RICHARD BENJAMIN WILKES, P.A.**
600 South Magnolia Avenue, Suite 200
Tampa, Florida 33603

_____
Robert Massing

12426372