**MUNGER, TOLLES & OLSON LLP**

355 SOUTH GRAND AVENUE
THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-2907
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

April 3, 2007

WRITER'S DIRECT LINE
(213) 683-9275
(213) 683-4075 FAX
Gabriel.Sanchez@mto.com

Richard B. Wilkes, Esq.
600 South Magnolia Avenue, Suite 200
Tampa, FL 33606

Re: Gainor v. Sidley Austin LLP

Dear Richard:

I have reviewed your letter of March 23, 2007, and have the following comments:

<u>Plaintiff's First Request For Production, Request No. 2</u>: This request seeks all documents on which Sidley relied in providing the opinion letters to Mr. Gainor dated December 21, 1999, and referenced in certain paragraphs of Plaintiff's complaint. Sidley responded that R.J. Ruble, who prepared the letters, is no longer with Sidley, and unavailable to Sidley; therefore Sidley cannot say which documents the firm relied on to prepare the opinions. In addition, Sidley noted that whatever documents might have physically existed in Ruble's office were destroyed during the terrorist attacks on September 11, 2001.

In your letter, you indicate that "there must be client files that contain relevant information responsive to this request." You state that "Brown & Wood was a large, sophisticated firm and it had some type of back up system for its client files." Sidley has already produced to Plaintiffs all the documents pertaining to Mr. Gainor's opinions identified during a reasonably diligent search of Sidley existing files and the back-up system you reference.



MUNGER, TOLLES & OLSON LLP
Richard B. Wilkes, Esq.
April 3, 2007
Page 2

Plaintiff's Second Request For Production, Request No. 29: In this request, Plaintiff sought "all documents reflecting the awareness or consideration by Sidley that investor lists needed to be maintained under 26 U.S.C. § 6112 in any communication with any of the related parties regarding same." Although you take issue with Sidley's vagueness objection, I think review of the request leaves little doubt as to its lack of clarity. In any event, accepting Plaintiff's emendation that they seek "documents that would show any consideration Brown & Wood (or others) gave to the applicability of 26 U.S.C. § 6112 to the tax shelter transactions at issue in this case," after a reasonably diligent search Sidley has been able to find no such documents.

Also, it is my understanding that so far no documents have been withheld on ground of attorney-client privilege. I am double-checking on this, but am pretty sure I'm right. I will confirm shortly.

Plaintiff's Third Request For Production of Documents, Requests 5, 6, and 7: With regard to these requests, there appears to be a misunderstanding. Plaintiffs apparently believe that Sidley claims "documents relating to the preparation of Brown & Wood's opinion letters were destroyed in the 9/11 terrorist attacks." In fact, Sidley does not know what documents were destroyed in the September 11, 2001 attacks. Sidley only knows what documents it has now pertaining to Mr. Gainor's transaction, and it has produced those documents. Likewise, Sidley does not know whether some files pertaining to Mr. Gainor's transaction might have been destroyed along with the World Trade Center, nor does Sidley contend "that there were no backups or other duplicate files or documents relating to Mr. Gainor." In fact, my understanding is most of the documents produced in this case came from those back up systems.

You also state that "you are attempting to determine the efforts made to locate original documents or any copies." In fact, much of the Sidley corporate representative's deposition concerned itself with this very issue, and documents relevant to the issue were produced during the deposition, and testimony given. To ask Sidley to collect "all documents reflecting efforts to retrieve" its files after September 11, 2001 would require Sidley to collect and process an enormous amount of largely irrelevant documentation and other data to provide information that Plaintiffs have already obtained from the corporate representative. It is a burdensome and overbroad request.

As to your question about inventories of documents, Sidley has none. Four hundred lawyers worked in the World Trade Center and each created and kept documents; to create an inventory would have been impossible. I understand Sidley made a voluminous general insurance claim, and that it included a claim for business interruption and lost records, but it did not contain an inventory.

Plaintiffs' Fourth Request For Production, Requests 1 and 2.: After a reasonably diligent search, Sidley has found no documents responsive to these requests.

MUNGER, TOLLES & OLSON LLP
Richard B. Wilkes, Esq.
April 3, 2007
Page 3

<u>Plaintiff's Sixth Request For Production, Requests 1, 2, and 3</u>: After a reasonably diligent search, Sidley has found no documents responsive to request number 1.

With regard to Request Number 2, there seems to be some confusion: Sidley has already produced excerpts from all the depositions of Sidley's corporate representative in the tax matters covering topics enumerated in your notice of deposition to Sidley's corporate representative, as described in correspondence between our offices concerning the corporate representative's deposition. We assume this is adequate.

As for your request for transcripts of Mr. Ruble's prior testimony (Request number 3), we agree to provide the requested transcripts.

<u>General objections to all requests for production</u>: You write that you do not agree with Sidley's position that it will not prepare a privilege log for documents created after March 2002. Sidley adopted this position in its response Plaintiff's first request for production served on September 5, 2006. (Plaintiff has now served eight requests for production of documents, which is, in my experience, an unusual number for a case of this size.) If Plaintiff took issue with Sidley's position, it might have been better for all concerned had Plaintiff indicated that before six months had passed. Nevertheless, Sidley will review the case law, as well as its documents, to determine whether privileged documents responsive to Plaintiff's requests that were created after March 2002 exist in the first place, and whether Sidley will prepare the requested log.

With regard to third-party documents, to my knowledge none have been withheld, although Sidley will continue to redact information about third-party clients of the firm on the basis of privilege and/or client confidentiality.

<u>Plaintiff's First Requests For Admissions</u>: Plaintiff served two requests for admission. One requested that Sidley admit that "Treasury Circular 230 was applicable to the work performed by Sidley Austin for Mr. Gainor in 1999;" the other requested that Sidley admit "ABA Formal Opinion 346 was applicable to the work that Sidley Austin performed for Mr. Gainor in 1999."

These would appear to be quintessential examples of requests for admission that seek admissions with respect to legal conclusions. They are therefore improper. *Border Collie Rescue, Inc. v. Ryan*, 418 F. Supp. 2d 1330, 1339 n.6 (M.D. Fla. 2006); *In re Olympia Holding Corp.*, 189 B.R. 846, 853 (Bkrtcy.M.D.Fla.1995).

<u>Plaintiff's First Set of Interrogatories</u>: Finally, Plaintiff seeks an answer to the question, "Please identify by case number, caption, and court, all other claims that have been filed against you arising out of the issuance of any [more likely than not] opinion letters." Although Plaintiffs state that other cases are relevant to Sidley's "knowledge, experience and culpability," we cannot see how Sidley having been sued in, for example, the states of Washington or Ohio over an entirely different transaction involving different parties at different

MUNGER, TOLLES & OLSON LLP
Richard B. Wilkes, Esq.
April 3, 2007
Page 4

times could be reasonably calculated to lead to the discovery of admissible evidence in this case. Absent some further explanation of why Plaintiffs think such information could lead to the discovery of admissible evidence, Sidley is inclined to stand on its objection.

If you would like to meet-and-confer over any of these matters, please do not hesitate to contact me.

Sincerely,

Gabriel P. Sanchez

EPS:ram

cc: Jonathan E. Altman, Esq.
Aaron M. May, Esq.

2660761 2