UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-21748-CIV-MARTINEZ

MARK J. GAINOR,

        Plaintiff,

v.

SIDLEY AUSTIN BROWN & WOOD, LLP,

        Defendant.

_____/

### DEFENDANT SIDLEY AUSTIN LLP'S RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

To Plaintiff and His Attorneys of Record:

Defendant Sidley Austin LLP f/k/a Sidley Austin Brown & Wood LLP ("Brown & Wood"), by its attorneys of record, hereby responds and objects to Plaintiff's Second Request for Production of Documents (the "Requests"), as follows:

### GENERAL OBJECTIONS AND RESPONSES

1.    Brown & Wood objects to the Requests on the grounds that they are improperly served, as they purport to have been brought "pursuant to FLA. R. CIV. P. 1.350." Florida's Rules of Civil Procedure are irrelevant to this federal court action.

2.    Brown & Wood objects to the overbroad definition of "Sidley" "you," "your," and "document(s)" in the Requests. Brown & Wood has no obligation to respond to document requests on behalf of affiliates, corporations, partners (including, but not limited to, former partner R.J. Ruble), agents, servants, current or former employees, attorneys, expert witnesses, accountants, auditors, or other persons under its control or acting on its behalf to the extent these Requests seek documents not in Brown & Wood's possession, custody, or control.

1225006.1



EXHIBIT

F

3.    Brown & Wood objects to the term "Sidley Plan" and to its definition because both are vague, ambiguous, inaccurate, and misleading. Brown & Wood also objects to the Requests, and to each Request contained therein, to the extent they use the vague and ambiguous phrase "subject tax shelters." For the purposes of these Responses, Brown & Wood construes the term "Sidley Plan" and the phrase "subject tax shelters" identically to mean the transactions that Mr. Gainor entered into beginning on or about August 3, 1999 involving the purchase and sale of Treasury Bills, such transactions being more fully described in the letter from Brown & Wood to Mr. Gainor dated December 31, 1999 (Bates labeled Gainor 53 to Gainor 99 ) ("The Transactions").

4.    Brown & Wood objects to the Requests, and to each Request contained therein, to the extent that they seek documents protected from production by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure. Brown & Wood intends to and does claim privilege with respect to all such documents and declines to produce any such documents. Any inadvertent production of a privileged or protected document is not an express waiver of any privilege or protection from disclosure. In due course, Brown & Wood will provide a privilege log identifying any otherwise responsive documents so withheld and the basis for such withholding. However, Brown & Wood objects to identifying, and will not identify, any documents protected by the attorney-client privilege or attorney work product doctrine that were created after March 2002, on the ground that such identification would be unduly burdensome and oppressive, and would itself reveal attorney work product.

5.    Brown & Wood objects to the Requests, and to each Request contained therein, to the extent they seek confidential or proprietary information and/or private information of third

parties. Documents containing such information will be produced only pursuant to the terms of the parties' Confidentiality Stipulation.

6.      Brown & Wood's discovery and investigation in this matter are continuing. The responses set forth below represent information ascertained by Brown & Wood after a diligent inquiry and reasonable search, and are limited to the information known to Brown & Wood at this time. This information may be incomplete, in part because the New York office of Brown & Wood's predecessor, Brown & Wood LLP, including the files contained therein, was completely destroyed in the terrorist attack on the World Trade Center on September 11, 2001. Although Brown & Wood undertakes no obligation beyond what the Federal Rules of Civil Procedure require to supplement any of its responses, Brown & Wood reserves the right to amend or supplement its responses at any time, and to introduce additional evidence.

7.      Brown & Wood objects to the Requests, and to each Request contained therein, to the extent that they purport to impose upon Brown & Wood any obligations in addition to those imposed by applicable law and rules of court.

8.      Brown & Wood objects to the Requests, and to each Request contained therein, to the extent that they seek documents not in Brown & Wood's possession, custody, or control.

9.      By agreeing to produce any documents it may have in response to any particular Request, Brown & Wood does not concede or intend to suggest that there in fact exist any documents responsive to that Request. Brown & Wood will produce documents only to the extent they exist, are located by a reasonably diligent search, are responsive and not privileged, and are within Brown & Wood's possession, custody, or control.

