## MUNGER, TOLLES & OLSON LLP

355 SOUTH GRAND AVENUE
THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-2907
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

WRITER'S DIRECT LINE
(213) 683-9275
(213) 683-4075 FAX
Gabriel.Sanchez@mto.com

May 30, 2007

**BY FEDERAL EXPRESS**

Richard B. Wilkes, Esq.
600 South Magnolia Avenue, Suite 200
Tampa, FL 33606

Re:  *Gainor v. Sidley Austin LLP*

Dear Mr. Wilkes:

In response to your letter of April 19, 2007, I have the following comments:

*Plaintiff's First Request for Production*: We do not understand Plaintiff's point here. After a reasonably diligent search, Sidley has produced the documents in its possession, custody, or control responsive to this request. Plaintiff seems to be saying he would like Sidley to have more documents than it does. We cannot produce documents we do not have.

*Plaintiff's Second Request for Production*: We are able to confirm that no documents responsive to Plaintiff's Second Request for Production, Request # 29 that were created prior to the commencement of litigation against Sidley in March 2002 have been withheld on the basis of privilege.

*Plaintiff's Third Request for Production*: Again, we do not understand Plaintiff's point. In our letter of April 3, 2007, we indicated that the insurance claim contains no inventory of documents but instead contains a claim for business interruption and lost files, it is hundreds of pages long, and it deals almost exclusively with subjects outside the scope of this litigation.


EXHIBIT G

MUNGER, TOLLES & OLSON LLP

Richard B. Wilkes, Esq.
May 30, 2007
Page 2

In response, Plaintiff writes that he still believes the insurance claim has relevance, "particularly given your position that documents relevant to this litigation may or may not have been destroyed." We do not see how Sidley's insurance claim for business interruption sheds any light on whether any particular documents were or were not destroyed when the World Trade Center was destroyed. You also write that "[y]our letter does not mention any particular response to this request so we ask that you produce documents responsive to this request." We have both responded to this request and explained our response.

*Plaintiff's Sixth Request for Production*: In response to your Sixth Request, we agree to provide the full transcripts of deposition testimony of the Sidley Austin corporate representative in connection with claims against Sidley arising out of the issuance of opinion letters by Mr. Ruble. With respect to Mr. Ruble's sworn testimony, we will provide the requested transcripts in full to the extent they are not protected from production by a confidentiality agreement or protective order. We should note that Mr. Ruble asserted his privilege against self incrimination in all but one of the depositions taken of him, and in the remaining, nothing of substance was discussed.

*General objections to all requests for production*: In your letter you ask for the significance of March 2002 as a cut-off date for logging privileged items. The first lawsuit filed against Sidley Austin LLP arising out of tax opinions issued by Mr. Ruble was filed in March 2002. At that time, Munger, Tolles & Olson LLP was engaged to defend Sidley Austin in claims arising out of the issuance of opinion letters by Mr. Ruble. Since March 2002, there have been many more lawsuits filed and additional law firms hired to defend Sidley in connection with these transactions. As you can imagine, the amount of privileged materials generated in these lawsuits is enormous and grows every day. Recording all of these items on a privilege log would be a mammoth project with no useful end. Mr. Gainor has no legitimate basis to believe he is entitled to any of Sidley's attorney work-product or attorney-client communications. The only purpose of logging such items would be to harass Sidley, which surely is not your goal.

Mr. Gainor's tax shelter transaction at issue in this case was completed in 1999 and the Brown & Wood opinion letters were mailed to him some time in 2000. The only contact Mr. Gainor had with Sidley after March 2002 was through his lawyers (mainly if not exclusively you) and that contact concerned potential or actual litigation against Sidley. You have already been provided copies of the non-privileged documents relating to those post-2002 contacts. To the extent that attorney-work product or attorney-communications existed concerning those contacts, there is no reasonable basis for Mr. Gainor to obtain that privileged information and logging it would itself reveal the contents of the work product and/or communications and would serve no purpose but to harass Sidley.

We note that to this date you have not prepared a privilege log that details all of your work product or your communications with Mr. and Mrs. Gainor since the contemplation of litigation against Sidley. We would expect that before you insist on such a log from us, that you yourself would produce one.

MUNGER, TOLLES & OLSON LLP
    Richard B. Wilkes, Esq.
    May 30, 2007
    Page 3

       *Plaintiff's First Requests for Admission:* We believe the law is clear on this point and cannot agree that the Requests for Admission at issue are proper under the Federal Rules.

       *Plaintiff's First Set of Interrogatories:* Although we continue to believe the information sought has little relevance to this case, as it is a matter of public record, we will produce a list of cases as requested

                                    Sincerely,

                                    Gabriel P. Sanchez

cc:    Jonathan E. Altman
       Aaron M. May
       Katherine W. Ezell

2844510.6