UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-21748-CIV-MARTINEZ

MARK J. GAINOR,

    Plaintiff,

v.

SIDLEY AUSTIN BROWN & WOOD, LLP,

    Defendant.

_____/

### DEFENDANT SIDLEY AUSTIN LLP'S RESPONSES TO PLAINTIFF'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS

To Plaintiff and His Attorneys of Record:

Defendant Sidley Austin LLP f/k/a Sidley Austin Brown & Wood LLP ("Brown & Wood"), by its attorneys of record, hereby responds and objects to Plaintiff's Third Request for Production of Documents (the "Requests"), as follows:

### GENERAL OBJECTIONS AND RESPONSES

1. Brown & Wood objects to the Requests on the grounds that they are improperly served, as they purport to have been brought "pursuant to Fla.R.Civ.P. 1.350." Florida's Rules of Civil Procedure are irrelevant to this federal court action.

2. Brown & Wood objects to the overbroad definition of "you," "your," and "document(s)" in the Requests. Brown & Wood has no obligation to respond to document requests on behalf of affiliates, corporations, partners (including, but not limited to, former partner R.J. Ruble), agents, servants, current or former employees, attorneys, expert witnesses, accountants, auditors, or other persons under its control or acting on its behalf to the extent these Requests seek documents not in Brown & Wood's possession, custody, or control.

1224955.3


EXHIBIT J

3. Brown & Wood objects to the Requests, and to each Request contained therein, to the extent that they seek documents protected from production by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure. Brown & Wood intends to and does claim privilege with respect to all such documents and declines to produce any such documents. Any inadvertent production of a privileged or protected document is not an express waiver of any privilege or protection from disclosure. In due course, Brown & Wood will provide a privilege log identifying any otherwise responsive documents so withheld and the basis for such withholding. However, Brown & Wood objects to identifying, and will not identify, any documents protected by the attorney-client privilege or attorney work product doctrine that were created after March 2002, on the ground that such identification would be unduly burdensome and oppressive, and would itself reveal attorney work product.

4. For the purposes of these Responses, the term, "The Transactions," means the transactions that Mr. Gainor entered into beginning on or about August 3, 1999 involving the purchase and sale of Treasury Bills, such transactions being more fully described in the letter from Brown & Wood to Mr. Gainor dated December 31, 1999 (Bates labeled GAINOR 53 to GAINOR 99).

5. Brown & Wood objects to the Requests, and to each Request contained therein, to the extent they seek confidential or proprietary information and/or private information of third parties. Documents containing such information will be produced only pursuant to the terms of the parties' Confidentiality Stipulation.

6. Brown & Wood's discovery and investigation in this matter are continuing. The responses set forth below represent information ascertained by Brown & Wood after a diligent

1224955.3

inquiry and reasonable search, and are limited to the information known to Brown & Wood at this time. This information may be incomplete, in part because the New York office of Brown & Wood's predecessor, Brown & Wood LLP, including the files contained therein, was completely destroyed in the terrorist attack on the World Trade Center on September 11, 2001. Although Brown & Wood undertakes no obligation beyond what the Federal Rules of Civil Procedure require to supplement any of its responses, Brown & Wood reserves the right to amend or supplement its responses at any time, and to introduce additional evidence.

7. Brown & Wood objects to the Requests, and to each Request contained therein, to the extent that they purport to impose upon Brown & Wood any obligations in addition to those imposed by applicable law and rules of court.

8. Brown & Wood objects to the Requests, and to each Request contained therein, to the extent that they seek documents not in Brown & Wood's possession, custody, or control.

9. By agreeing to produce any documents it may have in response to any particular Request, Brown & Wood does not concede or intend to suggest that there in fact exist any documents responsive to that Request. Brown & Wood will produce documents only to the extent they exist, are located by a reasonably diligent search, are responsive and not privileged, and are within Brown & Wood's possession, custody, or control.

10. Documents produced in response to the Requests are produced without waiver of, and with express reservation of: (a) all objections as to the competency, relevancy, materiality and admissibility of such documents and the subject matter thereof as evidence for any purpose in any further proceeding in this arbitration, or in any other action, including motions for summary judgment, motions for summary adjudication of issues, and the trial of this action, or in any other action; (b) the right to object to the use of such documents, or the subject matter

thereof, on any ground in any further proceeding in this action, including motions for summary judgment, motions for summary adjudication of issues, and the trial of this action, or in any other action; and (c) the right to object on any ground at any time to a demand or request for further responses to these Requests or any other requests or other discovery proceedings, including requests for the production of documents.

11. The foregoing objections apply to each of the Requests, and are incorporated into the responses set forth below, which are not to be deemed a waiver, either in whole or in part, of any of those objections.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

All documents, policies and procedures pertaining to the maintenance and security of your client files that were in effect between June of 1999 and January 2004.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving its general or specific objections, Brown & Wood will produce sections of the Brown & Wood LLP and Sidley Austin LLP firm manuals that are responsive to this Request.

### REQUEST FOR PRODUCTION NO. 2:

All documents, policies and procedures pertaining to your computer server(s) and hard drive system(s) back-up in effect between June of 1999 and January 2004.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving its general or specific objections, Without waiving its general or specific objections, Brown & Wood will produce sections of the Brown & Wood LLP and Sidley Austin LLP firm manuals that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 3:**

All documents, policies and procedures applicable to opening new client files in effect in 1999.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving its general or specific objections, Brown & Wood will produce sections of the Brown & Wood LLP firm manual that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

All documents pertaining to the existence of your file on Mr. Gainor in connection with providing the December 31, 1999 opinion letters, including but not limited to new matter sheets and conflict checks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The Request is also vague and ambiguous, and assumes facts not in evidence.

Without waiving its general or specific objections, Brown & Wood responds that to the extent that this Request seeks documents specific to Brown & Wood's representation of

1224955.3

Mr. Gainor pertaining to The Transactions, such documents, if they exist, have already been produced.

**REQUEST FOR PRODUCTION NO. 5:**

All documents reflecting efforts to retrieve files you claim were lost and/or destroyed as a result of the terrorist attack on September 11, 2001.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is overly broad, unduly burdensome, privileged and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 6:**

All documents reflecting any inventories of documents you claim were lost and/or destroyed as a result of the terrorist attack on September 11, 2001.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 7:**

All insurance claims made for the files you assert were lost and/or destroyed as a result of the terrorist attack on September 11, 2001.

1224955.3

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to its general objections, Brown & Wood objects to this Request on grounds that it is unduly burdensome, confidential, and not reasonably calculated to lead to the discovery of admissible evidence.

DATED: November 29, 2006

By: _____
Aaron M. May

Jonathan E. Altman (admitted *pro hac vice*)
Aaron M. May (admitted *pro hac vice*)
Julie D. Cantor (admitted *pro hac vice*)
MUNGER, TOLLES & OLSON LLP
355 S. Grand Ave., 35th Floor
Los Angeles, CA 90071
(213) 683-9100 / Fax (213) 687-3702

Katherine W. Ezell (SBN 114771)
kezell@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 West Flagler Street, Suite 800
Miami, Florida 33130
(305) 358-2800 / Fax (305) 358-2382

*Attorneys for Sidley Austin LLP*

- 8 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via regular U.S. Mail on November 29, 2006, to:

Richard Benjamin Wilkes
**RICHARD BENJAMIN WILKES, P.A.**
600 South Magnolia Avenue, Suite 200
Tampa, Florida 33603

_____
Irene M. Juarez