UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: 06-21748-CIV-MARTINEZ-BANDSTRA

MARK J. GAINOR and ELYSE GAINOR,

Plaintiffs,

v.

SIDLEY AUSTIN LLP, a Delaware limited liability Partnership, f/k/a SIDLEY AUSTIN BROWN & WOOD, f/k/a BROWN & WOOD, R. J. RUBLE, an individual, ARTHUR ANDERSEN, LLP, an Illinois limited liability partnership, MICHAEL S. MARX, an individual, P. ANTHONY NISSLEY, an individual, MERRILL LYNCH & CO., INC., a Delaware corporation, and MARK C. KLOPFENSTEIN, an individual,

Defendants.
_______________________________________/

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL FULL AND COMPLETE RESPONSES TO DISCOVERY FROM DEFENDANT, SIDLEY AUSTIN BROWN & WOOD**

Plaintiffs, Mark J. Gainor and Elyse Gainor, pursuant to Rule 7.1 of the Local Rules of this Court, submit the following memorandum in support of their Motion to Compel Full and Complete Responses to Discovery from Defendant, Sidley Austin Brown & Wood ("Sidley").

## I. REQUESTS FOR ADMISSIONS

The Federal Rules of Civil Procedure specifically permit requests for admission relating to statements or opinions of the application of law to fact. Fed. R. Civ. P. 36. Requests for admission are not objectionable even if they require opinions or conclusions

Dockets.Justia.com

of law, as long as the legal conclusions relate to the facts of the case. Audiotext Communications Network, Inc. v. U.S. Telecom, Inc., 1995 WL 625744, at 6 (D.Kan. 1995); See also Abbott v. United States, 177 F.R.D. 92, 93 (N.D.N.Y. 1997)(Requests relating to pure questions of law are improper, but requests that elicit opinions of law related to the facts of the case are acceptable); Ransom v. United States, 8 Cl. Ct 646, 648 (1985). Rule 36 serves two vital purposes, one of which is to narrow the issues in a case. Fed. R. Civ. P. 36, Advisory Committee Notes. "An admission of a matter involving the application of law to fact may, in a given case, even more clearly narrow the issues." Id.

Plaintiffs' First Requests for Admissions to Sidley included the following two statements:

> 1. Treasury Circular 230 was applicable to the work performed by Sidley Austin for Mr. Gainor in 1999.
>
> 2. ABA formal opinion 346 was applicable to the work that Sidley Austin performed for Mr. Gainor in 1999.

Sidley provided the same response to both requests:

> In addition to its general objections, Brown & Wood objects to this Request on the grounds that it seeks an admission regarding conclusions of law and therefore no response is required. *See United States v. Block 44, Lots 3,6, 177 F.R.D. 695, 695* (M.D. Fl. 1997)("A request for admission of a conclusion of law is improper.") Brown and Wood further objects to this Request on the grounds that it is vague and ambiguous as to the phrase "was applicable to."

These requests clearly seek to determine Sidley's position on whether the Treasury regulation and ABA opinion applied to the work it performed for Mr. Gainor regarding the tax shelters at issue in this case. The purpose of these requests is to narrow the issues in the litigation. If Sidley denies that the Treasury regulation and ABA opinion apply, then it need simply respond accordingly. The case cited by Sidley, U.S. v. Block

44, Lots 3, 6, 177 F.R.D. 695, 695 (M.D. Fl. 1997), in response to Plaintiffs' requests for admission is distinguishable. In U.S. v. Block 44, Lots 3, 6, the request concerned purely legal questions regarding which party had the burden of proof. The requests in U.S. v. Block 44, Lots 3, 6, did not involve any application of law to the particular facts of the case. Plaintiffs' respectfully request that this Court enter an Order compelling Sidley to answer these requests for admission.

## II. REQUEST #3 OF PLAINTIFFS' SIXTH REQUEST FOR PRODUCTION OF DOCUMENTS

In Plaintiffs' Sixth Request for Production of Documents to Sidley, Plaintiffs requested "All transcripts of any sworn testimony given by R.J. Ruble in connection with any claims against Sidley Austin arising out of R.J. Ruble's issuance of tax shelter opinion letters."

As discussed in Plaintiffs' Motion, Sidley initially objected to this request on several grounds. However, after counsel for the parties conferred, Sidley ultimately agreed to produce the requested transcript. See Letter from G. Sanchez to R. Wilkes dated April 3, 2007, p. 3. Sidley later qualified its agreement to produce the transcripts as follows: "With respect to Mr. Ruble's sworn testimony, we will provide the requested transcripts in full to the extent they are not protected from production by a confidentiality agreement or protective order." See Letter from G. Sanchez to R. Wilkes dated May 30, 2007, p. 2.

