UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-21748-CIV-MARTINEZ-BANDSTRA

MARK J. GAINOR and ELYSE GAINOR,

    Plaintiffs,

vs.

SIDLEY, AUSTIN LLP, a Delaware limited
liability Partnership, f/k/a SIDLEY AUSTIN
BROWN & WOOD, f/k/a BROWN & WOOD,
R.J. RUBLE, an individual, ARTHUR
ANDERSEN, LLP, an Illinois limited liability
partnership, MICHAEL S. MARX, an
individual, P. ANTHONY NISSLEY, an
individual, MERRILL LYNCH & CO., INC.,
a Delaware corporation, and MARK C.
KLOPFENSTEIN, an individual,

    Defendants.
_____/

### DEFENDANT SIDLEY AUSTIN LLP'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE PORTIONS OF SIDLEY AUSTIN'S ANSWER

I.    **Introduction**

According to Plaintiffs Mark and Elyse Gainor, because Sidley Austin LLP noted -- in 17 out of 189 paragraphs of its Amended Answer (the "Answer") -- that the law does not require Sidley to respond to Plaintiffs' legal conclusions about their case, the Court should deem Sidley to have *admitted* every statement in the corresponding 17 paragraphs of Plaintiffs' Amended Complaint (the "Complaint").

In fact, the plain language of Federal Rule of Civil Procedure 8, as well as controlling Eleventh Circuit authority, indicate that a defendant need not respond to legal conclusions in a complaint. Moreover, Plaintiffs fail to meet the standards of a motion to strike in any case: their

3297423.1

skeletal one-page Memorandum makes no showing of a violation of Rule 8, let alone a serious violation; does not argue prejudice; never disputes that the Complaint contains legal conclusions, or that Sidley correctly identified the paragraphs containing such conclusions; and fails to make a single specific allegation of harm flowing from any particular response in the Answer. One struggles even to discern the point of bringing the Motion, which should be denied.

II.   **Argument**

  A.   **The Plain Language of Rule 8, As Well As Controlling Eleventh Circuit Authority, Indicate a Defendant Need Respond Only To Averments In A Complaint**

Plaintiffs argue that "Rule 8(b) of the Federal Rules of Civil Procedure requires a defendant to respond to all allegations of the Complaint" and that "[n]o exception to this requirement exists for purported 'legal conclusions.'" (Plaintiffs' Memorandum of Law ("Mem.") at 2.)

Plaintiffs ignore the actual language of Rule 8 and the relevant Eleventh Circuit authority. Federal Rule 8(b) provides: "A party . . . shall admit or deny the averments upon which the adverse party relies." The Federal Rules do not define "averment," but Black's Law Dictionary does – an averment is "[a] positive declaration or affirmation *of fact*; esp., an assertion or allegation in a pleading . . . ." Black's Law Dictionary 146 (8th ed. 2004) (emphasis added). *See also* Ballentine's Law Dictionary 115 (3d ed. 1969) (defining "averment" as "an allegation"); *see id.* at 61 (defining "allegation" as "[a]n assertion; *a statement of fact* in a pleading" (emphasis added)); *Fitzhugh v. Topetzes,* No. 1:04 CV-3528RWS, 2006 WL 2557921, at *2 (N.D. Ga. Sept. 1, 2006) (noting the distinction between "legal conclusions [and] averments of fact.").[1]

Thus, the plain meaning of Rule 8(b) appears to be that "a party shall admit or deny" affirmations or allegations of fact in a complaint. Indeed, one court, interpreting the identical language contained in Rule 8(c) of the Rules of the Court of International Trade, observed that

---

[1] Although some trial courts have used the phrase "legal averment" to describe legal conclusions in a complaint and the phrase "factual averment" to describe standard averments, others, like *Fitzhugh*, retain the more precise terminology of "legal conclusions" and "averments."

an answering defendant could properly "note[] that some of plaintiff's allegations were legal conclusions to which no response was required." *Beker Indus. Corp. v. United States*, 585 F. Supp. 663, 667 n.12 (Ct. Int'l Trade 1984).

