**EXHIBIT I**

# ARTHUR ANDERSEN

PRIVILEGED AND CONFIDENTIAL

Arthur Andersen LLP

September 1, 1999

Suite 2500
133 Peachtree Street NE
Atlanta GA 30303-1846
404 658 1776

STRICTLY CONFIDENTIAL

Bryan Medical Inc.
Attn: Mark Gainor
c/o Lucor Holdings, LLC
2455 Peachtree Road, NE Ste. 777
Atlanta, Georgia 30326

Re:  Job Arrangements for Bryan Medical, Inc. ("Bryan")

Dear Mark:

This letter will confirm that Bryan is engaging Arthur Andersen LLP ("AA") to provide assistance in connection with certain tax matters. Based upon the engagement objectives provided below, we plan to provide timely consultations regarding tax issues which are relevant to Bryan. These consultations may include proposing and implementing certain tax strategies.

This letter sets forth the arrangements under which AA, with your consent, has agreed to proceed with any projects.

### Confidentiality

It is mutually acknowledged that our work may result in communications involving Bryan's shareholders, other advisors and ourselves, and that such communications may include or implicate project-related materials or information. AA will treat all such communications in the manner you instruct in order to aid in establishing and/or maintaining any privileged and confidential status that applies (e.g., marking correspondence, memos, and schedules prepared on your behalf as "Privileged & Confidential"). Also, access to all information in our files relating to this project will be restricted to AA and officers of Bryan. We will notify you of any requests or needs for such material that might come to our attention in the context of judicial or administrative proceedings or professional or regulatory requirements before we would disclose same as may be required under applicable law or rules.

Please advise us in writing of any specific steps or guidelines that you wish us to follow in this regard. While AA will cooperate, as set forth herein, with respect to legal privilege and related doctrines, AA assumes no responsibility for any court or tribunal's partial or entire failure to uphold any privilege or related doctrines.

MJC    12

GAINOR1966

DEPOSITION EXHIBIT 18

# ARTHUR ANDERSEN

Mark J. Gainor
Page 2
September 1, 1999

### Fees and Related Business Terms

Based upon the combination of the tax matters that may be involved and our experience in performing similar engagements, we estimate that our total fees could be as high as $600,000. However, we will provide you with an estimate of our fees on a transaction by transaction basis. This job arrangement will terminate upon the earlier of a change in control of Bryan or one year from the date of this letter.

You may determine that a "more-likely-than-not" opinion letter, pursuant to the requirements of Internal Revenue Code Section 6662, is required from a qualified attorney with respect to one or more of the transactions that may be proposed to Bryan. If such need develops during the course of our tax consulting, and a "more-likely-than-not" opinion letter from a qualified attorney is unattainable, then AA shall refund any and all of its fees (excluding out of pocket expenses) related to its tax consulting with respect to such non-opinionable transactions. It is understood that AA will not issue an opinion with respect to a transaction in the absence of a separate prior written agreement relating to that transaction.

Bryan agrees with respect to any services, work product or other deliverables hereunder, or this engagement generally that AA's liability shall in no event exceed the fees it receives hereunder for the portion of the work giving rise to liability nor include any special, consequential, incidental or exemplary damages or loss (nor any lost profits, savings or business opportunity), and Bryan will upon the receipt of written notice indemnify AA, its affiliates and their partners, principals and personnel against all costs, fees, expense, damages and liabilities (including defense costs) associated with any third-party claim arising from or relating to any such services, work product or deliverables that are used or disclosed to others, or this engagement. The foregoing terms are intended to apply to the extent not contrary to applicable law, regardless of the grounds or nature of any claim asserted (including contract, statute, any form of negligence, intentional tort, strict liability or otherwise) and whether or not AA was advised of the possibility of the damage or loss asserted. Such terms shall also continue to apply after any termination of this agreement and during the period of any dispute between the parties.

This letter sets forth the entire understanding between the parties regarding the subject matter here addressed and supersedes all prior agreements, arrangements and communications, whether oral or written, with respect to such subject matter. No other agreements, representations, warranties or other matters, whether oral or written shall be deemed to bind the parties hereto with respect to such subject matter. This letter may not be modified or amended except by the mutual written agreement of both parties. Nonenforcement or delay in enforcement of any right shall not be construed as a waiver of such right, and a waiver of a

MJG    13

GAINOR1967

# ARTHUR ANDERSEN

Mark J. Gainor
Page 3
September 1, 1999

Arthur Andersen LLP

Suite 2500
133 Peachtree Street NE
Atlanta GA 30305-1846
404 658 1776

right in a given case shall not be construed as a waiver of the same or similar right in any other case.

Please sign in the space provided below on the attached duplicate original to indicate Bryan's agreement with the arrangements described herein. Please return a signed copy of this letter to us. If you should have any questions regarding this arrangement, please contact me at (404) 223-7107.

Very truly yours,

ARTHUR ANDERSEN LLP

By *[signature]*
Wesley G. Scheibel

Agreed:

Bryan Medical, Inc.

By: *[signature]*

Date: Sept 9/99

MJG  14

GAINOR1968