UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-21748-CIV-MARTINEZ/BANDSTRA

MARK J. GAINOR and ELYSE GAINOR,

    Plaintiffs,

v.

SIDLEY AUSTIN LLP, a Delaware limited
liability partnership, f/k/a SIDLEY AUSTIN
BROWN & WOOD, f/k/a BROWN & WOOD,
R.J. RUBLE, an individual, ARTHUR
ANDERSEN, LLP an Illinois limited liability
partnership, MICHAEL S. MARX, an
individual, P. ANTHONY NISSLEY, an
individual, MERRILL LYNCH & CO., INC., a
Delaware corporation, and MARK C.
KLOPFENSTEIN, an individual,

    Defendants.
_____/

**DEFENDANT MERRILL LYNCH & CO., INC.'S RESPONSE TO
PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH RULE 26(a)**

Defendant Merrill Lynch & Co., Inc. ("Merrill Lynch") responds to Plaintiffs' Motion to Compel Compliance with Federal Rule of Civil Procedure 26(a) (the "Motion"). Plaintiffs do not cite one case that is binding upon this Court in support of their Motion. Plaintiffs' Motion is not well founded in the law and is not filed in good faith. Merrill Lynch accordingly requests that the Motion be denied.

Merrill Lynch's involvement in this matter is limited only to the provision of a short-term loan and the execution of Plaintiffs' purchases of T-bills. In September 1999, Merrill Lynch provided the loans to Plaintiffs. At or about the same time, Plaintiffs purchased T-bills with the loan proceeds, using such T-bills as collateral for the loan. In or about December 1999,

the loan was repaid and the T-bills were sold. Between September 1999 and December 1999, Plaintiffs engaged in various corporate transactions, whereby Merrill Lynch was instructed to transfer certain assets, including the aforementioned T-bills, between various corporate organizations. Plaintiffs do not allege that Merrill Lynch designed such transactions nor that Merrill Lynch acted without Plaintiffs' instructions to do so.

### I.     Merrill Lynch's Rule 26(a)(1)(A) Disclosures Are Sufficient

Plaintiffs claim that Merrill Lynch has failed to comply with Rule 26(a)(1)(A), which requires parties to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses...." Fed.R.Civ.P. 26(a)(1)(A). Specifically, Plaintiffs argue that Merrill Lynch, in identifying certain individuals as "(a)ny other third party advisors of Plaintiffs," has failed to comply with Rule 26(a)(1)(A) because it has not provided specific names of such advisors. Motion at 4. Plaintiffs provide no precedent in support of their contention.

Plaintiffs fail to note that Rule 26(a) requires parties to make their initial disclosures based on the information then reasonably available to them. Fed.R.Civ.P. 26(a)(1)(A). At the time Merrill Lynch made its Rule 26(a) disclosures, it did not know, and does not currently know, the names of Plaintiffs' third party advisors not listed on Plaintiffs' Rule 26(a) disclosures. It should be noted, however, that this information is in Plaintiffs' possession, custody and control; not Merrill Lynch's. If the discovery process reveals third party advisors not previously disclosed by Plaintiffs, Merrill Lynch will supplement its disclosures. For Plaintiffs to say that Merrill Lynch is in violation of Rule 26(a) by failing to specifically

identify individuals not known to it at the time such disclosures were made defies logic, misstates the law, and is nothing more than gamesmanship.

## II.    Merrill Lynch's Rule 26(a)(1)(B) Disclosures Are Sufficient

Plaintiffs allege that Merrill Lynch's disclosures are also insufficient under Rule 26(a)(1)(B). Rule 26(a)(1)(B) requires parties to provide copies of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody or control of the party and that the disclosing party may use to support its claims or defenses...." Fed.R.Civ.P. 26(a)(1)(B). As Plaintiffs correctly state in their Motion, parties' Rule 26 disclosures should enable opposing parties to make an informed decision concerning which documents might need to be examined and to frame their document requests in a manner likely to avoid squabbles resulting from the wording of requests. Motion at 3; *Invision Media Communications, Inc. et al. v. Federal Insurance Company*, 2004 U.S. Dist. LEXIS 3196, *34 (S.D.N.Y. 2004). Merrill Lynch complied with such rule.

