UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: 06-21748-CIV-MARTINEZ-BANDSTRA

MARK J. GAINOR and ELYSE GAINOR,

    Plaintiffs,

v.

SIDLEY AUSTIN LLP, a Delaware limited liability
Partnership, f/k/a SIDLEY AUSTIN
BROWN & WOOD, f/k/a BROWN & WOOD,
R. J. RUBLE, an individual, ARTHUR
ANDERSEN, LLP, an Illinois limited liability
partnership, MICHAEL S. MARX, an individual,
P. ANTHONY NISSLEY, an individual,
MERRILL LYNCH & CO., INC., a Delaware
corporation, and MARK C. KLOPFENSTEIN,
an individual,

    Defendants.
_____/

**PLAINTIFFS' REPLY TO DEFENDANT MERRILL LYNCH'S RESPONSE TO PALINTIFFS' MOTION TO COMPEL INITIAL DISCLOSURES IN <u>COMPLIANCE WITH RULE 26(a)</u>**

Plaintiffs, Mark J. Gainor and Elyse Gainor, pursuant to Rule 7.1 of the Local Rules of this Court, submit the following reply to Defendant Merrill Lynch and Co., Inc.'s Response to Plaintiffs' Motion to Compel Initial Disclosures In Compliance With Rule 26(a).

**I.**    **Merrill Lynch's Rule 26(a) disclosures do not comply with the requirements of the rule and provide little, if any, useful information.**

"Rule 26(a) is designed to accelerate the exchange of basic information, and identify potential witnesses so that the parties may plan what additional discovery must be conducted; as such the rule should be applied in a manner to achieve that objective."

Page 1 of 8

Dockets.Justia.com

Headley v. McVaigh, WL 1100760, 1 (S.D. Illinois 2007)(Slip Copy); See also, Advisory Committee Notes to 1993 Amendment to Rule 26. Failure to require strict compliance with the Rule would frustrate the purpose of the Rule and permit parties to provide meaningless disclosures that do little to accelerate discovery. As a result, courts have strictly construed the Rule's disclosure requirements. See Evans v. AutoZone Stores Inc., WL 1140404, 2 (W.D. Ark. 2007)(Slip Copy). In Evans, the Court found that the defendants' disclosures pursuant to Rule 26(a)(1)(A) and (a)(1)(B) were deficient for failing to fully comply with the requirements of the Rule. Pursuant to subsection (a)(1)(A) of the Rule, the defendants disclosed the names of nine individuals but failed to provide addresses or telephone numbers for eight of them. Id. at 1. The Court found the disclosures insufficient and ordered the defendants to provide the addresses and telephone numbers of the other eight individuals. Id. With respect to its subsection (a)(1)(B) disclosures, the defendants in Evans provided a list of three documents. Id. at 2. However, the defendants did not provide copies of the documents to the plaintiff or set forth the location of the documents. Id. As a result, the Court found that the defendants failed to comply with the requirements of Rule 26(a)(1)(B) also. In granting the plaintiff's motion to compel, the Court ordered the defendants to provide the plaintiff with either the location of the listed documents or copies of the documents. Id.

Similarly, in Bonneville v. Kitsap County, WL 474373, 1 (W.D. Wash. 2007)(Slip Copy), the plaintiff provided the names of 10 witnesses, including himself, with his initial disclosures but did not list any addresses or telephone numbers. The court stated that the plaintiff must describe as clearly and accurately as possible all information regarding the potential location and contact information of persons with discoverable

information, even information that he that he believes the defendants already possess. Id. at 2.

Like the disclosures at issue in Evans and Bonneville, Merrill Lynch's disclosures are deficient in that they fail to fully comply with each of the requirements of Rule 26(a)(1)(A) and (a)(1)(B).