10.     Documents produced in response to the Requests are produced without waiver of, and with express reservation of: (a) all objections as to the competency, relevancy, materiality

- 3 -

and admissibility of such documents and the subject matter thereof as evidence for any purpose in any further proceeding in this arbitration, or in any other action, including motions for summary judgment, motions for summary adjudication of issues, and the trial of this action, or in any other action; (b) the right to object to the use of such documents, or the subject matter thereof, on any ground in any further proceeding in this action, including motions for summary judgment, motions for summary adjudication of issues, and the trial of this action, or in any other action; and (c) the right to object on any ground at any time to a demand or request for further responses to these Requests or any other requests or other discovery proceedings, including requests for the production of documents.

11.     The foregoing objections apply to each of the Requests, and are incorporated into the responses set forth below, which are not to be deemed a waiver, either in whole or in part, of any of those objections.

### RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

#### REQUEST FOR PRODUCTION NO. 1:

All documents reflecting any communications between Sidley and Arthur Andersen pertaining to:

a.      The subject tax shelters;

b.      Sidley's representation of Mr. Gainor;

c.      The marketing of tax shelters to Arthur Andersen clients; and

d.      The risks associated with the subject tax shelters.

#### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is vague and ambiguous, as well as overbroad and burdensome.

Without waiving its general or specific objections, Brown & Wood will produce all non-privileged documents in its possession, custody, or control that exist, if any, that are responsive

- 4 -

to this Request pertaining to The Transactions to the extent that they have not already been produced.

## REQUEST FOR PRODUCTION NO. 2:

All documents reflecting any communications between Sidley and Mark Klopfenstein pertaining to:

 a. The subject tax shelters;

 b. Sidley's representation of Mr. Gainor;

 c. The marketing of tax shelters to Arthur Andersen clients; and

 d. The risks associated with the subject tax shelters.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is vague and ambiguous, as well as overbroad and burdensome, especially with respect to the phrase "any communications."

Without waiving its general or specific objections, Brown & Wood will produce all non-privileged documents in its possession, custody, or control that exist, if any, that are responsive to this Request pertaining to The Transactions to the extent that they have not already been produced.

## REQUEST FOR PRODUCTION NO. 3:

All documents reflecting any communications between Sidley and Merrill Lynch pertaining to:

 a. The subject tax shelters;

 b. Sidley's representation of Mr. Gainor;

 c. The marketing of tax shelters to Arthur Andersen clients; and

 d. The risks associated with the subject tax shelters.

1225006.1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is vague and ambiguous, as well as overbroad and burdensome, especially with respect to the phrase "any communications."

Without waiving its general or specific objections, Brown & Wood will produce all non-privileged documents in its possession, custody, or control that exist, if any, that are responsive to this Request pertaining to The Transactions to the extent that they have not already been produced.

**REQUEST FOR PRODUCTION NO. 4:**

All documents reflecting any communications between Sidley and Alex Brown pertaining to:

     a.     The subject tax shelters;

     b.     Sidley's representation of Mr. Gainor;

     c.     The marketing of tax shelters to Arthur Andersen clients; and

     d.     The risks associated with the subject tax shelters.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is vague and ambiguous, as well as overbroad and burdensome, especially with respect to the phrase "any communications."

Without waiving its general or specific objections, Brown & Wood will produce all non-privileged documents in its possession, custody, or control that exist, if any, that are responsive to this Request pertaining to The Transactions to the extent that they have not already been produced.

**REQUEST FOR PRODUCTION NO. 5:**

All documents reflecting any communications between Sidley and Southern Exposition Management Company pertaining to:

     a.     The subject tax shelters;

1225006 1

b.     Sidley's representation of Mr. Gainor;

c.     The marketing of tax shelters to Arthur Andersen clients; and

d.     The risks associated with the subject tax shelters.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is vague and ambiguous, as well as overbroad and burdensome, especially with respect to the phrase "any communications."

Without waiving its general or specific objections, Brown & Wood will produce all non-privileged documents in its possession, custody, or control that exist, if any, that are responsive to this Request pertaining to The Transactions to the extent that they have not already been produced.

## REQUEST FOR PRODUCTION NO. 6:

All agreements between Arthur Andersen and Sidley pertaining to the subject tax shelters.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is vague and ambiguous, as well as overbroad and burdensome.