As mentioned above, a confidentiality order has been entered in this case. Therefore, any confidentiality issue Sidley has regarding the transcripts has been addressed. See Jeld-Wen, Inc. v. Nebula Glass Intern., Inc., Slip Copy, 2007 WL 1526649, at 3 (S.D. Fla. 2007). Further, Plaintiffs are not aware of any protective orders

entered in this case which would protect the requested transcripts from production in this lawsuit, nor has Sidley moved for such an order. Plaintiffs request an Order from this Court compelling Sidley to produce without further delay all documents responsive to Request #3 of Plaintiffs' Sixth Request for Production of Documents to Defendant.

**III. SIDLEY'S OBLIGATION TO PROVIDE PRIVILEGE LOG, AND REQUEST #29 OF PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

When a party cites privilege in refusing to turn over information ordinarily discoverable, that party is obligated to provide the requesting party with a privilege log. Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure provides that:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial-preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Fed. R. Civ. P. 26(b)(5)(A). See also Tyne v. Time Warner Entertainment Co., L.P., 212 F.R.D. 596 (M.D. Fla., 2002). Southern District Local Rule 26.1(G)(3)(c), provides:

> This rule requires preparation of a privilege log with respect to all documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product protection except the following: written and oral communications between a party and its counsel after commencement of the action and work product material created after commencement of the action.

Sidley has taken the position that it does not need to provide a privilege log for documents withheld on the grounds of privilege that were generated after March of 2002. Sidley's "General Objections and Responses" to all of Plaintiffs' requests for production to Sidley, state that Sidley "objects to identifying, and will not identify, any documents protected by the attorney-client or attorney work product doctrine that were created after

March 2002, on the ground that such identification would be unduly burdensome and oppressive, and would itself reveal attorney work product." See e.g, Defendant Sidley Austin LLP'S Responses to Plaintiff's Second Request for Production of Documents, General Objections and Responses, ¶ 4. Similarly, in a letter to Plaintiffs' counsel, Sidley's counsel stated that "We are able to confirm that no documents responsive to Plaintiff's Second Request for Production, Request #29 that were created prior to the commencement of litigation against Sidley in March 2002 have been withheld on the basis of privilege." See Letter from G. Sanchez to R. Wilkes dated May 30, 2007, p. 1. Counsel for Sidley explained the significance of the March 2002 date as follows: "The first lawsuit filed against Sidley Austin LLP arising out of tax opinions issued by Mr. Ruble was filed in March 2002. ... Since March 2002, there have been many more lawsuits filed and additional law firms hired to defend Sidley in connection with these transactions." See Letter from G. Sanchez to R. Wilkes dated May 30, 2007, p. 2.

Plaintiffs disagree that documents created after March 2002 are somehow exempt from the requirement that withheld documents must be disclosed on a privilege log and respectfully request an Order from this Court compelling Sidley to produce a privilege log that includes all privileged documents withheld in accordance with Rule 26(b)(5)(A) and Local Rule 26.1(G)(3)(c).

**IV. INSURANCE CLAIMS MADE FOR THE FILES SIDLEY ASSERTED WERE LOST AND/OR DESTROYED AS A RESULT OF THE TERRORIST ATTACK ON SEPTEMBER 11, 2001.**

In response to Plaintiffs' discovery requests, Sidley informed Plaintiffs that documents relevant to this litigation may or may not have been destroyed in the September 11, 2001 terrorist attacks. See e.g., Defendant Sidley Austin LLP'S Responses

to Plaintiff's Second Request for Production of Documents, General Objections and Responses, ¶ 6. ("This information may be incomplete, in part because the New York office of [Sidley], including the files contained therein, was completely destroyed in the terrorist attack on the World Trade Center on September 11, 2001."). Sidley has informed Plaintiffs that it filed an insurance claim that included a claim for "business interruption and lost files" in connection with the September 11, 2001 terrorist attacks. See Letter from G. Sanchez to R. Wilkes, dated April 3, 2007, at p.2. Plaintiffs have requested that Sidley produce all insurance claims made for the files Sidley asserts were lost and/or destroyed as a result of the terrorist attack on September 11, 2001. See Plaintiffs' Third Request for Production of Documents to Defendant, Request #7. Sidley, however, refuses to produce the insurance claim. Sidley objects on the grounds that the request is unduly burdensome, confidential, and not reasonably calculated to lead to the discovery of admissible evidence. Sidley's objections should be overruled.

It is well-settled that the party opposing discovery has the burden of showing that the discovery is overly broad, unduly burdensome, or not relevant. Jeld-Wen, Inc. v. Nebula Glass Intern., Inc., Slip Copy, 2007 WL 1526649, at 2 (S.D. Fla. 2007); Rossbach v. Rundle, 128 F.Supp.2d 1348, 1353 (S.D. Fla. 2000); (Citing Fed.R.Civ.P 26(b)(1). (Citations Omitted); Coker v. Duke & Co., Inc., 177 F.R.D. 682, 686 (M.D. Ala. 1998). "Rule 26 allows 'discovery of any matter, not privileged, which is relevant to the subject matter of the pending litigation.'" Rossbach, 128 F.Supp.2d at 1353 (Citing Fed.R.Civ.P 26(b)(1)). "The term 'relevant' in this definition is to be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case." Id. (Citing Oppenheimer Fund v.