Neither the Supreme Court, the Eleventh Circuit Court of Appeals, nor the District Courts of this circuit appear to have ruled on whether a defendant's answer need respond to conclusions of law in a plaintiff's complaint. Nevertheless, the Eleventh Circuit recognizes the analytical distinctions between legal conclusions and averments, and has questioned whether a defendant's answer admitting legal conclusions in a complaint has any force or effect. In *Almand v. DeKalb County*, 103 F.3d 1510 (11th Cir. 1997), the Court of Appeals reversed the district court's denial of summary judgment to the appellant on the appellee's section 1983 claim. Among other things, the appellee argued that the appellant "admitted that he was acting under color of state law in his answer to the complaint." *Id.* at 1513.

The Eleventh Circuit observed that:

> [w]hether conduct constitutes state action is no simple question of fact. . . . As such, Plaintiff's pleading of the legal conclusion on color of state law in the complaint and Defendant's admission in the answer are of questionable importance. The answer admits the facts alleged in Paragraph 3, but we wonder whether the admission has effect for conclusions of law that are set out in the complaint.

*Id.* at 1513-14.

If, as the Court of Appeals suggests, an answer's admission of a legal conclusion represents a nullity, and cannot bind the defendant, then requiring the defendant to respond to legal conclusions serves no purpose. As Plaintiffs themselves explain, "the purpose of [the proposed rule that a defendant must respond to legal conclusions] is to apprise the Plaintiff of which allegations of the Complaint stand admitted and will not be an issue at trial, and which allegations are contested and will require proof at trial." (Mem. at 2.) Plaintiffs' theory cannot be squared with the Eleventh Circuit's skepticism that admitting legal conclusions binds the defendant. Indeed, Plaintiffs' proposed approach results in futility, because it forces the

defendant to make meaningless admissions or denials of legal conclusions that are subject to change at any time. *See Giles v. Ireland*, 742 F.2d 1366, 1376 (11th Cir. 1984) (the law will not require a futile act).

Related Eleventh Circuit rules support this analysis. Where a defendant defaults on a complaint, the law deems him bound by averments in the complaint, but not legal conclusions, reinforcing the view that even where a defendant admits a legal conclusion, the plaintiff cannot bind him with the admission. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Likewise, the Eleventh Circuit will not bind a party to admissions of legal conclusions in a response to a Rule 36 request for admission. *E.g., Border Collie Rescue, Inc. v. Ryan*, 418 F. Supp. 2d 1330, 1339 n.6 (M.D. Fla. 2006). An admission in an answer has an identical preclusive effect to an admission in a response to a request for admission, and it is not readily apparent why a defendant should be forced to admit or deny a legal conclusion in one document, but not in the other.

In their Memorandum, Plaintiffs cite no Eleventh Circuit authority, but instead rely chiefly on Judge Shadur's opinion in *State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 278-79 (N.D. Ill. 2001). (Mem. at 2.) In *State Farm,* Judge Shadur criticizes a number of common pleading practices with which he takes exception. Judge Shadur has written 76 of the 84 opinions citing *State Farm,* and nearly all concern pleading practices he would like to see halted. Two other courts in the Northern District of Illinois have agreed with the *State Farm* rule regarding legal conclusions, as has the district court in *Farrell v. Pike*, 342 F. Supp. 2d 433, 440-41 (M.D.N.C. 2004).

Nevertheless, the *State Farm* analysis is questionable. Judge Shadur begins by arguing that "the express Rule 8(b) requirement [is] that *all* allegations must be responded to." *State Farm,* 199 F.R.D. at 278. In fact, as discussed above, the plain language of Rule 8 is that a defendant must respond to averments in a complaint -- legal conclusions are not averments.

The very cases on which Judge Shadur relies note the distinction between averments and legal conclusions. *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831, (1989) ("a

complaint [] contain[s] . . . both factual allegations and legal conclusions"); *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733 (1992) (same). Contrary to the suggestion in *State Farm*, however, neither case remotely suggests that a defendant must answer legal conclusions in a complaint.