The totality of Merrill Lynch's connection to the instant proceeding is a short-term loan provided to the Plaintiffs and the execution of Plaintiffs' T-bill purchase. ML did not create, consult, or advise Plaintiffs concerning the Sidley Plan. Thus, the two categories of documents disclosed by Merrill Lynch are documents pertaining to the loan transaction and documents pertaining to Plaintiffs' 1999 T-Bill investments through Merrill Lynch. Plaintiffs cite to *Invision Media Communications, Inc. et al. v. Federal Insurance Company*, arguing that Merrill Lynch's disclosures are somehow similar to the disclosures found to be insufficient in that case. Motion at 5. Notwithstanding the fact that *Invision* is not binding upon this Court, the disclosures in that case were simply a general reference to a file, distinctly different from the disclosures at issue here. In *Invision*, the defendant was an insurance company that had provided

a policy insuring the plaintiff, a television and internet production company, against certain risks of loss associated with facilities in New York City. *See Invision*, 2004 U.S. Dist. LEXIS 3196, *4-*5. The plaintiff filed claims with the defendant in connection with business interruptions that occurred due to the September 11, 2001 attack on the World Trade Center, and the litigation ensued after attempts to settle the insurance claim were unsuccessful. *See id.* at *5-*6. In making its Rule 26 disclosures, the defendant listed a category of documents as "Plaintiff's underwriting files." *See id.* at *34. The court found such a description to be insufficient. *See id.*

Merrill Lynch's disclosures in the instant matter are far more specific than the ones found to be insufficient in *Invision*. The defendant in *Invision* was a general liability insurer for the plaintiff, and an enormous amount of documents and information could fall within the category of "Plaintiff's underwriting files." Here, Merrill Lynch implemented two distinct transactions, over a time period of approximately three months, in connection with the Sidley Plan. Given Merrill Lynch's limited involvement in the Sidley Plan, and the truncated time period over which such involvement occurred, it is completely reasonable that only two distinct categories of documents exist.

Plaintiffs correctly point out that Merrill Lynch filed a motion to dismiss that asserts that Georgia or New York law could apply to this proceeding and that Plaintiffs claims are barred by the applicable statutes of limitations. Plaintiffs reason that Merrill Lynch's Rule 26 disclosures are inadequate because it did not list categories of documents specifically dealing with the applicability of the law of foreign jurisdictions or the statute of limitations. However, the categories of documents disclosed by Merrill Lynch include the grounds for Merrill Lynch's positions. Documents pertaining to the loan transactions speak to the application of foreign law because they indicate the state in which Plaintiffs resided during the time period at issue. Such

documents also reflect the time period at issue, and thus speak to Merrill Lynch's statute of limitations defense. In a similar fashion, documents pertaining to Plaintiffs' investments through Merrill Lynch indicate Plaintiffs' residence at the time of the transactions and the date of such transactions.

Plaintiffs appear to argue that because Merrill Lynch did not include categories that specifically deal with its claims or defenses, it is somehow in violation of Rule 26. If Plaintiffs' interpretation of Rule 26 were correct, Merrill Lynch would have been required to include categories such as "Documents That Pertain to Plaintiffs' Residence During The Relevant Time Period," or "Documents That Indicate The Time at Which Plaintiffs' Cause of Action Accrued." Such an interpretation of Rule 26 is not reasonable, and Plaintiffs have not provided any support for such a reading of the rule.

### III. The Motion Is Not Filed In Good Faith And Plaintiffs Have Not Complied With Local Rule 7.1

Counsel for Plaintiffs certified that he communicated with counsel for Merrill Lynch in a good faith effort to resolve the issues raised by the Motion, but that counsel were unable to resolve such issues. In fact, counsel for Plaintiffs sent one letter on this subject on June 11, 2007. *See* Exhibit A. Counsel communicated, verbally and via email, several times between June 11, 2007 and the date the Motion was filed. Counsel for Plaintiffs did not once mention Merrill Lynch's Rule 26 disclosures and made no effort whatsoever during such conversations and email exchanges to resolve the issues raised by the Motion. It is therefore clear that the letter sent by counsel for Plaintiffs is not truly a good faith effort to resolve the issues raised by the Motion, but nothing more than an attempt to comply with Local Rule 7.1(A)(3). That is not sufficient. *See Catalina Rental Apartments, Inc., v. Pacific Insurance Company, Ltd.*, 2007 U.S.