**A.   Merrill Lynch Failed to Properly Identify Individuals pursuant to Rule 26(a)(1)(A).**

Pursuant to Rule 26(a)(1)(A), Merrill Lynch disclosed the following two categories of individuals: (1) "All witnesses disclosed by Plaintiffs and any defendant" and (2) "Any other third party advisors of Plaintiffs." These disclosures do little to accelerate the exchange of basic information or assist the parties in determining what additional discovery must be conducted. Merrill Lynch must provide actual names, addresses, and telephone numbers of the individuals that may have information to support Merrill Lynch's claims and defenses and the subjects of the information the individuals may have. See Evans, WL 1140404, 2; Bonneville, WL 474373, 2. Pointing to other parties' disclosures is insufficient. Headley v. McVaigh, WL 1100760, 1 (S.D. Illinois 2007)(Slip Copy)("Directing defendants to review other disclosures and divine for themselves the information that should have been turned over is insufficient."). Rule 26(a)(1) is the functional equivalent of court-ordered interrogatories. See Advisory Committee Notes to 1993 Amendment to Rule 26. Clearly, a party is required to conduct a reasonable investigation into the facts of the case before making its initial disclosures pursuant to Rule 26(a)(1) just as if it were responding to interrogatories. Id. ("Before making its disclosures, a party has the obligation … to make a reasonable inquiry into the facts of the case."). A party is not excused from making its disclosures because it has not

completed its investigation of the case. Fed. R.Civ.P 26(a). Further, even if the Plaintiffs already have the names and addresses of their "other third party advisors" Merrill Lynch is not excused from its duty to comply with the requirements of the Rule. See Bonneville, WL 474373, 2.

**B.      Merrill Lynch failed to produce any documents or otherwise provide a sufficient description of such documents pursuant to Rule 26(a)(1)(B)**

Merrill Lynch's document disclosures were limited to the following two categories: (1) "Documents pertaining to the loan transaction entered into between MLPF and Plaintiffs" and (2) "Documents pertaining to Plaintiff's investments through MLPFS." Merrill Lynch added that it "cannot, at this time, disclose the exact location of all documents that fall within this category." These categories do not sufficiently enable Plaintiffs to "make an informed decision concerning which documents might need to be examined" and "frame their document requests in a manner likely to avoid squabbles resulting from the wording of the requests" as required by the Rule. See Invision Medical Insurance Company v. Federal Insurance Company, 2004 WL 396037, at 12 (S.D.N.Y 2004). Rather, Merrill Lynch's disclosures are too broad to satisfy the requirements of 26(a)(1)(B). Further, the Rule requires Merrill Lynch to describe the documents by category *and* location. Merrill Lynch did not include the location of any of the documents. Consequently, Merrill Lynch's disclosures do not comply with the requirements of the Rule 26(a)(1)(B). See Evans v. AutoZone Stores Inc., WL 1140404, 2.

II. **Plaintiffs Attempted In Good Faith to Resolve this Discovery Issue Pursuant to Local Rule 7.1 but Plaintiffs' Efforts Were Ignored by Merrill Lynch**

Local Rule 7.1(A)(3) provides in relevant part:

*Pre-filing Conferences Required of Counsel.* Prior to filing any motion in a civil case ... counsel for the movant shall confer (orally <u>or</u> <u>in</u> <u>writing</u>), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion. Counsel conferring with the movant's counsel shall cooperate and act in good faith in attempting to resolve the dispute. ...

(Emphasis Added). Counsel for Plaintiffs satisfied its obligations under this rule. On or about June 11, 2007, counsel for Plaintiffs, sent a letter to counsel for Merrill Lynch notifying Merrill Lynch of the deficiencies in its Rule 26 disclosures and requesting that Merrill Lynch correct those deficiencies. <u>See</u> letter from Richard Wilkes to Bennett Falk and Coren Stern, dated June 11, 2007, attached hereto as **Exhibit A.** A letter from movant's counsel to opposing counsel outlining the deficiencies in opposing counsel's disclosures and requesting that opposing counsel correct those deficiencies satisfies movant's obligations pursuant to this rule. This is particularly true where opposing counsel completely failed to respond movant's counsel's written request, as in this case.