Without waiving its general or specific objections, Brown & Wood will produce all non-privileged documents in its possession, custody, or control that exist, if any, that are responsive to this Request pertaining to The Transactions to the extent that they have not already been produced.

## REQUEST FOR PRODUCTION NO. 7:

All agreements between Mark Klopfenstein and Sidley pertaining to the subject tax shelters.

1225006 1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is vague and ambiguous, as well as overbroad and burdensome, especially with respect to the phrase "all agreements."

Without waiving its general or specific objections, Brown & Wood will produce all non-privileged documents in its possession, custody, or control that exist, if any, that are responsive to this Request pertaining to The Transactions to the extent that they have not already been produced.

**REQUEST FOR PRODUCTION NO. 8:**

All agreements between Alex Brown and Sidley pertaining to the subject tax shelters.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is vague and ambiguous, as well as overbroad and burdensome, especially with respect to the phrase "all agreements."

Without waiving its general or specific objections, Brown & Wood will produce all non-privileged documents in its possession, custody, or control that exist, if any, that are responsive to this Request pertaining to The Transactions to the extent that they have not already been produced.

**REQUEST FOR PRODUCTION NO. 9:**

All agreements between Merrill Lynch and Sidley pertaining to the subject tax shelters.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is vague and ambiguous, as well as overbroad and burdensome, especially with respect to the phrase "all agreements."

Without waiving its general or specific objections, Brown & Wood will produce all non-privileged documents in its possession, custody, or control that exist, if any, that are responsive

1225006 1

to this Request pertaining to The Transactions to the extent that they have not already been produced.

## REQUEST FOR PRODUCTION NO. 10:

All documents pertaining to Sidley's knowledge of the subject tax shelters, including any risks thereof.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is vague and ambiguous, especially with respect to the phrase "Sidley's knowledge" and "any risks thereof"

Without waiving its general or specific objections, Brown & Wood will produce all non-privileged documents in its possession, custody, or control that exist, if any, that are responsive to this Request pertaining to The Transactions to the extent that they have not already been produced.

## REQUEST FOR PRODUCTION NO. 11:

All documents and/or communications relating to Southern Exposition Management Company.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is vague and ambiguous, especially with respect to "relating to." The Request is also overbroad and unduly burdensome.

Without waiving its general or specific objections, Brown & Wood will produce all non-privileged documents in its possession, custody, or control that exist, if any, that are responsive to this Request pertaining to The Transactions to the extent that they have not already been produced.

## REQUEST FOR PRODUCTION NO. 12:

All documents pertaining to Sidley's awareness or knowledge of Arthur Andersen's presentation of the subject tax shelters to Mr. Gainor or similarly situated taxpayers.

- 9 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is vague and ambiguous, especially with respect to the phrase "similarly situated." The Request is also improper to the extent that it requests client-specific information, which is protected by the attorney-client privilege and/or the attorney work product doctrine.

Without waiving its general or specific objections, Brown & Wood construes this Request as one for non-privileged documents pertaining to Brown & Wood's awareness or knowledge of Arthur Andersen's presentation of The Transactions to Plaintiff and anyone else, to the extent there were presentations made to anyone else. Based on that understanding, Brown & Wood will produce all such documents that are responsive to this Request in its possession, custody, or control that exist, if any, to the extent that they have not already been produced.

**REQUEST FOR PRODUCTION NO. 13:**

All documents relating to Sidley's design, development and marketing of the subject tax shelters.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is vague and ambiguous, especially with respect to the phrase "relating to." Brown & Wood further objects to this Request on grounds that it is argumentative and assumes facts not in evidence.

Without waiving its general or specific objections, Brown & Wood will produce all non-privileged documents in its possession, custody, or control that exist, if any, that are responsive to this Request pertaining to The Transactions to the extent that they have not already been produced.

**REQUEST FOR PRODUCTION NO. 14:**

All documents pertaining to Sidley's knowledge of the risk associated with the subject tax shelters.

- 10 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is vague and ambiguous, especially with respect to the phrase "pertaining to" and "the risk."

Without waiving its general or specific objections, Brown & Wood will produce all non-privileged documents in its possession, custody, or control that exist, if any, that are responsive to this Request pertaining to The Transactions to the extent that they have not already been produced.