Sanders, 437 U.S. 340, 351 (1978); See also Roseman v. Sports and Recreation, 165 F.R.D. 108, 110 (M.D. Fla. 1996) (Citing National Serv. Ind., Inc. v. Vafla Corp., 694 F.2d 246, 250 (11th Cir. 1982) ("Relevancy is to be broadly construed for discovery purposes.").

Plaintiffs served this particular discovery request in response to Sidley having taken the position that documents relevant to this litigation may or may not have been destroyed in the September 11, 2001 terrorist attacks. These "destroyed" documents might include documents related to the issuance of opinion letters by Sidley's former employee R. J. Ruble and other documents related to this litigation. Because the insurance claim is for "lost files" and Sidley has taken the position that documents related to this litigation may have been lost or destroyed, it cannot be said the request is not reasonably calculated to lead to the discovery of admissible evidence. Further, Sidley's counsel stated that the insurance claim deals "almost" exclusively with subjects outside the scope of this litigation. See Letter from G. Sanchez to R. Wilkes dated May 30, 2007, p. 2. Use of the term "almost" indicates that at least part of the insurance claim deals with subjects within the scope of this litigation. Thus, Sidley has not met its burden of establishing that the request is not reasonably calculated to lead to the discovery of admissible evidence.

Sidley has also failed to establish that the objected-to request is unduly burdensome. Generally, a party seeking to avoid discovery based on a burdensomeness objection must substantiate that position with detailed affidavits or other evidence establishing an undue burden. Coker v. Duke & Co., Inc., 177 F.R.D. 682, 686 (M.D. Ala. 1998). "The resisting party must make a particular and specific demonstration of fact

and cannot rely on simple conclusory assertions about the difficulty of complying with a discovery request." Id. Sidley has not offered any affidavits or other evidence in support of its objection. Therefore, Sidley's "unduly burdensome" objection should be overruled also.

Last, the fact that Sidley deems the insurance claim document to be confidential does not exempt it from production. See Jeld-Wen, Inc. v. Nebula Glass Intern., Inc., Slip Copy, 2007 WL 1526649, at 3 (S.D. Fla. 2007). A confidentiality order has been entered in this case. Thus, Sidley does not have a valid basis to withhold the document. Id. (In ordering the production of a confidential settlement agreement, the Court held that confidentiality interest is adequately addressed by confidentiality order governing the case).

Based on the foregoing, Plaintiffs respectfully request that this Court enter an Order compelling Sidley to produce without further delay all documents responsive to Request #7 of Plaintiffs' Third Request for Production of Documents to Sidley.

RICHARD BENJAMIN WILKES
Florida Bar No. 267163
**RICHARD BENJAMIN WILKES**
**ATTORNEYS AT LAW**
600 South Magnolia Avenue, Suite 200
Tampa, Florida 33606
Telephone: (813) 254-6060
Facsimile: (813) 254-6088
rwilkes@rbwilkes.com
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of July, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Richard Benjamin Wilkes
Richard Benjamin Wilkes


**SERVICE LIST**

Katherine W. Ezell, Esq.
KEzell@podhurst.com
Podhurst Orseck, P.A.
25 W. Flagler Street, Suite 800
Miami, FL 33130
**Counsel for Sidley Austin**

Jonathan E. Altman, Esq.
Jonathan.Altman@mto.com
Aaron May, Esq.
Aaron.May@mto.com
Munger, Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
**Counsel for Sidley Austin**

Coren Stern, Esq.
CStern@bressler.com
Bennett Falk, Esq.
BFalk@bressler.com
Bressler, Amery & Ross
2801 S.W. 149th Avenue
Miramar, FL 33027
**Counsel for Merrill Lynch**

Stuart E. Abrams, Esq.
SAbrams@frankelabrams.com
Frankel & Abrams
230 Park Avenue, Suite 3330
New York, NY 10169
**Counsel for Ruble**

Douglas E. Whitney, Esq.
DWhitney@mwe.com
McDermott Will & Emery
227 West Monroe Street
Chicago, IL 60606-5096
**Counsel for Arthur Andersen, Nissley and Marx**

Stephen J. Anderson, Esq.
Anderson@andersondailey.com
Anderson Dailey LLP
2002 Summit Boulevard, Suite 1250
Atlanta, GA 30319
**Counsel for Klopfenstein**

Richard A. Morgan, Esq.
Richard.Morgan@bipc.com
Buchanan Ingersoll & Rooney, P.C.
Bank of America Tower
100 S.E. 2nd Street, 34th Floor
Miami, FL 33131
**Counsel for Klopfenstein**

R. J. Ruble
1517 Avalon Square
Glen Cove, NY 11542