Judge Shadur also relies on *Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir. 1995), apparently for the proposition that the pleading of conclusions is sufficient to withstand a motion to dismiss. First, *Jackson* says nothing about legal – as opposed to factual – conclusions, and second, the Eleventh Circuit follows a different rule. *See Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006) ("conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." (citation and quotation marks omitted)).[2]

Regardless, the governing authority described above, as well as the plain language of Rule 8 itself, indicate that the Eleventh Circuit would hold a defendant need not respond to legal conclusions in a complaint.

### B.  Plaintiffs Motion Should Be Denied Under Any Interpretation of The Law

Plaintiffs' Motion fails to meet the requirements of a Rule 12 motion to strike. "[M]otions to strike [pleadings] are disfavored because of their drastic nature. [A] court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Wood v. Cellco P'ship*, No. 8:06-CV-687-T-27TBM, 2007 WL 917300, at *4 (M.D. Fla. Mar. 23, 2007) (citation and quotation omitted, third alteration in original); *see Farrell v. Pike*,

---

[2] Judge Shadur cites a complaint's statement of subject matter jurisdiction as a legal conclusion to which an answer must obviously respond. *State Farm*, 199 F.R.D. at 278. In fact, however, subject matter jurisdiction represents the quintessential legal conclusion to which an answer's response is entirely pointless. Even if a defendant's answer concedes subject matter jurisdiction, he can always change his mind because subject matter jurisdiction is never waived. *Eg., Bateman Co. v. United States Dep't of Agriculture*, 123 F. Supp. 2d 625, 632 (M.D. Ga. 2000). Thus, it makes no difference whether a defendant responds to allegations of subject matter jurisdiction, and under such circumstances, it is difficult to see how the rules could require a response.

342 F. Supp. 2d 433, 441 (M.D.N.C. 2004) ("a Rule 12(f) motion to strike pleadings should be reserved for egregious violations" that prejudice the plaintiff) (citation omitted)).

In *Farrell,* on which Plaintiffs rely, the district court agreed that the defendants violated Rule 8 by failing to respond to legal conclusions in the complaint. The court in *Farrell* held, however, that "[t]he instant case does not present a sufficiently egregious violation of Rule 8 to justify granting the Rule 12(f) motion to strike . . . or requiring a repleading of [the answer]." 342 F. Supp. 2d at 441. The court noted that for all but two of the contested paragraphs, the defendants denied the allegations in the alternative. *Id.* Here, this is true for all but seven of the paragraphs in a 189-paragraph answer.[3]

Second, the court noted that the plaintiffs were not prejudiced. Here, Plaintiffs have filed a 1-page, barebones motion, making absolutely no effort to show prejudice from any particular response in Sidley's answer, nor hinting at how repleading would make any difference to them.[4] At this point in the litigation, whatever Plaintiffs' reason for bringing this Motion, the fear of unfair surprise is not one of them.

Because the plain language of Rule 8, as well as the law of the Eleventh Circuit, does not require a defendant to respond to legal conclusions in a complaint, and because, in any event, Plaintiffs have made no showing of an egregious violation of Rule 8, or prejudice flowing from Sidley's Answer, this Court should deny Plaintiffs' Motion to Strike.

### III.  Conclusion

For the foregoing reasons, Sidley respectfully requests that this court deny Plaintiffs' Motion to Strike. If, however, the Court is inclined to grant Plaintiff's Motion, Sidley respectfully requests leave to file an amended answer to address the legal conclusions in Plaintiffs' Complaint.

---

[3] Paragraphs 54, 80, 81, 95, 103, 106, 107, 123, 133 and 148 would remain exactly the same even if the language that offends Plaintiffs were removed.

[4] Plaintiffs may have intended to make further arguments in Reply. The courts of this Circuit do not permit saving arguments for the reply memorandum. *See Powell v. Carey Int'l, Inc.,* -- F. Supp. --, No. 05 21395 CIV SEITZ, 2006 WL 4550190, at *9 n.4 (S.D. Fla. Mar. 17, 2006) ("the Court cannot consider new arguments raised for the first time in a reply brief.").