Dist. LEXIS 24651, *8 (S.D. Fla. 2007) (finding one email prior to the filing of a motion potentially not a reasonable effort to confer).

Moreover, the Motion was filed one day before Plaintiffs' response to Merrill Lynch's motion to dismiss was due, and accordingly, shortly before Merrill Lynch's reply in support of such motion was due. It is notable that the Motion was also filed against Arthur Andersen, another defendant who filed a motion to dismiss.[1] Based on the foregoing, it seems clear that Plaintiffs filed the Motion more as a litigation tactic than to truly lodge objections to Merrill Lynch's Rule 26 disclosures.

Respectfully submitted,

Bressler, Amery & Ross, P.C.
Counsel for Defendants Merrill
    Lynch, Pierce, Fenner &
    Smith Inc. and Merrill Lynch
    Private Finance LLC
2801 S.W. 149th Avenue, Suite 300
Miramar, FL 33027
Telephone: 954-499-7979
Facsimile: 954-499-7969
Email: cstern@bressler.com

/s/Coren H. Stern
Bennett Falk
Fla. Bar No. 208884
Coren H. Stern
Fla. Bar No. 0644218

---

[1] Merrill Lynch's Rule 26(a)(1)(A) disclosures are virtually identical to those filed by Defendant Sidley Austin. Sidley Austin did not file a motion to dismiss. Plaintiffs curiously do not take issue with Sidley Austin's Rule 26 disclosures.

CASE NO. 06-21748-CIV-MARTINEZ/BANDSTRA

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing *Defendant Merrill Lynch & Co., Inc.'s Response to Plaintiffs' Motion to Compel Compliance With Rule 26(a)* has been served this 30th day of July, 2007 to all parties on the attached service list via the Court's CM/ECF system or if such person(s) is not subscribed to the same, via U.S. Mail.

/s/Coren H. Stern

CASE NO. 06-21748-CIV-MARTINEZ/BANDSTRA

**SERVICE LIST**

| | |
|---|---|
| Richard Benjamin Wilkes, Esq.<br>Richard W. Candelora, Esq.<br>Richard Benjamin Wilkes, P.A.<br>600 South Magnolia venue<br>Suite 200<br>Tampa, Florida 33606<br>rwilkes@rbwilkes.com<br>**Attorneys for Plaintiffs** | Richard A. Morgan, Esq.<br>Buchanan Ingersoll & Rooney, P.C.<br>Bank of America Tower, 34th Floor<br>100 S.E. Second Street<br>Miami, Florida 33131<br>**Attorneys for Mark C. Klopfenstein** |
| Stephen J. Anderson, Esq.<br>Anderson Dailey LLP<br>2002 Summit Boulevard, Suite 1250<br>Atlanta, Georgia 30319<br>**Attorneys for Mark C. Klopfenstein** | Katherine W. Ezell, Esq.<br>Podhurst Orseck, P.A.<br>25 W. Flagler Street, Suite 800<br>Miami, Florida 33130<br>kezell@podhurst.com |
| Jonathan E. Altman, Esq.<br>Aaron M. May, Esq.<br>Gabriel P. Sanchez, Esq.<br>Munger, Tolles & Olson, LLP<br>355 South Grand Avenue, 35th Floor<br>Los Angeles, California 90071<br>jonathan.altman@mto.com<br>aaron.may@mto.com<br>gabriel.sanchez@mto.com<br>**Attorneys for Sidley Austin LLP** | Douglas E. Whitney, Esq.<br>Jocelyn D. Francoeur<br>McDermott Will & Emery<br>227 West Monroe Street<br>Chicago, Illinois 60606-5096<br>dwhitney@mwe.com<br>jfrancoeur@mwe.com<br>**Attorneys for Arthur Anderson, LLP,<br>P. Anthony Nissley, Michael Marx** |
| Stuart E. Abrams, Esq.<br>Frankel & Abrams<br>230 Park Avenue, Suite 3330<br>New York, New York 10169<br>sabrams@frankelabrams.com | R.J. Ruble<br>1517 Avalon Square<br>Glen Cover, New York 11542 |
| Michael G. Austin, Esq.<br>McDermott Will & Emery LLP<br>201 South Biscayne Boulevard<br>Suite 2200<br>Miami, Florida 33131<br>maustin@mwe.com<br>**Attorneys for Arthur Andersen, LLP,<br>P. Anthony Nissley, Michael Marx** | |