Further, counsel for Merrill Lynch apparently failed to recognize that the local rule requires not only that movant's counsel make a good faith attempt to resolve the dispute but also requires that opposing counsel attempt in good faith to resolve the dispute. "Counsel conferring with movant's counsel shall cooperate and act in good faith in attempting to resolve the dispute." Counsel for Merrill Lynch did not satisfy its obligations under this rule. Counsel for Merrill Lynch ignored Plaintiffs' counsel's written request that Merrill Lynch correct the deficiencies in its Rule 26 disclosures. Therefore, it was counsel for Merrill Lynch that failed to act in good faith in attempting

to resolve the dispute. It is hard to believe that Merrill Lynch would even raise this issue in light of its total disregard of its obligations under the rule.

Finally, Plaintiffs respond to Merrill Lynch's counsel's specious allegations that Plaintiffs' motion was filed as a "litigation tactic" rather than an attempt to obtain meaningful discovery from Merrill Lynch. The timing of Plaintiffs' motion was based on Local Rule 26.1(H)(1.), which requires that motions related to discovery, including motions to compel discovery, be filed within thirty days of the occurrence of grounds for the motion. Plaintiffs' motion was filed approximately 30 days after the June 11, 2007 letter from Plaintiffs' counsel to Merrill Lynch's counsel regarding Merrill Lynch's deficient Rule 26 disclosures. Consequently, Merrill Lynch's allegations that the timing of the filing of Plaintiffs' motion was designed to interfere with Merrill Lynch's ability to reply to Plaintiffs' response to Merrill Lynch's motion to dismiss are absurd.

s/Richard Benjamin Wilkes
RICHARD BENJAMIN WILKES
Florida Bar No. 267163
**RICHARD BENJAMIN WILKES**
**ATTORNEYS AT LAW**
600 South Magnolia Avenue, Suite 200
Tampa, Florida 33606
Telephone:   (813) 254-6060
Facsimile:    (813) 254-6088
rwilkes@rbwilkes.com
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of August, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Richard Benjamin Wilkes
Richard Benjamin Wilkes

## SERVICE LIST

Katherine W. Ezell, Esq.
KEzell@podhurst.com
Podhurst Orseck, P.A.
25 W. Flagler Street, Suite 800
Miami, FL 33130
**Counsel for Sidley Austin**

Jonathan E. Altman, Esq.
Jonathan.Altman@mto.com
Aaron May, Esq.
Aaron.May@mto.com
Munger, Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
**Counsel for Sidley Austin**

Coren Stern, Esq.
CStern@bressler.com
Bennett Falk, Esq.
BFalk@bressler.com
Bressler, Amery & Ross
2801 S.W. 149th Avenue
Miramar, FL 33027
**Counsel for Merrill Lynch**

Stuart E. Abrams, Esq.
SAbrams@frankelabrams.com
Frankel & Abrams
230 Park Avenue, Suite 3330
New York, NY 10169
**Counsel for Ruble**

Michael G. Austin, Esq.
MAustin@mwe.com
McDermott Will & Emery
201 South Biscayne Boulevard
Suite 2200
Miami, Florida 33131
**Counsel for Arthur Andersen,
   Nissley and Marx**

Douglas E. Whitney, Esq.
DWhitney@mwe.com
Jocelyn Francoeur, Esq.
JFrancoeur@mwe.com
McDermott Will & Emery
227 West Monroe Street
Chicago, IL 60606-5096
**Counsel for Arthur Andersen,
   Nissley and Marx**

Stephen J. Anderson, Esq.
Anderson@andersondailey.com
Anderson Dailey LLP
2002 Summit Boulevard, Suite 1250
Atlanta, GA 30319
**Counsel for Klopfenstein**

Richard A. Morgan, Esq.
Richard.Morgan@bipc.com
Buchanan Ingersoll & Rooney, P.C.
Bank of America Tower
100 S.E. 2nd Street, 34th Floor
Miami, FL 33131
**Counsel for Klopfenstein**

R. J. Ruble
1517 Avalon Square
Glen Cove, NY 11542

R.J. Ruble
65 Duck Pond Road
Glen Cove, NY 11542