**REQUEST FOR PRODUCTION NO. 15:**

All documents relating to the targeting of specific Arthur Andersen clients for the subject tax shelters.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is vague and ambiguous, especially with respect to the phrase "relating to" and "targeting." Brown & Wood further objects to this Request on grounds that it is argumentative and assumes facts not in evidence.

Without waiving its general or specific objections, Brown & Wood will produce all non-privileged documents in its possession, custody, or control that exist, if any, that are responsive to this Request pertaining to The Transactions to the extent that they have not already been produced.

**REQUEST FOR PRODUCTION NO. 16:**

All documents relating to the fee basis for the representation of Mr. Gainor by Sidley.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is vague and ambiguous, especially with respect to the phrase "relating to" and the term "fee basis."

- 11 -

Without waiving its general or specific objections, Brown & Wood construes this Request as one asking for non-privileged documents pertaining to Brown & Wood's fee structure for The Transactions. Based on that understanding, Brown & Wood will produce all such documents that are responsive to this Request in its possession, custody, or control that exist, if any, to the extent that they have not already been produced.

**REQUEST FOR PRODUCTION NO. 17:**

All documents relating to the terms of representation between Sidley and Mr. Gainor.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is vague and ambiguous, especially with respect to the phrase "relating to."

Without waiving its general or specific objections, Brown & Wood will produce all non-privileged documents in its possession, custody, or control that exist, if any, that are responsive to this Request pertaining to The Transactions to the extent that they have not already been produced.

**REQUEST FOR PRODUCTION NO. 18:**

All documents pertaining to the work done by Sidley for Mr. Gainor in connection with the representation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is vague and ambiguous, especially with respect to the phrase "pertaining to" and the term "the representation."

Without waiving its general or specific objections, Brown & Wood construes this Request as one asking for non-privileged documents pertaining to the opinion letter Brown & Wood provided to Mr. Gainor in connection with The Transactions. Based on that understanding, Brown & Wood will produce all such documents in its possession, custody, or control that exist, if any, that are responsive to this Request, to the extent that they have not already been produced.

- 12 -

**REQUEST FOR PRODUCTION NO. 19:**

All documents reflecting the time spent by Sidley personnel in connection with the representation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is vague and ambiguous, especially with respect to the terms "time spent" and "the representation."

Without waiving its general or specific objections, Brown & Wood construes this Request as one asking for non-privileged records reflecting the time spent by Brown & Wood personnel in connection with The Transactions. Based on that understanding, Brown & Wood will produce all such documents that are responsive to this Request in its possession, custody, or control that exist, if any, to the extent that they have not already been produced and do not disclose information protected by the attorney-client privilege held by other clients.

**REQUEST FOR PRODUCTION NO. 20:**

All documents reflecting any communications between Sidley and Arthur Andersen and/or Mr. Gainor in connection with the impact of IRS Notice 99-59 on the opinion letters, or the Sidley Plan.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is vague and ambiguous, especially with respect to the phrase "the opinion letters."

Without waiving its general or specific objections, Brown & Wood will produce all non-privileged documents that are responsive to this Request pertaining to The Transactions in its possession, custody, or control that exist, if any, to the extent that they have not already been produced.

1225006.1

**REQUEST FOR PRODUCTION NO. 21:**

All documents reflecting any communications between Sidley and Mark Klopfenstein and/or Mr. Gainor in connection with the impact of IRS Notice 99-59 on the opinion letters, or the Sidley Plan.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is vague and ambiguous, especially with respect to the phrase "the opinion letters."

Without waiving its general or specific objections, Brown & Wood will produce all non-privileged documents that are responsive to this Request pertaining to The Transactions in its possession, custody, or control that exist, if any, to the extent that they have not already been produced.

**REQUEST FOR PRODUCTION NO. 22:**

All documents reflecting any communications between Sidley and Merrill Lynch and/or Mr. Gainor in connection with the impact of IRS Notice 99-59 on the opinion letters, or the Sidley Plan.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is vague and ambiguous, especially with respect to the phrase "the opinion letters."

Without waiving its general or specific objections, Brown & Wood will produce all non-privileged documents that are responsive to this Request pertaining to The Transactions in its possession, custody, or control that exist, if any, to the extent that they have not already been produced.