CASE NO. 06-21748-CIV-MARTINEZ-BANDSTRA

DATED: July 19, 2007

MUNGER, TOLLES & OLSON LLP
355 S. Grand Ave., 35th Floor
Los Angeles, CA 90071
(213) 683-9100 / Fax (213)687-3702

By: *Jonathan E. Altman by KWE*
Jonathan E. Altman
Admitted Pro Hac Vice
Jonathan.Altman@mto.com

*Attorneys for Defendant Sidley Austin LLP*

DATED: July 19, 2007

PODHURST ORSECK, P.A.
City National Bank Building
25 West Flagler Street, Suite 800
Miami, FL 33130
(305) 358-2800 / Fax (305) 358-2382

By: *Katherine W. Ezell*
Katherine W. Ezell
Florida Bar No. 114771
kezell@podhurst.com

*Attorneys for Sidley Austin LLP*

3297423.1

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy was sent via the Southern District of Florida's CM/ECF System and/or electronic mail to all counsel of record and by U.S. Mail to the pro se parties identified on the attached Service List this 19th day of July, 2007.

Respectfully submitted,

PODHURST ORSECK, P.A.
25 West Flagler Street, Suite 800

Tel. (305) 358-2800 / Fax (305) 358-238
kezell@podhurst.com

By: _____
KATHERINE W. EZELL
Fla. Bar No. 114771

And

MUNGER, TOLLES & OLSON, LLP
Jonathan E. Altman, Esq.
jonathan.altman@mto.com
Aaron M. May, Esq.
Aaron.may@mto.com
Gabriel P. Sanchez, Esq
gabriel.sanchez@mto.com
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071-1560
(613) 683-9100/Fax (613) 683-5136

Attorneys for Defendant Sidley Austin, LLP

## SERVICE LIST

Richard Benjamin Wilkes, Esq.
Richard W. Candelora, Esq.
Richard Benjamin Wilkes, P.A.
600 South Magnolia Avenue, Suite 200
Tampa, FL 33606
Tel. #: (813) 254-6060
Fax #: (813) 254-6088
E-Mail: rwilkes@rbwilkes.com
Attorneys for Plaintiffs

Stephen J. Anderson, Esq.
2002 Summit Blvd., Suite 1250
Atlanta, GA 30319
Tel. #: (404) 442-1800
Fax #: (404) 442-1820
E-mail: Anderson@andersondailey.com
Attorneys for Mark C. Klopfenstein

Richard A. Morgan, Esq.
E-mail: richard.morgan@bipc.com
Kelly A. McGovern, Esq.
E-mail: kelly.mcgovern@bipc.com
Buchanan Ingersoll & Rooney, PC
Bank of America Tower, 34th Floor
100 Southeast Second Street
Miami, FL 33131
Tel. #: (305) 347-4080
Fax #: (305) 347-4089
Attorneys for Mark C. Klopfenstein

Bennett Falk, Esq.
E-mail: bfalk@bressler.com
Coren Harris Stern, Esq.
E-mail: cstern@bressler.com
Bressler, Amery & Ross
2801 S.W. 149th Ave.
Miramar, Fl 33027
Tel #: (954) 499-7979
Fax #: (954) 499-7969
Attorneys for Merrill Lynch & Co., Inc.

Douglas E. Whitney, Esq.
McDermott Will & Emery
227 West Monroe Street
Chicago, IL 60606-5096
Tel. #: (312) 372-2000
Fax #: (312) 984-7700
E-mail: dwhitney@mwe.com
Attorneys for Arthur Andersen, LLP,
 P. Anthony Nissley and Michael S. Marx

Michael G. Austin, Esq.
McDermott Will & Emery
201 South Biscayne Boulevard, Suite 2200
Miami, FL 33131
Tel. #: (305) 347-6517
Fax #: (305) 347-6500
E-mail: maustin@mwe.com
Attorneys for Arthur Andersen, LLP,
 P. Anthony Nissley and Michael S. Marx

Stuart E. Abrams, Esq.
Frankel & Abrams
230 Park Avenue, Suite 3330
New York, NY 10169
Tel. #: (212) 661-5000
Fax #: (212) 661-5007
E-mail: sabrams@frankelabrams.com

R.J. Ruble
1517 Avalon Square
Glen Cove, NY 11542