**REQUEST FOR PRODUCTION NO. 23:**

All documents reflecting any communications between Sidley and Alex Brown and/or Mr. Gainor in connection with the impact of IRS Notice 99-59 on the opinion letters, or the Sidley Plan.

- 14 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

      In addition to its general objections, Brown & Wood objects to this Request on grounds that it is vague and ambiguous, especially with respect to the phrase "the opinion letters."

      Without waiving its general or specific objections, Brown & Wood will produce all non-privileged documents that are responsive to this Request pertaining to The Transactions in its possession, custody, or control that exist, if any, to the extent that they have not already been produced.

**REQUEST FOR PRODUCTION NO. 24:**

      All documents relating to the issuance of Sidley's correspondence dated March 4, 2002, to Mr. Gainor advising of the new IRS Voluntary Disclosure Program and recommending Mr. Gainor consult with his regular tax advisor regarding the terms and implications of the voluntary disclosure program and the advisability of his participation in the program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

      In addition to its general objections, Brown & Wood objects to this Request on grounds that it is vague and ambiguous, especially with respect to the phrase "relating to."

      Without waiving its general or specific objections, Brown & Wood will produce all non-privileged documents that are responsive to this Request in its possession, custody, or control that exist, if any, to the extent that they have not already been produced.

**REQUEST FOR PRODUCTION NO. 25:**

      All documents relating to any assistance provided by Sidley to Mr. Gainor in connection with the IRS audit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

      In addition to its general objections, Brown & Wood objects to this Request on grounds that it is vague, ambiguous, and overbroad, especially with respect to the phrases "relating to" and "any assistance."

Without waiving its general or specific objections, Brown & Wood will produce all non-privileged documents that are responsive to this Request in its possession, custody, or control that exist, if any, to the extent that they have not already been produced.

**REQUEST FOR PRODUCTION NO. 26:**

All documents relating to Sidley's decision not to assist Mr. Gainor in connection with the IRS audit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is vague, ambiguous, argumentative, and overbroad, especially with respect to the phrases "relating to" and "decision not to assist." Brown & Wood further objects to this Request on grounds that it assumes facts not in evidence.

Without waiving its general or specific objections, Brown & Wood will produce all non-privileged documents that are responsive to this Request in its possession, custody, or control that exist, if any, to the extent that they have not already been produced.

**REQUEST FOR PRODUCTION NO. 27:**

All documents reflecting Sidley's knowledge that the subject tax shelter was likely to be disallowed by the IRS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is vague, ambiguous, and overbroad, especially with respect to the terms and phrases "Sidley's knowledge" and "likely." Brown & Wood further objects to this Request on grounds that it is argumentative and assumes facts not in evidence.

Without waiving its general or specific objections, Brown & Wood will produce all non-privileged documents that are responsive to this Request pertaining to the Transactions in its possession, custody, or control that exist, if any, to the extent that they have not already been produced.

- 16 -

1225006 1

**REQUEST FOR PRODUCTION NO. 28:**

All documents reflecting the awareness or consideration by Sidley that the subject transaction should have been registered as potentially abusive tax shelters under 26 USC Sec. 6111(c).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is vague, ambiguous, and overbroad, especially with respect to the phrase "awareness or consideration." Brown & Wood further objects to this Request on grounds that it is argumentative and assumes facts not in evidence.

Without waiving its general or specific objections, Brown & Wood will produce all non-privileged documents that are responsive to this Request pertaining to the Transactions in its possession, custody, or control that exist, if any, to the extent that they have not already been produced.

**REQUEST FOR PRODUCTION NO. 29:**

All documents reflecting the awareness or consideration by Sidley that investor lists needed to be maintained under 26 USC Sec. 6112 in any communications with any of the related parties regarding same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is vague, ambiguous, overbroad, and incoherent, especially with respect to the phrases "awareness or consideration," and "any of the related parties regarding same." Brown & Wood further objects to this Request on grounds that it is argumentative and assumes facts not in evidence.

**REQUEST FOR PRODUCTION NO. 30:**

All documents relating to any disclosures by Sidley with respect to its role as an organizer, promoter and seller of unregistered potentially abusive tax shelters.

- 17 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is vague, ambiguous, argumentative, and incoherent, especially with respect to the phrases "any disclosures" and "unregistered potentially abusive tax shelters." Brown & Wood further objects to this Request on grounds that it is argumentative and assumes facts not in evidence.

**REQUEST FOR PRODUCTION NO. 31:**

All documents relating to any disclosure by Sidley to Mr. Gainor of Sidley's relationship with Arthur Andersen and other large accounting firms pertaining to the marketing of the subject tax shelters and related tax shelters.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is vague, ambiguous, and overbroad, especially with respect to the phrases "any disclosure," "relationship, " and "related tax shelters."

Without waiving its general or specific objections, Brown & Wood will produce all non-privileged documents that are responsive to this Request pertaining to the Transactions in its possession, custody, or control that exist, if any, to the extent that they have not already been produced.

**REQUEST FOR PRODUCTION NO. 32:**

All documents reflecting any concerns by Sidley that Mr. Gainor's ability to rely in good faith upon the advice of a tax professional was impaired by Notice 99-59.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is vague, ambiguous, and overbroad, especially with respect to the phrases "any concerns" and the terms "reflecting" and "impaired." Brown & Wood further objects to this Request on grounds that it assumes facts not in evidence and asserts legal conclusions.

Without waiving its general or specific objections, Brown & Wood will produce all non-privileged documents that are responsive to this Request in its possession, custody, or control that exist, if any, to the extent that they have not already been produced.

## REQUEST FOR PRODUCTION NO. 33:

All documents relating to any disclosure by Sidley to Mr. Gainor that his ability to rely in good faith upon the advice of a tax professional was impaired by Notice 99-59.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is vague, ambiguous, and overbroad, especially with respect to the phrases "any disclosure" and "relating to" and the term "impaired." Brown & Wood further objects to this Request on grounds that it assumes facts not in evidence and asserts legal conclusions.

Without waiving its general or specific objections, Brown & Wood will produce all non-privileged documents that are responsive to this Request in its possession, custody, or control that exist, if any, to the extent that they have not already been produced.

## REQUEST FOR PRODUCTION NO. 34:

All documents pertaining to any affirmative defenses that Sidley believes it has to the claims asserted in this action.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 34:

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is vague, ambiguous, and calls for documents protected by the attorney-work product doctrine and/or attorney client privilege.

## REQUEST FOR PRODUCTION NO. 35:

All documents relating to Sidley's denial of any of the allegations contained in the complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is vague, ambiguous, premature, and calls for documents protected by the attorney work-product doctrine and/or attorney client privilege.

**REQUEST FOR PRODUCTION NO. 36:**

All documents regarding the professional fees and transaction costs incurred in connection with the Sidley Plan.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is vague, ambiguous, and overbroad, especially with respect to the term "regarding."

Without waiving its general or specific objections, Brown & Wood will produce all non-privileged documents that are responsive to this Request pertaining to the Transactions in its possession, custody, or control that exist, if any, to the extent that they have not already been produced.

**REQUEST FOR PRODUCTION NO. 37:**

All documents regarding the tax benefits that were to be realized by Mr. Gainor as a result of entering into the Sidley Plan.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is vague, ambiguous, and overbroad, especially with respect to the term "regarding."

Without waiving its general or specific objections, Brown & Wood will produce all non-privileged documents that are responsive to this Request pertaining to the Transactions in its possession, custody, or control that exist, if any, to the extent that they have not already been produced.

**REQUEST FOR PRODUCTION NO. 38:**

All documents reflecting Arthur Andersen's authority to act on Sidley's behalf in connection with the implementation of the Sidley Plan.

- 20 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is vague, ambiguous, and overbroad, especially with respect to the term "reflecting" and the phrase "in connection with." Brown & Wood further objects to this Request on grounds that it is argumentative and assumes facts not in evidence.

Without waiving its general or specific objections, Brown & Wood will produce all non-privileged documents that are responsive to this Request in its possession, custody, or control that exist, if any, to the extent that they have not already been produced.

**REQUEST FOR PRODUCTION NO. 39:**

All documents reflecting any concerns that Sidley had regarding the ability of the Sidley professionals involved in the Gainor representation to properly, competently, and ethically carry out of the terms of that representation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is vague and ambiguous, especially with respect to the terms "concerns," "regarding," "Gainor representation," "properly," "competently," and "ethically." Brown & Wood further objects on the ground that this request seeks documents protected by the attorney work-product doctrine and/or attorney client privilege

Without waiving its general or specific objections, Brown & Wood will produce all non-privileged documents that are responsive to this Request pertaining to the Transactions in its possession, custody, or control that exist, if any, to the extent that they have not already been produced.

**REQUEST FOR PRODUCTION NO. 40:**

All documents reflecting Sidley's involvement in the organization and promotion of the tax shelter transactions known as Boss, Sun of Boss, Blips, COBRA, MIDCO, Flips, Opis, and Cards, spread options, common trust fund and option transfer tax shelters.

- 21 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is vague, ambiguous, overbroad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Brown & Wood further objects on the grounds that this Request seeks documents protected by the attorney-client privilege and/or attorney work product doctrine.

Without waiving its general or specific objections, Brown & Wood will produce all non-privileged documents in its possession, custody, or control that exist, if any, that are responsive to this Request pertaining to The Transactions to the extent that they have not already been produced.

**REQUEST FOR PRODUCTION NO. 41:**

All documents reflecting Sidley's decision to enter into and continue in the business of organizing and promoting such tax shelters.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is vague and ambiguous, especially with respect to the phrase "such tax shelters." Brown & Wood also objects to this Request on grounds that it is overbroad, burdensome and argumentative. Brown & Wood further objects to this Request on grounds that it assumes facts not in evidence.

Without waiving its general or specific objections, Brown & Wood construes the phrase "such tax shelters" to mean The Transactions and will produce all non-privileged documents in its possession, custody, or control that exist, if any, that are responsive to this Request so construed.

**REQUEST FOR PRODUCTION NO. 42:**

All documents pertaining to Sidley's issuance of opinion letters in connection with the subject tax shelters.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is vague and ambiguous.

Without waiving its general or specific objections, Brown & Wood will produce all non-privileged documents in its possession, custody, or control that exist, if any, that are responsive to this Request pertaining to The Transactions to the extent that they have not already been produced and do not include client-specific information.

**REQUEST FOR PRODUCTION NO. 43:**

All documents relating to any disclosure by Sidley of its role as an organizer, promoter and seller of these subject tax shelters.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is vague and ambiguous, especially with respect to the phrase "any disclosure." Brown & Wood further objects to this Request on grounds that it is argumentative and assumes facts not in evidence.

Without waiving its general or specific objections, Brown & Wood will produce all non-privileged documents in its possession, custody, or control that exist, if any, that are responsive to this Request pertaining to The Transactions to the extent that they have not already been produced.

**REQUEST FOR PRODUCTION NO. 44:**

All documents reflecting Sidley's communication with persons in Florida pertaining to the sale, organization or delivery of opinion letters with respect to potentially abusive tax shelters such as Boss, Sun of Boss, Blips, COBRA, MIDCO, Flips, Opis, and Cards, including but not limited to such persons as Peter T. Loftin and Joseph J. Jacoboni.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is vague, ambiguous, overbroad, burdensome, and not reasonably calculated to lead to the

- 23 -

discovery of admissible evidence. Brown & Wood further objects on the grounds that this Request seeks documents protected by the attorney-client privilege and/or attorney work product doctrine.

Without waiving its general or specific objections, Brown & Wood will produce all non-privileged documents in its possession, custody, or control that exist, if any, that are responsive to this Request pertaining to The Transactions to the extent that they have not already been produced and do not include client-specific information.

DATED: November 17, 2006

By: _____
Julie D. Cantor

Jonathan E. Altman (admitted *pro hac vice*)
Aaron M. May (admitted *pro hac vice*)
Julie D. Cantor (admitted *pro hac vice*)
MUNGER, TOLLES & OLSON LLP
355 S. Grand Ave., 35th Floor
Los Angeles, CA 90071
(213) 683-9100 / Fax (213)687-3702

Katherine W. Ezell (SBN 114771)
kezell@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 West Flagler Street, Suite 800
Miami, Florida 33130
(305) 358-2800 / Fax (305) 358-2382

*Attorneys for Sidley Austin LLP*

- 24 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via an

overnight delivery service on November 1½, 2006, to:

Richard Benjamin Wilkes
RICHARD BENJAMIN WILKES, P.A.
600 South Magnolia Avenue, Suite 200
Tampa, Florida 33603

Julie D. Cantor

- 25 -

1225006 1